UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC BAIN RASELLA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>    v.<br><br>ELON R. MUSK,<br><br>                    Defendant. | Case No. 1:22-cv-03026-ALC |

**OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 3

    A.    Oklahoma Firefighters Should Be Appointed Lead Plaintiff ................................ 3

        1.    Oklahoma Firefighters Has The Largest Financial Interest ....................... 3

        2.    Oklahoma Firefighters Satisfies The Requirements Of Rule 23 ................ 4

    B.    The Competing Motions Should Be Denied ......................................................... 6

CONCLUSION ......................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**CASES**                                                             **PAGE(S)**

*Basile v. Valeant Pharms. Int'l, Inc.*,
  2015 WL 13652714 (C.D. Cal. May 5, 2015) ...................................................................1, 4

*Clark v. Barrick Gold Corp.*,
  2013 WL 5300698 (S.D.N.Y. Sept. 20, 2013)......................................................................3

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................3

*Faig v. BioScrip, Inc.*,
  2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ......................................................................5

*Faris v. Longtop Fin. Techs. Ltd.*,
  2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .........................................................................6

*Glauser v. EVCI Career Colls. Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ..........................................................................................2

*Levie v. Sears, Roebuck & Co.*,
  496 F. Supp. 2d 944 (N.D. Ill. 2007) ....................................................................................3

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
  68 F. Supp. 3d 390 (S.D.N.Y. Nov. 20, 2014)......................................................................5

*San Antonio Fire & Police Pension Fund v. Dole Food Co.*,
  177 F. Supp. 3d 838 (D. Del. 2016)......................................................................................4

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003) ..........................................................................................3

*White Pine Invs. v. CVR Refining, LP*,
  2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) .............................................................................4

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..............................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .............................................................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..........................................................................................5

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995).......................5

## **PRELIMINARY STATEMENT**

Oklahoma Firefighters is the presumptive Lead Plaintiff in this litigation by virtue of its sale of 14,367 shares of Twitter stock during the Class Period, which gives it a larger financial interest in this litigation than any other movant.[1]  The gravamen of Defendant Musk's fraud was his failure to timely disclose that he had acquired a more than 5% ownership stake in the Company. Investors, like Oklahoma Firefighters, that sold Twitter securities during the Class Period at artificially depressed prices incurred damages as a result of Defendant Musk's concealment of his position in Twitter.  Accordingly, the "financial interest" in this litigation must be measured by the number of shares the movants sold during the Class Period.  *See, e.g.*, *Basile v. Valeant Pharms. Int'l, Inc.*, 2015 WL 13652714, at *1 (C.D. Cal. May 5, 2015) (measuring financial interest based on number of shares sold in a securities class action on behalf of sellers).  Oklahoma Firefighters' substantial sales during the Class Period overwhelmingly qualifies it as the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As demonstrated by the following chart, no other movant seeking appointment as Lead Plaintiff in this case has a financial interest that even approaches that of Oklahoma Firefighters:

| Movant | Twitter Securities Sold |
|---|---|
| Oklahoma Firefighters | 14,367 shares |
| Partha Pratim Palit | 2,500 shares / 200 options |
| Amalgamated Bank | 1,351 shares |

Oklahoma Firefighters sold ***over three and a half times*** the number of Twitter securities sold by the other Lead Plaintiff movants ***combined***.  In recognition that Oklahoma Firefighters has the largest financial interest of any movant and is otherwise adequate to represent the Class, movant

---

[1] All capitalized terms are defined in Oklahoma Firefighters' moving brief, unless otherwise indicated. *See* ECF No. 9. All citations and internal quotations are omitted and all emphasis is added, unless noted.

Partha Pratim Palit filed a notice of non-opposition to Oklahoma Firefighters' motion. *See* ECF No. 16. As such, Oklahoma Firefighters has the "largest financial interest" of any movant. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Oklahoma Firefighters is the presumptive Lead Plaintiff in this case because it also satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all Class members. *See* ECF No. 9 at 6-8. Further, Oklahoma Firefighters fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff to guarantee the vigorous prosecution of this action. *See id.* at 7-8. In fact, Oklahoma Firefighters has extensive experience serving as a lead plaintiff in complex securities class actions, including in this District, and has achieved substantial recoveries for investors. *See id.*

Because Oklahoma Firefighters has the largest financial interest and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the most adequate plaintiff. Under the PSLRA, that presumption can only be rebutted "***upon proof***" that Oklahoma Firefighters is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no grounds to challenge Oklahoma Firefighters' typicality or adequacy. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] *might* be subject to a later attack by Defendants") (emphasis in original).

The competing movants clearly lack the largest financial interest in this case and, as a result, their motions should be denied. Accordingly, Oklahoma Firefighters should be appointed Lead Plaintiff and its motion should otherwise be granted.

**ARGUMENT**

A.   **Oklahoma Firefighters Should Be Appointed Lead Plaintiff**

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must only make a "preliminary" showing that it satisfies the typicality and adequacy requirements of Rule 23. *Clark v. Barrick Gold Corp.*, 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) ("In an action under the PSLRA, a moving lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23."). "In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (alteration in original).

