UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>ELON R. MUSK and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>Defendants. | No. 1:22-cv-03026-ALC-GWG |

## SCHEDULING ORDER

Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff") and Defendants Elon R. Musk and Elon Musk Revocable Trust Dated July 22, 2003 (collectively, "Musk" or "Defendants" and together with Lead Plaintiff, the "Parties") respectfully submit this joint status report and proposed scheduling order pursuant to Federal Rule of Civil Procedure 26(f) and the Court's October 11, 2023 Order (ECF No. 52). The Parties met and conferred telephonically on October 13, 2023 and by email several times to formulate and jointly submit this status report and proposed scheduling order for the Court's consideration.

A.  **APPEARANCES**

Lead Plaintiff Oklahoma Firefighters Pension and Retirement System is represented by Katherine Sinderson, Jeremy Robinson, Jonathan D'Errico, and Jasmine Cooper-Little of the law firm Bernstein Litowitz Berger & Grossmann LLP located at 1251 Avenue of the Americas, 44th Floor, New York, New York, 10020.

Defendants Elon R. Musk and Elon Musk Revocable Trust Dated July 22, 2003 are represented by Alex Spiro and Jacob J. Waldman of the law firm Quinn Emanuel Urquhart & Sullivan, LLP located at 51 Madison Avenue, 22nd Floor, New York, NY 10010.

B. **STATEMENT OF THE ISSUES**

Lead Plaintiff, individually and on behalf of a class of investors who sold the securities of Twitter, Inc. ("Twitter" or the "Company") between March 25, 2022 and April 4, 2022, inclusive (the "Class Period"), asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"). Lead Plaintiff alleges that Defendant Musk knowingly or recklessly concealed his greater-than-5% ownership stake in Twitter and intentions for the Company in violation of his legal obligations under the federal securities laws. Lead Plaintiff further alleges that Musk's legal violations caused Class members to suffer significant damages while allowing Musk to purchase hundreds of millions of dollars in Twitter stock at artificially depressed prices.

Defendants intend to assert various defenses against Plaintiff's allegations, including but not limited to that (a) any breaches of Section 13(d) were not committed knowingly or recklessly, and therefore Plaintiff will be unable to prove scienter; (b) the use of Form 13G on April 4, 2022 was not improper and any alleged omission concerning intent would have been immaterial; (c) Defendant Musk exercised reasonable care and acted in good faith, and therefore cannot be liable under Section 20(a); (d) that Defendants cannot be liable if other parties are responsible for any alleged misleading statements or omissions; (e) that the alleged damages are speculative because they depend upon proving that class members would have sold their stock at indeterminate points in March and/or April 2022, which precludes proving loss causation; (f) for similar reasons, Plaintiff's materiality allegations are speculative; and (g) this action cannot be maintained as a

class action, because, among other things, damages depend upon individual determinations of reliance.

### C. PROPOSED CASE SCHEDULE AND PLAN

#### a. Joint Proposed Schedule

| Event | Deadline |
|---|---|
| First Day on Which Parties May Serve Initial Document Requests and Initial Interrogatories | October 20, 2023 |
| Parties to Serve Initial Disclosures | November 1, 2023 |
| Defendants to Answer the Complaint | November 7, 2023 |
| Substantial Completion of Document Production | April 9, 2024 |
| Date By Which to Hold Initial Mediation | April 16, 2024 |
| Amendment of Pleadings and Joinder of Parties | April 30, 2024 |
| Letter to Judge Carter seeking permission to file a motion for class certification | June 7, 2024 |
| | |
| | |
| | . |
| Fact Discovery Closes | October 4, 2024 |
| Opening Expert Reports | November 1, 2024 |
| Opposing Expert Reports | December 2, 2024 |
| Expert Discovery Closes | December 20, 2024 |
| Letter to Judge Carter seeking permission to file a motion for summary judgment | December 20, 2024 |

| Event | Deadline |
|---|---|
|  |  |
|  |  |
| Joint Pre-Trial Order as set forth in section 4.A of Judge Carter's Individual Practices | 30 days after the date for completion of discovery, or, if a dispositive motion has been filed, within 30 days of the Court's decision. |
| Pre-trial filings required by section 4.B of Judge Carter's Individual Practices | 21 Days Before Trial |
|  |  |
|  | . |

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

    **b.**    **Depositions**

Non-expert depositions shall be completed by October 4, 2024.  The parties have not yet exchanged initial disclosures and have not produced any discovery given that, until the Court's

recent motion to dismiss opinion, discovery was stayed automatically pursuant to the Private Securities Litigation Reform Act (PSLRA). At this early, pre-discovery stage, Plaintiff contemplates depositions of at least each Defendant and Musk's business manager Jared Birchall, among others including multiple third parties. Without the benefit of any discovery, Plaintiff is not in a position to disclose a complete list of non-expert witnesses to be deposed in this action.

At this stage, Defendants contemplate depositions of one or more corporate representatives of Plaintiff, Plaintiff personnel responsible for, or possessing knowledge of, Plaintiff's investments in Twitter securities and information concerning Twitter and Musk during the relevant time period, as well as non-parties that Defendants have yet to determine.

  c. **Expert Witnesses**

At this early pre-discovery stage, Plaintiff expects to put forward expert evidence in connection with its motion for class certification, including to opine on issues of *inter alia* market efficiency, reliance, and damages methodology. Plaintiff also anticipates putting forward expert evidence on the merits, including to opine on damages. Plaintiff shall disclose the identities and opinions of experts in accordance with the schedule agreed by the Parties and/or entered by the Court. At this early juncture, Plaintiff is not in a position to anticipate the extent to which any additional witnesses, reports, or depositions may be further required.

Defendants likewise will disclose the identities and subject matter of any expert witnesses in connection with Plaintiff's anticipated motion to certify a class, or in connection with the expert discovery period, pursuant to the schedule ultimately entered by the Court. Defendants anticipate at this time offering expert witnesses to rebut testimony offered by Plaintiff, including on issues of market efficiency, reliance, and damages.

      **d.**      **Pretrial Motions and Orders**

The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions. In accordance with Judge Carter's Individual Rules, the Parties will submit a joint pre-trial order within 30 days after the date for completion of discovery, or, if a dispositive motion has been filed, within 30 days of the Court's decision.

      **e.**      **Electronically Stored Information**

The Parties shall discuss electronically stored information ("ESI"), including the preservation and confidentiality of such information, as well as the form in which such information will be produced in this case. Within the next two weeks, the Parties plan to negotiate and propose a Confidentiality Order to the Court as well to protect certain confidential information from disclosure. The Parties are not aware of any discovery disputes at this time.

      **f.**      **Settlement**

The Parties plan to engage a private mediator and to conduct an initial mediation by April 16, 2024.

      **g.**      **Trial**

Plaintiff anticipates a one-week trial and the Complaint sustained, in part, by the Court includes a jury demand. Defendants do not, at this time, disagree with Plaintiff's anticipated timeframe, but reserve the right to seek a trial of appropriate length under the circumstances prevailing at the time if the action proceeds to trial.

The Parties are not aware of any other issues affecting the status or management of the case at this time. We appreciate the Court's consideration of this submission. The Parties are available to discuss at the Court's convenience.

,

SO ORDERED.
Dated: October 19, 2023

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge