# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>                  Plaintiff,<br><br>                  v.<br><br>ELON R. MUSK and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>                  Defendants. | No. 1:22-cv-03026-ALC-GWG<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

WHEREAS this matter has come before the Court, by stipulation of the parties, for the entry of a protective order limiting the review, copying, dissemination and filing of confidential documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") shall govern the handling of documents, electronically stored information, testimony and all other information produced by or between the parties to the above-captioned action ("Action") or by third parties in connection with the Action (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2. As used herein:

    (a) "Confidential Information" means the material that is furnished by a Producing Party in conjunction with this Action, which is not public, the Producing Party in good faith believes to constitute a trade secret or other confidential research, development, commercial, or private financial information, the disclosure of which the Producing Party reasonably believes would cause them commercial or personal harm, and is designated as Confidential pursuant to this Order. "Producing Party" shall mean the parties to this Action and any third-parties producing "Confidential

        Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege.

    (b)    "Highly Confidential Information" means material that the Producing Party in good faith believes contains non-public and confidential personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order and that is substantially likely to harm the personal, commercial, financial, strategic or business interests of such Producing Party if disclosed to the other parties in this Litigation, or that disclosure of the Discovery Material other than as permitted pursuant to paragraph 6 of this Protective Order is substantially likely to cause injury to the Producing Party.

    (c)    "Receiving Party" shall mean the party to this Action and/or any non-party receiving "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production, or otherwise.

3.    Except as otherwise provided in this Order, Discovery Material that qualifies for protection under this Order must be clearly designated as Confidential Information or Highly Confidential Information before it is disclosed or produced. Designation as Confidential Information or Highly Confidential Information requires the following:

    (a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), including image files and extracted text produced with electronically stored information, the Producing Party must affix the Legend (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Confidential Information.

          In the case of Discovery Material that is produced in native form, the Producing Party shall designate the Discovery Material as Confidential Information by (i) placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on a TIFF placeholder image bearing the production number of the document, (ii) including the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name, or (iii) including the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a metadata field of a database load file.

(b)     For testimony given in deposition, all such testimony shall initially be treated as Confidential Information for a period of fifteen (15) days after receipt of the final transcript. Designation of such testimony or exhibits as Confidential Information must be made either: (i) by statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice to counsel for the deponent and counsel of record in this Action within fifteen (15) days after receipt of the final transcript. Only those portions of the testimony that are designated as Confidential Information by one of the means set forth in the preceding sentence shall remain covered by the provisions of this Order. Confidential Information that is marked as an exhibit during a deposition shall be treated as Confidential Information at all times.

(c)     Parties may also designate testimony as Highly Confidential Information through the same procedure as in the foregoing Paragraph (b).

(d)     For testimony given in other pretrial or trial proceedings before the Court,

the Party or non-party desiring to protect any material that is Confidential shall be responsible for seeking sealing of such information in accordance with the Court's procedures.

(e) For information produced in some form other than documentary evidence, the Producing Party must affix the Legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored. If only portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the Legend, and shall otherwise notify the Receiving Party in writing of the portions of the item warranting protection.

4. All Confidential Information or Highly Confidential Information shall be used solely for the purpose of this Action. No person receiving such Confidential Information or Highly Confidential Information may use, transfer, disclose, or communicate in any way the Confidential Information or Highly Confidential Information to any person not subject to this Order, as described in paragraphs 5 and 6. Any other use or disclosure is prohibited. The receipt of Confidential Information or Highly Confidential Information by persons or entities as defined in paragraph 5(e) and 6(d) below shall not prevent such person or entity from serving as an expert or consultant in connection with the Action.

5. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information designated as CONFIDENTIAL only to:

(a) employees of the parties in this Action to whom it is reasonably necessary to disclose the information for this litigation;

4

(b) counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

(c) copying, imaging, computer services and/or litigation support services to whom disclosure is reasonably necessary;

(d) any agreed-upon or ordered mediator and that mediator's personnel, provided, however, that such mediator and mediator personnel first review this Protective Order and execute Exhibit A before such Confidential Information is furnished, shown or disclosed;

(e) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such witnesses or consultants first review this Protective Order and execute Exhibit A before such Confidential Information is furnished, shown or disclosed;

(f) the Court, court personnel, and the jury, provided that the Confidential Information is filed in accordance with paragraph 9 herein.

(g) any individual expressly identified in the particular Confidential Information as having authored, received, or previously had access to the Confidential Information;

(h) any officer before whom a deposition is taken, including stenographic

    reporters and videographers and any necessary secretarial, clerical or other personnel of such officer;

  (i) witnesses, noticed or subpoenaed deponents, and their counsel during the course of or, to the extent necessary, in the preparation for depositions or testimony. Confidential Information designated "CONFIDENTIAL" may not be disclosed to any witness or deponent unless such witness or deponent first signs an Exhibit A certification form or, if such witness or deponent refuses to sign a certification form, unless the witness or deponent is provided with a copy of this Protective Order and that receipt is recorded on the record; or

  (j) any other person agreed to by the parties.

6. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information designated as HIGHLY CONFIDENTIAL only to the individuals identified below and only to the extent reasonably necessary to prosecute or defend this Action.

