**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OKLAHOMA FIREFIGHTERS PENSION
AND RETIREMENT SYSTEM,

              Plaintiff,

              v.

ELON R. MUSK and ELON MUSK
REVOCABLE TRUST DATED JULY 22,
2003,

              Defendants.

No. 1:22-cv-03026-ALC-GWG

---

**ANSWER TO COMPLAINT ON BEHALF OF ELON R. MUSK AND**
**ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003**

Defendants Elon R. Musk and Elon Musk Revocable Trust Dated July 22, 2003 ("Defendants"), respectfully submit the following Answer to the Complaint filed by Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff"). Defendants deny all allegations unless expressly stated otherwise.

Defendants deny the allegations in the introduction to Plaintiff's complaint, except admit that Plaintiff purports to bring a securities class action.

## I.   INTRODUCTION[1]

1.     Defendants deny the allegations in Paragraph 1.

2.     Defendants deny the allegations in Paragraph 2, except respectfully refer the Court to information concerning historical prices of Twitter stock for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

3.     Defendants admit the allegations in the first two sentences of Paragraph 3. Defendants deny the allegations in the third sentence of Paragraph 3. Defendants deny the allegations in the fourth sentence of Paragraph 3, except respectfully refer the Court to public materials containing the referenced statements for their true and correct content, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

4.     The first sentence of Paragraph 4 contains legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 4.

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 as to what is important to every investor. Defendants respectfully refer the Court to the source of the unattributed quotation in the second

---

[1] For ease of reference, the section headings are copied from the Complaint. They require no response. To the extent a response is required, they are denied.

sentence of Paragraph 5 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

6.      Defendants deny the allegations in the first sentence of Paragraph 6.  Defendants respectfully refer the Court to the testimony referenced in the second and third sentences of Paragraph 6 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.  Defendants deny the allegations in the fourth sentence of Paragraph 6.

7.      Defendants deny the allegations in the first sentence of Paragraph 7.  Defendants admit the allegations in the second sentence of Paragraph 7, except deny the allegations to the extent they imply improper intent to conceal such purchase.  As to the allegations in the third sentence of Paragraph 7, Defendants admit that shares continued to be purchased during this time and deny Plaintiff's characterization.  Defendants admit the allegation in the fourth sentence of Paragraph 7 that 5% or more of Twitter's outstanding shares were acquired by March 14, 2022, and note that the remainder of that sentence contains legal conclusions to which no response is required.  Defendants deny the allegations in the fifth sentence of Paragraph 7.

8.      The first sentence of Paragraph 8 contains legal conclusions to which no response is required.  Defendants deny the allegations in the second sentence of Paragraph 8.  Defendants deny the allegations in the third sentence of Paragraph 8, except deny knowledge or information sufficient to form a belief as to the actions or knowledge of other Twitter investors.  Defendants deny the allegations in the fourth sentence of Paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any alleged discount.

9.      Defendants deny the allegations in Paragraph 9, except respectfully refer the Court to the referenced Tweets and accompanying statistics for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

10.     Defendants deny the allegations in Paragraph 10, except respectfully refer the Court to the document referenced in the third sentence of Paragraph 10 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents, and note that the last clause of the fourth sentence contains legal conclusions to which no response is required.

11.     Defendants deny the allegations in the first and third sentences of Paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that the absence of information in the market prevented Twitter's stock price from rising. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 11, including because Plaintiff provides no source or basis for its calculation.

12.     Defendants admit the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants deny the allegations in the first two sentences of Paragraph 14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 14 concerning why the SEC took particular actions, and respectfully refer the Court to the referenced letter for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

15.     Defendants respectfully refer the Court to the 8-K referenced in the first sentence of Paragraph 15 for its true and correct contents, and deny the allegation to the extent Plaintiff has

misreported those contents or taken them out of context.  Defendants deny the allegations in the second sentence of Paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 16 as to the reasons for the movement in the stock price of Twitter, and respectfully refer the Court to the referenced stock price information for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.  Defendants deny the allegations in the third sentence of Paragraph 16.

17.     Paragraph 17 characterizes Plaintiff's action and therefore does not require a response; to the extent a response is required, Defendants deny the allegations.

## II.     JURISDICTION AND VENUE

18.     Paragraph 18 contains legal conclusions to which no response is required.

19.     The first sentence of Paragraph 19 contains legal conclusions to which no response is required.  Defendants deny the allegations in the second sentence of Paragraph 19.

