# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

Katie M. Sinderson
(212) 554-1392
KatieM@blbglaw.com

December 27, 2023

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Oklahoma Firefighters Pension and Retirement System v. Musk*,
              **No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)**

Dear Judge Gorenstein:

      We write on behalf of the Court-appointed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff").[1] In accordance with Local Rule 37.2, Plaintiff respectfully requests a pre-motion conference regarding Plaintiff's anticipated motion to compel Defendant Musk to produce the transcripts and exhibits from his and his colleagues' sworn testimony to the U.S. Securities and Exchange Commission ("SEC") and the U.S. Federal Trade Commission ("FTC") regarding the allegations at issue in this Action.

## 1. RELEVANT BACKGROUND

      **The Nature Of The Action**. This Action concerns Mr. Musk's deception of Twitter investors by concealing his acquisition of over 5% of Twitter's stock and his plans to influence the control of the Company in 2022. During the Class Period, Mr. Musk intentionally or recklessly violated federal law by purchasing billions of dollars' worth of Twitter securities while failing to disclose his interests, as required by the SEC. ¶¶62-71, 76-83. The truth regarding Mr. Musk's legal violations was revealed in two corrective disclosures. ¶¶84-96. On April 4, 2022, Mr. Musk belatedly disclosed his massive ownership stake in Twitter in a misleading Schedule 13G form reserved for passive investors. ¶¶84-92. Then, on April 5, 2022, Mr. Musk revealed his true activist intent by disclosing his agreement to join Twitter's Board of Directors in a Schedule 13D form. ¶¶93-96. In reaction, Twitter's stock price skyrocketed by nearly ***30%***. ¶94. Twitter investors who sold while Mr. Musk violated the law were cheated out of the true value of their securities and suffered enormous damages. ¶¶22, 71.

---

[1] Unless otherwise indicated, all emphasis is added and all internal quotations and citations are removed. Citations to "¶__" refer to paragraphs of the Complaint (ECF No. 33).

**The Court's Opinion Sustaining The Action**.  In a detailed opinion dated September 29, 2023, the Court denied Defendants' motion to dismiss in part.  ECF No. 49.  In particular, the Court sustained Plaintiff's allegations that Mr. Musk knowingly or recklessly failed to disclose his interests in Twitter in violation of Section 10(b) of the Exchange Act.  *See id.* at 22-39.

**The SEC and FTC Investigations**.  In the wake of Mr. Musk's omitted disclosures, multiple regulators commenced investigations.  The SEC's investigation (the "SEC Action") concerns Mr. Musk's failure to properly disclose his activist ownership in Twitter, including specifically "why [Mr. Musk's] Schedule 13G does not appear to have been made within the required 10 days from the date of acquisition" and Mr. Musk's "eligib[ility] to rely upon Rule 13d-1(c) to make the filing on Schedule 13G [for passive investors]."  ¶¶90, 97.

In connection with the SEC Action, the SEC has deposed "Mr. Musk and at least three other individuals," including Mr. Jared Birchall (Mr. Musk's wealth manager), multiple times.[2]  *See* Ex. 1, ¶15.  Recently, Mr. Musk refused to show up for an additional deposition in the SEC Investigation, and the SEC was forced to move to compel his appearance.

According to court filings made on behalf of Mr. Musk in response to the SEC's motion to compel—by some of the same counsel representing Mr. Musk here—the SEC depositions concern the same issues involved in this Action.  For example, Mr. Musk's counsel stated that Mr. Musk's testimony to the SEC concerned, *inter alia*, "Mr. Musk's purchases of Twitter stock in 2022, discussions with [Mr. Birchall] regarding SEC filing requirements, Mr. Musk's Schedule 13G filing and subsequent Schedule 13D amendment, and discussions about joining Twitter's board."  *Id.* at ¶17.  Mr. Musk's counsel also explained that Mr. Birchall's testimony to the SEC concerned, *inter alia*, "SEC filing requirements in connection with the purchase of Twitter shares," Mr. Birchall's "role in preparing the Schedules 13G and 13D," and "Mr. Musk's acquisition of Twitter."  Ex. 1, ¶¶16, 19.  These are the exact same issues in dispute in this Action.

Similarly, as set forth in the Complaint, the FTC's investigation concerns "the communications between Mr. Musk and Twitter's Board as he accumulated his stake to determine whether he wanted to have an active role in the company."  ¶100.  This is also a key issue in this Action, as Mr. Musk's intent to play an active role in Twitter is a main reason that Mr. Musk's Schedule 13G filed on April 4, 2022 was misleading.  *E.g.,* ¶¶47-54, 76-81, 84-92, 116.

**Plaintiff Requested Production And Defendants Refused**.  Plaintiff's requests for production ("RFPs") sought production of transcripts of deposition testimony and exhibits from the SEC and FTC investigations.  *See* Ex. 2 (Defendants' Responses and Objections to Lead Plaintiff's RFPs), at 33-35 (RFPs 25(g), 26(g)).  Defendants answered these RFPs by refusing to produce responsive documents.  *Id.* at 33-34, 34-36.