Once this presumption is triggered, it can only be rebutted upon ***"exacting proof"*** that the presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another movant might somehow better protect the interests of the Class is irrelevant. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 39-40 (S.D.N.Y. 2012).

1.   **Oklahoma Firefighters Has The Largest Financial Interest**

Oklahoma Firefighters has the largest financial interest in the relief sought by the Class. In a "sellers" case like this one, investors are harmed because they sell their shares at prices that are artificially lower than the price they should have received. *See Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 948 (N.D. Ill. 2007) (in a sellers case, "any investor who sold (during the class period) before the fraud was revealed incurred injuries because that investor sold at a price that was artificially lower than the investor should have received"). Accordingly, the "financial

3

interest" in this litigation must be measured by the number of securities the movants sold during the Class Period. *See White Pine Invs. v. CVR Refining, LP*, 2021 WL 38155, at *3 (S.D.N.Y. Jan. 5, 2021) ("When determining which class member has the 'largest financial interest' in a securities fraud 'seller class' of investors who sold shares at artificially deflated prices, courts generally use as a metric the total number of shares the class member sold during the Class Period."); *see also San Antonio Fire & Police Pension Fund v. Dole Food Co.*, 177 F. Supp. 3d 838, 840 (D. Del. 2016) (appointing movant that sold "more shares than any other proposed lead plaintiff"); *Basile*, 2015 WL 13652714, at *1 (measuring financial interest based on number of shares sold in a securities class action on behalf of sellers).

As demonstrated in the chart above, Oklahoma Firefighters sold 14,367 Twitter shares during the Class Period, or over three and a half times the combined number of Twitter securities sold by the other Lead Plaintiff movants. As such, there can be no credible dispute that Oklahoma Firefighters has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

    **2.**    **Oklahoma Firefighters Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, Oklahoma Firefighters also satisfies the typicality and adequacy requirements of Rule 23. To overcome the strong presumption entitling Oklahoma Firefighters to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists.

As demonstrated in its opening brief, Oklahoma Firefighters is a typical Class representative. *See* ECF No. 9 at 6. Like all other Class members, Oklahoma Firefighters sold Twitter securities during the Class Period and seeks to recover for the harm it incurred as a result

of Defendant Musk's failure to timely disclose to Twitter investors that he had acquired a more than 5% ownership stake in the Company. *See Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. Nov. 20, 2014) (finding typicality satisfied when a movant's "claims are based on the same legal theory . . . and arise from the same events and course of conduct . . . as the Class's claims").

Oklahoma Firefighters also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also* ECF No. 9 at 7-8. There is no conflict between Oklahoma Firefighters' interests and those of the other Class members. To the contrary, the interests of Oklahoma Firefighters and other Class members are directly aligned because they all suffered damages from their Class Period sales of Twitter securities. There are no facts suggesting any actual or potential conflict of interest or other antagonism between Oklahoma Firefighters and other Class members. Further, Oklahoma Firefighters clearly has a sufficient financial interest in this case to ensure the vigorous prosecution of this litigation and has selected qualified counsel to prosecute the matter. *See Faig v. BioScrip, Inc.*, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (adequacy requirement satisfied when movant had no conflicts with other class members, incurred significant losses, and retained competent counsel).

Indeed, Oklahoma Firefighters, which manages more than $3.8 billion in assets, is precisely the type of sophisticated institutional investor that Congress sought to place in charge of securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation"); *Reitan*, 68 F. Supp. 3d at 396 ("many courts have demonstrated a clear preference

for institutional investors to be appointed as lead plaintiffs"). Further, Oklahoma Firefighters has extensive experience successfully serving as a lead plaintiff or class representative in securities class actions brought under the PSLRA and is well aware of the Lead Plaintiff's obligations to oversee and supervise this litigation separate and apart from counsel. *See* ECF No. 9 at 7-8.

Oklahoma Firefighters has also demonstrated its adequacy by selecting Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class. *See id.* at 9-11. Indeed, Bernstein Litowitz is among the few law firms with experience successfully prosecuting claims for securities fraud under Section 10(b) of the Exchange Act on behalf of investors who were harmed by selling (rather than purchasing) shares of a company's stock at prices that were artificially depressed (rather than inflated) by violations of the federal securities laws. *See San Antonio Fire & Police Pension Fund v. Dole Food Co.*, No. 15-cv-1140 (D. Del.) (recovering $74 million on behalf of class of investors that sold Dole stock).

Accordingly, because Oklahoma Firefighters has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23's requirements, the Court should appoint it as Lead Plaintiff and approve its selection of Bernstein Litowitz as Lead Counsel.

**B.    The Competing Motions Should Be Denied**

Because Oklahoma Firefighters has met all of the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

## CONCLUSION

For the reasons stated above and in its opening motion, Oklahoma Firefighters respectfully requests that the Court enter an Order: (i) appointing it as Lead Plaintiff; (ii) approving its selection of Bernstein Litowitz to serve as Lead Counsel for the Class; and (iii) granting any further relief as the Court may deem just and proper.

Dated: June 27, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson
Katherine M. Sinderson
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
avi@blbglaw.com
katiem@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*