  (a) in-house counsel for each party. In the event that a party does not have in-house counsel, Highly Confidential Discovery Material may be disclosed, summarized, or otherwise made available to a designated representative of the party ("Designated Representative"). Prior to Highly Confidential Discovery Material being disclosed, summarized, or otherwise made available to a Designated Representative, the Disclosing Party shall be notified of the identity of the Designated Representative;

  (b) counsel for the parties to this Action and their associated attorneys,

6

|      |      |
|------|------|
|      | paralegals and other professional personnel (including support staff) who are assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel; |
| (c)  | any agreed-upon or ordered mediator and that mediator's personnel, provided, however, that such mediator and mediator personnel first review this Protective Order and execute Exhibit A before such Highly Confidential Information is furnished, shown or disclosed; |
| (d)  | expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such witnesses or consultants first review this Protective Order and execute Exhibit A before such Highly Confidential Information is furnished, shown or disclosed; |
| (e)  | the Court, court personnel, and the jury, provided that the Confidential Information is filed in accordance with paragraph 9 herein. |
| (f)  | any individual expressly identified in the particular Confidential Information as having authored, received, or previously had access to the Confidential Information; |
| (g)  | any officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer; |
| (h)  | witnesses, noticed or subpoenaed deponents, and their counsel during the |

7

course of or, to the extent necessary, in the preparation for depositions or testimony. Confidential Information designated "HIGHLY CONFIDENTIAL" may not be disclosed to any witness or deponent unless such witness or deponent first signs an Exhibit A certification form or, if such witness or deponent refuses to sign a certification form, unless the witness or deponent is provided with a copy of this Protective Order and that receipt is recorded on the record; or

(i) any other person agreed to by the parties.

7. Any document or information that may contain Confidential Information or Highly Confidential Information that has been inadvertently produced without identification as to its confidential nature shall be designated by the Producing Party by written notice to counsel for the Receiving Parties identifying the document or information as "Confidential" or "Highly Confidential" within 5 days following discovery that the document or information has been produced without such designation. Any party receiving such improperly designated documents shall use its best efforts to retrieve all copies of such documents.

8. With respect to objections to designations of documents and information as "Confidential," or "Highly Confidential," a party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any dispute arises concerning this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved and to preserve any claim of privilege, within 10 days, the Producing Party may seek appropriate relief from the Court on an expedited schedule to be established by the Court. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the

8

information that is the subject of the motion in accordance with the Producing Party's designation. A party may use Confidential Information or Highly Confidential Information in connection with any challenge, including by describing it generally and in a manner that does not disclose the Confidential Information or Highly Confidential Information. The Producing Party shall at all times carry the initial burden of establishing that the contested information merits designation as Confidential Information or Highly Confidential Information.

9. A Receiving Party who seeks to file with the Court any document that contains information previously designated as comprising or containing Confidential Information or Highly Confidential Information shall follow the procedures of this Court for filing documents conditionally under seal. The party who designated the documents as Confidential Information or Highly Confidential Information will have the obligation to file a motion to permanently seal the documents pursuant to applicable rules.

10. In the event that the Receiving Party is requested or required by law to disclose any Confidential Information in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement—but in no event no more than 5 business days' notice from the time of receipt—to enable the Producing Party to seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy.

11. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

12. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of

Evidence 502, in the event a Producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party that privileged information has been disclosed, the Receiving Party (i) must promptly return, destroy, or sequester the specified information and any copies thereof, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

13. Within sixty (60) days after entry of an order, judgment or decree finally disposing of this Action, all Confidential Information produced or designated and all reproductions thereof shall be destroyed. Upon the request of another party in this Action, a party shall certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain in a secure manner all pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential Information.

14. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of Confidential Information or Highly Confidential Information as inappropriate under applicable law.

15. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

16. When serving any subpoena in this Action on a non-party to the Action, a copy of this Protective Order shall be included with the subpoena.

17. This Protective Order shall be binding upon any future party to the Action.

18. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated: October 31, 2023

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Katherine M. Sinderson
Salvatore J. Graziano
Katherine M. Sinderson
Jeremy P. Robinson
Jonathan G. D'Errico
Jasmine P. Cooper-Little
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
katie@blbglaw.com
jeremy@blbglaw.com
jonathan.derrico@blbglaw.com
jasmine.cooper-little@blbglaw.com

*Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and the Class*

Respectfully Submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

/s/ Alex Spiro
Alex Spiro
Jacob Waldman
51 Madison Avenue, 22nd Fl.
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
jacobwaldman@quinnemanuel.com

*Counsel for Defendants Elon R. Musk and the Elon Musk Revocable Trust dated July 22, 2003*

All electronic signatures ("/s/") are signed with consent of counsel pursuant to Rule 8.5 of this Court's Electronic Case Filing Rules and Instructions updated as of July 24, 2023.

Dated:   November 1, 2023

SO ORDERED:

_____
Gabriel W. Gorenstein
United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>ELON R. MUSK and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>Defendants. | No. 1:22-cv-03026-ALC-GWG<br><br><br>**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION** |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "**Protective Order**") entered in the above entitled Action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Executed on _____     _____
                    (Date)                                       (Signature)