20.     The first sentence of Paragraph 20 contains legal conclusions to which no response is required.  Defendants deny the allegations in the second sentence of Paragraph 20.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 20 where Plaintiff fails to define or identify any "business" to which the allegation refers.

21.     Defendants deny the allegations in Paragraph 21.

## III.    PARTIES

### A.     Lead Plaintiff

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

### B.      Defendant Musk

23.      Defendants admit the allegations in Paragraph 23, except respectfully refer the Court to public information concerning the market capitalization of Tesla for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

24.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24 because Defendants are unaware of the basis for Plaintiff's calculation.  Defendants deny the allegations in the second and third sentences of Paragraph 24.

25.      The first sentence of Paragraph 25 merely characterizes Plaintiff's claims and therefore requires no response; to the extent a response is required, Defendants deny the allegations.  Defendants respectfully refer the Court to the referenced Schedule 13D for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.  As to the allegations in the third sentence of Paragraph 25, Defendants admit that Mr. Musk is the "sole trustee" of the Trust; the remainder of the sentence contains legal conclusions to which no response is required.

### C.      Relevant Nonparty Twitter

26.      Defendants admit the allegations in Paragraph 26, except deny the allegations to the extent they purport to be a complete description of Twitter and its operations.

## IV.      RELEVANT BACKGROUND

### A.      Musk's Contempt For The SEC And The United States Securities Laws

27.      Defendants deny the allegations in Paragraph 27, except respectfully refer the Court to the interview referenced in the second sentence of Paragraph 27 for its true and correct contents,

and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

28.     Defendants deny the allegations in Paragraph 28, and further state that a jury found Mr. Musk was not liable under the securities laws in connection with the events described in Paragraph 28.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 as to the reasons for the movement in Tesla shares. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 29 as to whether NASDAQ had to halt trading of Tesla stock. Defendants deny the allegations in the third and fourth sentences of Paragraph 29, except respectfully refer the Court to the referenced article for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context. Defendants deny the allegations in the fifth sentence of Paragraph 29, and further state that a jury found Mr. Musk was not liable under the securities laws in connection with the events described in Paragraph 29.

30.     As to the allegations in the first sentence of Paragraph 30, Defendants admit that the SEC commenced an investigation in connection with the referenced Tweet. Defendants respectfully refer the Court to the article and SEC materials referenced in the second and third sentences of Paragraph 30 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context, and further state that a jury found Mr. Musk not liable under the securities laws in a class action arising from the events described in Paragraph 30.

31.     Defendants admit the allegations in the first sentence of Paragraph 31. Defendants respectfully refer the Court to the settlement terms referenced in the second sentence of Paragraph 31 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

32.     Defendants respectfully refer the Court to the referenced materials in Paragraph 32 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context. Defendants further note that the last sentence of Paragraph 32 contains legal conclusions to which no response is required.

33.     Defendants deny the allegations in the first sentence of Paragraph 33. Defendants respectfully refer the Court to the referenced Court filings in the remaining sentences of Paragraph 33 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

34.     Defendants deny the allegations in Paragraph 34, except respectfully refer the Court to the materials referenced in Paragraph 34 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents and taken them out of context.

35.     Defendants deny the allegations in Paragraph 35, except respectfully refer the Court to testimony referenced in the second and third sentences of Paragraph 35 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

36.     Defendants deny the allegations in Paragraph 36, except respectfully refer the Court to the referenced Wall Street Journal article and referenced Tweets, deny knowledge or information sufficient to form a belief as to the reasons for the referenced movements in Tesla

7

stock prices, and admit the SEC began an investigation concerning the sales of stock referenced in the third bullet point.

37.     Defendants deny the allegations in the first sentence of Paragraph 37.  Defendants respectfully refer the Court to the sources for the quotations referenced in Paragraph 37, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

38.     Defendants respectfully refer the Court to the Tweets referenced in Paragraph 38 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

39.     Defendants deny the allegations in the first sentence of Paragraph 39.  Defendants respectfully refer the Court to the course description referenced in the second sentence of Paragraph 39 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

**B.      SEC Rule 13 Disclosures Are Critically Important To Investors**

40.     Defendants deny the allegations in the first sentence of Paragraph 40.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 40.