**The Parties' Extensive Meet And Confer Process**.  In accordance with Rule 2.A of Your Honor's Individual Practices, Plaintiff conferred extensively with Defendants in a good faith effort

---

[2] Mr. Musk has agreed that he has custody over at least Mr. Birchall's documents but declined to identify the other deposed individuals and whether he has custody over their documents.

Honorable Gabriel W. Gorenstein
December 27, 2023
Page 3

to resolve any dispute regarding Defendants' refusals. The meet-and-confer process included the following communications:

(i) On November 29, 2023, from 1:00 p.m. to 2:08 p.m., Katie Sinderson, Jasmine Cooper-Little, and Jonathan D'Errico from BLB&G LLP (on behalf of Plaintiff) conferred telephonically with Jesse Bernstein and Jacob Waldman of Quinn Emanuel (on behalf of Defendants) regarding, among other issues, Defendants' refusal to produce the requested transcripts.

(ii) On December 7, 2023, Ms. Sinderson (on behalf of Plaintiff) emailed Mr. Bernstein and Mr. Waldman (on behalf of Defendants) regarding, *inter alia*, Defendants' production of transcripts of testimony from related actions. Plaintiff provided Defendants with relevant authorities (including those discussed below) supporting Plaintiff's position that Defendants should obtain and produce copies of these materials.

(iii) On December 12, 2023, Defendants' counsel wrote to Plaintiff's counsel regarding, *inter alia*, their refusal to obtain and produce the materials at issue here. Defendants wrote that they "are under no obligation to provide Plaintiff with copies of all transcripts, exhibits, and other Documents and Communications." Defendants further wrote that they "do not have possession of any such transcripts and Plaintiffs [sic] make no showing that cloned discovery in these actions is warranted."

(iv) On December 19, 2023, from 4:00 p.m. to 4:51 p.m., Mr. Robinson, Ms. Sinderson, Ms. Cooper-Little, and Mr. D'Errico from BLB&G LLP (on behalf of Plaintiff) conferred telephonically with Mr. Bernstein, Mr. Waldman, and Rachel Frank of Quinn Emanuel (on behalf of Defendants). During the discussion on the materials at issue, Defendants inquired whether the relevant caselaw relates to pre- or post-suit investigations. Plaintiff identified multiple cases that Plaintiff had sent wherein courts compelled transcripts from pre-suit investigations and explained that the distinction is immaterial. Defendants were unable to articulate any relevance as to the distinction.

Plaintiff explained that the parties were at an impasse and it intended to move to compel production of these materials. Defendants asked for more time to review the caselaw and said they would respond with their final position by 11:00 a.m. on December 20, 2023.

(v) On December 20, 2023, Defendants' counsel emailed Plaintiff's counsel and stated that they were continuing to review "the state of the law" and "ha[d] not reached a final decision." Defendants said they would respond with their final answer by "5:30 pm EST" on December 20, 2023. Defendants further stated that, if they "continue to decline the request, or do not respond by [5:30pm]," then they "agree that Plaintiff has fulfilled its meet-and-confer obligations on this discrete issue and we will not argue otherwise." Defendants did not respond by the deadline that they had set for themselves.

(vi) On December 21, 2023, Mr. Robinson (on behalf of Plaintiff) emailed Defendants' counsel to confirm that "Defendants have refused to obtain and produce the transcripts of

3

testimony" and that "the Parties have met and conferred extensively and are at an impasse." Plaintiff further stated that "as a courtesy given the upcoming holiday, we will plan to get our request for a pre-motion conference with Judge Gorenstein on file next week." Defendants did not respond.[3]

Tellingly, during this extensive meet-and-confer process, Defendants did not dispute relevance, burden, or prejudice concerning their production of the SEC and FTC transcripts and exhibits.

To date, Defendants have still not produced a single document in discovery in this Action—even though: (i) the Court sustained Plaintiff's allegations several months ago on September 29, 2023; (ii) Plaintiff served document requests on October 23, 2023; and (iii) Defendants served their written responses on November 22, 2023.

## 2. DEFENDANTS SHOULD OBTAIN AND PRODUCE THE SEC AND FTC TRANSCRIPTS AND EXHIBITS AT ISSUE

There is no dispute that the SEC and FTC transcripts and exhibits are highly relevant to this Action. Nor have Defendants raised any burden or prejudice arguments.