**1.      Rule 13 Was Enacted To Ensure Full Disclosure Of Substantial Ownership Interests And Flag Potential Takeovers For Investors**

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Defendants respectfully refer the Court to the House Report and source of the quotation referenced in Paragraph 42 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

43. Defendants respectfully refer the Court to the materials containing the referenced SEC statements in Paragraph 43 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

44. Defendants respectfully refer the Court to the opinions cited in Paragraph 44 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

45. Defendants respectfully refer the Court to the SEC materials referenced in Paragraph 45 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

46. Defendants respectfully refer the Court to the press release referenced in Paragraph 46 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

## 2. Investors Pay Close Attention To Schedule 13 Filings As They Typically Result In Stock Price Increases For Target Companies

47. Defendants deny the allegations in the first sentence of Paragraph 47. Defendants respectfully refer the Court to the article and source of the quotation referenced in the second and third sentences of Paragraph 47 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, except respectfully refer the Court to the SEC materials referenced in Paragraph 48 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

9

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

### 3.     Relevant Distinctions Between Schedule 13D And 13G Forms

51.     Defendants respectfully refer the Court to the Schedules and rules/instructions referenced in Paragraph 51, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

52.     Defendants deny knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 52.

53.     Defendants respectfully refer the Court to the Schedules and rules/instructions referenced in Paragraph 53, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.  Defendants deny knowledge or information sufficient to form a belief as to how the market interprets the filing of a Schedule 13G under all circumstances. Defendants respectfully refer the Court to the quoted regulation referenced in the third sentence of Paragraph 53 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

54.     Defendants respectfully refer the Court to the SEC document referenced in Paragraph 54 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

### C.     Musk's Specific Knowledge Of Rule 13 And History Of Filing Schedule 13 Forms

55.     Defendants deny the allegations in Paragraph 55, except respectfully refer the Court to the referenced testimony for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

56.     Defendants admit the allegations in the first sentence of Paragraph 56.  Defendants respectfully refer the Court to the proceedings referenced in the second and third sentences of Paragraph 56 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context, except note that a jury found Mr. Musk not liable under the securities laws in *In re Tesla, Inc. Securities Litigation*.

57.     Defendants respectfully refer the Court to the deposition and summary judgment opinion referenced in Paragraph 57 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

58.     Defendants respectfully refer the Court to the testimony referenced in Paragraph 58 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

## V.     DEFENDANT MUSK'S SCHEME TO DECEIVE INVESTORS WHO SOLD TWITTER SECURITIES DURING THE CLASS PERIOD

### A.     Musk Starts Acquiring Twitter Stock

62.     Defendants admit the allegations in Paragraph 62, except deny the allegations to the extent they imply improper intent to conceal such purchases.

63.     Defendants admit the allegations in Paragraph 63.

**B.** <u>**March 14, 2022**</u>**: Musk Crosses The 5% Threshold, Which Triggered His Obligation To Disclose His Twitter Stake Within 10 Days**

64. Defendants admit the allegations in Paragraph 64, except deny that Twitter reported its shares outstanding as of February 10, 2022 on a Form 10-K for the year ended December 31, 2022.

65. The first sentence of Paragraph 65 contains legal conclusions to which no response is required. Defendants deny the allegations in the second sentence of Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants respectfully refer the Court to the texts referenced in Paragraph 67 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

**C.** <u>**March 25, 2022**</u>**: At The Start Of The Class Period, Musk Continued To Conceal His Twitter Interest And Secretly Continued To Acquire Twitter Shares At Artificially Low Prices**

68. Defendants deny the allegations in Paragraph 68, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the trading volume of Twitter stock.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in the first two sentences of Paragraph 70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 70.

71. Defendants deny the allegations in the first and fourth sentences of Paragraph 71. Defendants deny knowledge or information sufficient to form a belief at to the truth of the allegations in the remaining sentences of Paragraph 71.

**D.** **During The Class Period: Instead Of Disclosing His Twitter Stake, Musk Teases The Public With Obfuscating Messages About Twitter**

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants respectfully refer the Court to the Tweets referenced in Paragraph 73 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

74.     Defendants respectfully refer the Court to the Tweet referenced in Paragraph 74 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

75.     Defendants respectfully refer the Court to the Tweets referenced in Paragraph 75 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

**E.** **During The Class Period: Musk Covertly Discusses His Plans With Senior Twitter Executives And Others While Hiding His Growing Ownership Stake From Investors**

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77, except respectfully refer the Court to the SEC filing, Tweet, and texts referenced in the first five sentences of Paragraph 77 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in the first two sentences of Paragraph 79. Defendants respectfully refer the Court to the text message referenced in the third sentence of Paragraph 79 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

80.      Defendants deny the allegations in Paragraph 80, except respectfully refer the Court to the Proxy referenced in Paragraph 80 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

81.      Defendants deny the allegations in Paragraph 81, except respectfully refer the Court to the document referenced in Paragraph 81 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

**F.      <u>During The Class Period</u>: Musk Silently Purchases Nearly 15 Million Shares of Twitter Stock at Artificially Depressed Prices**

82.      Defendants deny the allegations in the first and third sentences of Paragraph 82. Defendants admit the allegations in the second sentence of Paragraph 82.