The law is clear that Defendants must obtain and produce the SEC and FTC testimony transcripts and exhibits. *See, e.g.*, *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 MD 1945 (RJH)(DFE), 2009 WL 805812, at *2 (S.D.N.Y. Mar. 23, 2009) (ordering defendant to "use its best efforts to procure the transcript of each such deposition" before regulators and to identify and "immediately use its best efforts" to provide transcripts for future depositions); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 531 (S.D.N.Y. 1996) (compelling production of "Defendants' employees' deposition transcripts not in Defendants' possession" because "those employees are entitled by law to copies of their [civil investigative demand] deposition transcripts"); *Baxter v. A.R. Baron & Co.*, 1996 WL 709624, at *3 (S.D.N.Y. Dec. 10, 1996) (in connection with a pre-suit investigation, "[i]f defendants do not have copies of such testimony, they shall request copies from the SEC and shall additionally instruct their employees to make the same requests").

Defendants' principal basis for refusal is that they do not possess copies of these materials because they chose not to order them. But courts have repeatedly held that a witness has "control" of a deposition transcript because they can "procure a copy … on payment of the appropriate fees" to the SEC in accordance with 17 C.F.R. §203.6. *See, e.g., In re Woolworth Corp. Sec. Class Action Litig.*, 166 F.R.D. 311, 313 (S.D.N.Y. 1996) (in connection with a pre-suit investigation, "[b]ecause she has a legal right to endeavor to obtain the transcript [of testimony before the SEC], [non-party] has 'control' of it for purposes of discovery"); *Pres. Prods. v. Nutraceutical Clinical Labs Int'l, Inc.*, 214 F.R.D. 494, 496 (N.D. Ill. 2003) (granting motion to compel defendant to

---

[3] Given Defendants' lack of response and vague refusals, Plaintiff respectfully requests the opportunity to respond to any new arguments or authorities raised in Defendants' response.

Honorable Gabriel W. Gorenstein
December 27, 2023
Page 5

order his deposition transcript from the SEC); *In re Legato Sys., Inc. Sec. Litig.*, 204 F.R.D. 167, 170 (N.D. Cal. 2001) (same). Thus, Defendants' main basis for refusal fails.

To avoid any doubt, only Defendants have the right to order the transcripts and exhibits from the SEC and FTC. 17 C.F.R. §203.6 (only "[a] person who has submitted documentary evidence or testimony in a formal investigative proceeding" can order SEC deposition materials); 16 C.F.R. §3.33(d) (limiting orders for "a copy of the [FTC] deposition to the deponent and to any party"). Thus, by choosing not to order these materials, Defendants are blocking access to the full record of Mr. Musk's alleged misconduct—and they are willfully depriving the Court and Plaintiff of indisputably relevant evidence.

During the meet and confer process, Defendants made a passing reference to these materials being so-called "cloned discovery." Defendants are wrong. Plaintiff's requests for transcripts and exhibits from the SEC and FTC investigations are not the reproduction of documents Defendants have previously produced to those entities. These requests deal only with a handful of transcripts, which plainly contain critically relevant, sworn testimony concerning the exact events and defenses underpinning this Action. These materials should be produced. *In re Lernout & Haupsie Securities Litigation*, No. 00-11589-PBS, 2003 WL 23341391, at *1 (D. Mass. July 24, 2003) ("It is well-established that [SEC] transcripts are discoverable and must be produced.") (collecting cases and ordering production). Indeed, there can be no dispute that Mr. Musk's prior testimony is highly relevant given that the Court expressly credited Mr. Musk's prior deposition testimony (in an unrelated civil matter) as an important factor in sustaining Plaintiff's scienter allegations. ECF No. 49 at 32-33 ("Plaintiff alleges that Musk knew of his duty to disclose, specifically pointing to his sworn deposition testimony in an SEC enforcement action."). Moreover, Defendants have agreed to produce those other transcripts, tacitly conceding that prior testimony must be produced when it is relevant—as is indisputably the case here.

In conclusion, Plaintiff respectfully requests a pre-motion conference concerning its anticipated motion to compel Defendants to procure and produce deposition transcripts and related exhibits for the sworn testimony taken in connection with the SEC and FTC investigations, including in particular the transcripts of Mr. Musk's and Mr. Birchall's testimony and related exhibits. We appreciate the Court's attention to this matter and are available for a conference at the Court's convenience.

Honorable Gabriel W. Gorenstein
December 27, 2023
Page 6

Dated: December 27, 2023                      Respectfully Submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

<u>*/s/ Katherine M. Sinderson*</u>
Salvatore J. Graziano
Katherine M. Sinderson
Jeremy P. Robinson
Jonathan G. D'Errico
Jasmine P. Cooper-Little
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
katie@blbglaw.com
jeremy@blbglaw.com
jonathan.derrico@blbglaw.com
jasmine.cooper-little@blbglaw.com

*Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and the Class*

## MEET AND CONFER CERTIFICATION

Pursuant to Rule 2.A of Your Honor's Individual Practices, I, Katherine M. Sinderson, certify that counsel for Plaintiff has in good faith conferred with counsel for Defendants on the dates and times set forth above regarding the production of deposition transcripts and related exhibits from the SEC and FTC investigations.

Dated: December 27, 2023                      <u>*/s/ Katherine M. Sinderson*</u>
                                              Katherine M. Sinderson