83.      Defendants deny the allegations in Paragraph 83, except respectfully refer the Court to the sources listed at the bottom of Table 2 in Paragraph 83 and other documents referenced in Table 2 for their true and correct contents, deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context, and further state that the item dated March 24, 2022 contains legal conclusions that do not require a response.

**VI.      THE TRUTH EMERGES**

**A.      On April 4, 2022, Musk Attempts To Hide His Activist Intentions And Files A Misleading Schedule 13G, Eleven Days Late**

84.      As to the first sentence of Paragraph 84, Defendants admit that on April 3, 2022, Twitter invited Mr. Musk to join its board of directors and that the invitation was disclosed to the public on April 5, 2022.  Defendants respectfully refer the Court to the text message referenced in the second sentence of Paragraph 84 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.  Defendants admit the allegations in the third sentence of Paragraph 84.

85.     Defendants deny the allegations in the first and second sentences of Paragraph 85. Defendants respectfully refer the Court to the Schedule 13G referenced in the third sentence of Paragraph 85 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context, and note that the remainder of the third sentence of Paragraph 85 contains legal conclusions to which no response is required.  Defendants deny the allegations in the fourth sentence of Paragraph 85.

86.     Defendants respectfully refer the Court to the article referenced in Paragraph 86 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

87.     Defendants deny the allegations in Paragraph 87, except respectfully refer the Court to the Schedule 13G referenced in Paragraph 87 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89, except respectfully refer the Court to the SEC letter and regulatory language referenced in Paragraph 89 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

90.     Defendants deny the allegations in Paragraph 90, except respectfully refer the Court to the SEC letter referenced in Paragraph 90 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

91.     Defendants deny the allegations in Paragraph 91, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 as to what investors reacted to or why Twitter stock experienced price movements.  Defendants respectfully

refer the Court to public information concerning the trading price of Twitter stock, and deny the allegations to the extent Plaintiff has misreported that information.

92.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 as to what analysts believed, and respectfully refer the Court to the analyst report referenced in Paragraph 92 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

**B.      Musk Is Finally Revealed As An Activist Investor As Twitter Announces His Appointment To Its Board**

93.     Defendants respectfully refer the Court to the 8-K and Tweets referenced in Paragraph 93 for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

94.     Defendants deny the allegations in Paragraph 94, except deny knowledge or information sufficient to form a belief as to the cause of the movement in Twitter stock alleged in Paragraph 94, and respectfully refer the Court to public information concerning the price of Twitter stock for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

95.     Defendants admit the allegations in the first sentence of Paragraph 95. Defendants respectfully refer the Court to the Schedule 13D referenced in the second sentence of Paragraph 95 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

96.     With respect to the Figure in Paragraph 96, Defendants (i) admit that on March 14, 2022, Defendants' share of outstanding Twitter common stock reached 5%, and state that the remainder of this item contains legal conclusions to which no response is required; (ii) deny the allegations as to the item for April 4, 2022, except admit that Defendants disclosed a 9.2% Twitter

stake on that day; and (iii) admit the allegations under the item labeled April 5, 2022; and (iv) respectfully refer the Court to public information concerning the price of Twitter shares for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents. Defendants further state that Plaintiff's allegations concerning the start and end of the Class Period are merely Plaintiff's definition and so require no response, and to the extent a response is required, Defendants deny the allegations.

## VII.    POST-CLASS PERIOD EVENTS

### A.    Regulatory Investigations Surrounding Musk's 13G And 13D Filings

97.    Defendants respectfully refer the Court to the article referenced in Paragraph 97 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

98.    Defendants deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99, except respectfully refer the Court to the article referenced in the second sentence of Paragraph 99 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

100.    Defendants respectfully refer the Court to the article referenced in Paragraph 100 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

### B.    Musk Agrees To Acquire Twitter, Appears To Have Second Thoughts, And Then Proceeds With The Takeover On Its Original Terms

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in the first sentence of Paragraph 102. Defendants admit the allegations in the second sentence of Paragraph 102.

103.     Defendants deny the allegations in the first two sentences of Paragraph 103. Defendants admit the allegations in the third sentence of Paragraph 103.  Defendants respectfully refer the Court to the press release referenced in the fourth sentence of Paragraph 103 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents.

104.     Defendants deny the allegations in the first two sentences of Paragraph 104. Defendants respectfully refer the Court to public information concerning Tesla's stock price, and to the referenced SEC filing, for their true and correct contents, and deny the allegations in the third and fourth sentences of Paragraph 104 to the extent Plaintiff has misreported those contents.

105.     Defendants deny the allegations in the first two sentences of Paragraph 105. Defendants respectfully refer the Court to the text message referenced in Paragraph 105 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

106.     Defendants deny the allegations in the first sentence of Paragraph 106.  Defendants respectfully refer the Court to the Tweet referenced in the second sentence of Paragraph 106 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

107.     Defendants admit that on July 8, 2022 Mr. Musk sought to terminate the acquisition of Twitter.

108.     Defendants respectfully refer the Court to the complaint referenced in Paragraph 108 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants admit the allegations in Paragraph 110.

111.    Defendants admit the allegations in the first sentence of Paragraph 111. Defendants respectfully refer the Court to the article referenced in the second sentence of Paragraph 111 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

112.    Defendants respectfully refer the Court to the article referenced in Paragraph 112 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

## VIII.   ADDITIONAL ALLEGATIONS OF SCIENTER

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations in Paragraph 114, except respectfully refer the Court to the referenced testimony for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120, except respectfully refer the Court to the referenced Tweet for its true and correct contents.

121.    Defendants deny the allegations in Paragraph 121, except respectfully refer the Court to the sources of the referenced quotations for their true and correct contents, and deny the allegations to the extent Plaintiffs has misreported those contents or taken them out of context.

122.    Defendants deny the allegations in Paragraph 122, except admit that more than $2 billion was spent on Twitter shares between January and April 2022.

123.     Defendants deny the allegations in Paragraph 123, except respectfully refer the Court to the referenced articles and testimony for their true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

## IX.     DEFENDANT MUSK'S MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

126.     Defendants admit the allegations in the first sentence of Paragraph 126, except deny Plaintiff's characterization.  The second sentence of Paragraph 126 contains legal conclusions to which no response is required.  Defendants deny the allegations in the third sentence of Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128, except respectfully refer the Court to the Schedule 13G referenced in Paragraph 128 for its true and correct contents, and deny the allegations to the extent that Plaintiff has misreported those contents or taken them out of context.

129.     Defendants deny the allegations in Paragraph 129, except note that the last sentence of Paragraph 129 contains legal conclusions that require no response.

## X.     LOSS CAUSATION

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 131 as to why Twitter's stock price increased on the referenced days, and respectfully refers the Court to public information concerning Twitter's stock price for

its true and correct contents, and denies the allegations to the extent Plaintiff has misreported those contents.

132.    Defendants deny the allegations in Paragraph 132.

## XI.    PRESUMPTION OF RELIANCE

133.    Defendants deny the allegations in Paragraph 133, except note that Paragraph 133 contains legal conclusions to which no response is required.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 135.  Defendants deny the allegations in the second sentence of Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

## XII.    CLASS ACTION ALLEGATIONS

137.    Paragraph 137 merely defines the putative class and therefore requires no response. To the extent a response is required, Defendants deny the allegations.

138.    The first sentence of Paragraph 138 contains legal conclusions to which no response is required.  Defendants deny the allegations in the second sentence of Paragraph 138.  Defendants respectfully refer the Court to the relevant public information concerning Twitter shares outstanding for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents.

139.    Paragraph 139 contains legal conclusions to which no response is required.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required.

## XIII.   COUNTS

### COUNT I

### For Violation Of Section 10(b) Of The Exchange Act And Rule 10b-5
### Against All Defendants

143.    Defendants repeat their responses to the foregoing allegations as though fully set forth herein.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

### COUNT II

### For Violation Of Section 10(b) And 20A Of The Exchange Act And Rule 10b-5
### Promulgated Thereunder For Insider Trading  Against All Defendants

151.    The Count referenced in Paragraph 151 was dismissed, and therefore the allegations in Paragraph 151 require no response; to the extent a response is required, Defendants deny the allegations.

152.    The Count referenced in Paragraph 152 was dismissed, and therefore the allegations in Paragraph 152 require no response; further, Paragraph 152 contains legal conclusions to which no response is required.

153.    The Count referenced in Paragraph 153 was dismissed, and therefore the allegations in Paragraph 153 require no response; to the extent a response is required, Defendants deny the allegations in Paragraph 153.

154.    The Count referenced in Paragraph 154 was dismissed, and therefore the allegations in Paragraph 154 require no response; to the extent a response is required, Defendants admit the allegations in Paragraph 154.

155.    The Count referenced in Paragraph 155 was dismissed, and therefore the allegations in Paragraph 155 require no response; to the extent a response is required, Defendants deny the allegations in Paragraph 155.

156.    The Count referenced in Paragraph 156 was dismissed, and therefore the allegations in Paragraph 156 require no response; to the extent a response is required, Defendants deny the allegations in Paragraph 156.

157.    The Count referenced in Paragraph 157 was dismissed, and therefore the allegations in Paragraph 157 require no response; to the extent a response is required, Defendants deny the allegations in Paragraph 157.

## COUNT III

### For Violation Of Section 20(a) Against Defendant Elon Musk

158.    Defendants repeat their responses to the foregoing allegations as though fully set forth herein.

159.    The first and third sentences of Paragraph 159 contains legal conclusions to which no response is required.  Defendants respectfully refer the Court to the Schedule 13D referenced in the second sentence of Paragraph 159 for its true and correct contents, and deny the allegations to the extent Plaintiff has misreported those contents or taken them out of context.  Defendants deny the allegations in the fourth sentence of Paragraph 159.

23

## XIV.   PRAYER FOR RELIEF

160.   Defendants deny the assertions in Paragraph 160 that Plaintiff is entitled to relief.

## XV.   JURY DEMAND

161.   Defendants admit that Plaintiff has requested a jury.

## AFFIRMATIVE DEFENSES

By asserting these defenses, Defendants do not concede that they bear the burden of proof on any defense. Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  Defendants further reserve the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which they become aware during discovery.  Any affirmative defenses asserted with respect to Plaintiff likewise apply to the putative class where appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fail to plead the elements of Plaintiff's causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) or the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a primary violation of any laws, including Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fails to plead control-person liability as to Mr. Musk.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that Mr. Musk did control, or had the ability to control, any Defendant accused of a primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Musk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that Mr. Musk did control or had the ability to control any of the alleged conduct that supposedly constituted violations of any laws, including Section 10(b) of the 1934 Act, and therefore fails to plead control-person liability as to Mr. Musk.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that Mr. Musk was a culpable participant in any primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead Section 10(b) or control-person liability as to Mr. Musk.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care and acted in good faith, and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action. Defendants therefore are not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t), 78w(a)(1).

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable for any alleged damages suffered by Plaintiff and other members of the putative class to the extent that their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants had no control. 15 U.S.C. § 78u-4(f)(3)(A).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, by Plaintiff's actions, omissions, and/or comparative fault and contributory negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff's alleged damages are based on speculation.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff is not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiff did not rely on the alleged misstatements or omissions in determining whether to take any actions in connection with Twitter securities.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from Defendants because Plaintiff would have held Twitter securities, or purchased more Twitter securities, even with full knowledge of the facts that Plaintiff alleges were misrepresented or omitted.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA and to the proportionate liability provisions of the 1934 Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff lacks standing to maintain this action under Article III or other applicable statute or common law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, because the alleged misrepresentations and omissions on which Plaintiff bases its claims were not material.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited in whole or in part by the doctrines of estoppel, quasi-estoppel, waiver, and/or ratification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are limited in whole or in part because Plaintiff has failed to establish any non-speculative causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment for them by adjudging and decreeing:

1. That this action my not be maintained as a class action;

2.      That the Complaint, and each purported cause of action, is dismissed with prejudice;

3.      That the Court grants Defendants all equitable or other relief against Plaintiff as a consequence of defending this action, including attorneys' fees and costs; and

4.      That the Court awards Defendants any such other and further relief as the Court may deem just and proper.

DATED:  New York, New York                    Respectfully submitted,
              November 7, 2023

                                              QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP

                                              */s/ Alex Spiro*
                                              Alex Spiro
                                              Jacob J. Waldman
                                              51 Madison Avenue, 22nd Floor
                                              New York, New York  10010-1601
                                              Telephone:  (212) 849-7000
                                              alexspiro@quinnemanuel.com
                                              jacobwaldman@quinnemanuel.com

                                            *Attorneys for Defendants*