UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
OKLAHOMA FIREFIGHTERS PENSION AND
RETIREMENT SYSTEM,                                      :

              Plaintiff,                            :        MEMORANDUM OPINION
       -v.-                                            :        22 Civ. 3026 (ALC) (GWG)

                               :
ELON R. MUSK et al.,

                               :
            Defendants.
------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

The lead plaintiff in this matter, Oklahoma Firefighters Pension and Retirement System, seeks production from defendants of transcripts of deposition testimony and exhibits from investigations conducted by the Securities and Exchange Commission ("SEC") and the Federal Trade Commission ("FTC"), which the defendants oppose.[1]  In particular, plaintiff requests transcripts from the testimony provided by defendant Elon Musk and nonparty Jared Birchall, who is Musk's "wealth manager."  Pl. Letter at 2.  The deposition testimony transcripts are not in defendants' physical possession because defendants have not requested them from the SEC.  An SEC regulation, however, "entitle[s]" Musk and Birchall to obtain these transcripts by paying a fee.  See 17 C.F.R. § 203.6.   ("A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony. . . ").  As to the FTC, defendants contend that "[n]either Mr. Musk nor Mr. Birchall has given testimony in the FTC investigation," see Def. Letter at 2 n.1, and plaintiff provides no evidence to the contrary.  We

---

[1]  See Letter, filed Dec. 27, 2023 (Docket # 62) ("Pl. Letter"); Letter, filed Dec. 29, 2023 (Docket # 63) ("Def. Letter"); Letter, filed Jan. 5, 2024 (Docket # 65) ("Pl. Supp. Letter").

will therefore confine our discussion to the request for transcripts of the testimony given to the SEC.

Under Fed. R. Civ. P. 26(b)(1), a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Defendants make no argument that the transcripts do not contain information relevant to this lawsuit.  Nor do they make any arguments regarding proportionality.  Defendants' opening argument, see Def. Letter 1-2, is particularly off-the-mark as it addresses whether the plaintiff's claims have evidentiary support.  That question, however, is irrelevant to whether plaintiff is entitled to discovery.

Defendants' remaining arguments fare no better.  Defendants argue that plaintiff should not be allowed to "contort" the regulation that allows a party to obtain an SEC transcript, see 17 C.F.R. § 203.6, from "a rule that gives witnesses the option to protect themselves in an SEC proceeding into a rule that requires Defendants to expose themselves to adverse discovery in litigation."  Def. Letter at 4 (emphasis in original).  Defendants candidly admit that they do not want to be placed in a position where they are compelled to produce potentially "adverse" testimony in light of the fact that the purpose of the rule was to "protect" deponents.  Id. at 3.  This argument is flawed for two reasons.  First, the Court is not being asked to construe the regulation.  Instead, the Court is being asked to apply the Federal Rules of Civil Procedure.  Rule 34 requires production of any documents in a party's "control."  Fed. R. Civ. P. 34(a)(1).  And, as discussed further below, the production of the transcript is entirely within a deponent's control as the regulation demonstrates.  See In re NASDAQ Mkt.-Makers Antitrust Litig., 169 F.R.D. 493, 530 (S.D.N.Y. 1996) ("A party has 'control' over a document if that party has a legal right to obtain those documents.") (citations and internal punctuation omitted).  Second, the fact that

the material may be "adverse" to the defendants is irrelevant to the Rule 26 or Rule 34 analysis. Indeed, adverse information about a defendant is particularly valuable to a plaintiff.  Defendants' only citation to support their argument regarding the regulation, see Def. Letter at 4, is a portion of the NASDAQ case that does not address the regulation at issue here but instead addresses a governmental policy manual that allowed the defendants to obtain discovery of a settlement memorandum.  See NASDAQ, 169 F.R.D. at 531.  While defendants' letter does not reveal the relevant holding of NASDAQ, NASDAQ in fact rejected the very argument defendants make here and required the defendants to obtain and produce transcripts as was permitted by a statute worded similarly to the regulation here.  See id. (citing 15 U.S.C. § 1312(i)(6)).  Courts addressing 17 C.F.R. § 203.6 have routinely ordered parties to obtain transcripts from the SEC. See In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig., 2009 WL 805812, at *2 (S.D.N.Y. Mar. 23, 2009); Baxter v. A.R. Baron & Co., Inc., 1996 WL 709624, at *2-3 (S.D.N.Y. Dec. 10, 1996); In re Woolworth Corp. Securities Class Action Litigation, 166 F.R.D. 311, 312-13 (S.D.N.Y. 1996); see also Ryan v. Gifford, 2007 WL 4259557, at *2 (Del. Ch. Nov. 30, 2007); In re Lernout & Hauspie Securities Litigation, 2003 WL 23341391, at *1 (D. Mass. July 24, 2003) ("It is well-established that [SEC] transcripts are discoverable and must be produced.").

Defendants argue that the transcripts are in the SEC's "possession, custody and control" (not their own) for purposes of Fed. R. Civ. P. 34.  See Def. Letter at 4-5.  In support of this argument, defendants note that the regulation allows the SEC to deny a transcript request for "good cause."  See 17 C.F.R. § 203.6.  We reject this argument.  Of course, if the SEC were to deny the request, the defendants could not be said to be in "control" of the transcripts.  But if the SEC will produce them merely based on a request, the transcripts are obviously within the

defendants' control.  As case law holds, "[a] party is deemed to have control over material that it has the practical ability to obtain . . . ."  <u>Local 3621, EMS Officers Union v. City of New York,</u> 2023 WL 8804257, at *11 (S.D.N.Y. Dec. 20, 2023) (citations and internal punctuation omitted); <u>accord Seawolf Tankers Inc. v. Laurel Ship. LLC,</u> 2023 WL 9022867, at *3 (S.D.N.Y. Dec. 30, 2023) ("A party has control if it 'has the legal right to obtain the document, even though in fact it has no copy.'") (citation omitted).  The fact that permission might be denied does not alter the fact that if permission is granted, defendants have the "practical ability" to obtain the transcripts.  Numerous cases have rejected exactly this argument in the context of 17 C.F.R. § 203.6.  <u>See</u> <u>Woolworth Corp.,</u> 166 F.R.D. at 312-13; <u>State St. Bank,</u> 2009 WL 805812, at *2; <u>see also</u> <u>NASDAQ,</u> 169 F.R.D. at 530.

Defendants contend that the request is akin to requiring the defendants to make a request under the Freedom of Information Act ("FOIA") or to subpoena a third party.  <u>See</u> Def. Letter at 5.  But there is a vast difference between a simple transcript request and requiring a party to engage in the laborious process of pursuing discovery or a FOIA request.  First, these latter methods for obtaining documents are far more complex.  Second, these methods are available to the requesting party as easily as any other party.  Here, by contrast, only the defendants may pursue the transcript request.  Thus, while plaintiff could submit a FOIA request or subpoena just as easily as defendants, plaintiff has no mechanism, other than the instant application, to obtain the SEC transcripts at issue.

Defendants make the extraordinary argument that requiring Musk to request the transcript would infringe on his First Amendment rights because the request "by implication, if not expressly" would compel him "to represent to the SEC that Defendants' [sic] <u>want</u> the SEC to produce the Transcripts."  Def. Letter at 5 (emphasis in original).  Defendants cite to several

cases involving compelled speech that do not remotely parallel the situation here — such as a state requiring a license plate to bear a particular motto.  Id. (citing Wooley v. Maynard, 430 U.S. 705, 715 (1977)).  Accepting defendants' argument would mean that a party could never be required to obtain documents in the hands of any nonparty — such as the party's own expert witness or accountant — no matter how easily those documents could be obtained.  The First Amendment protects conduct that has an "expressive purpose."  Salmon v. Blesser, 802 F.3d 249, 256 (2d Cir. 2015).  Submitting a request to procure a copy of testimony, see 17 C.F.R. §203.6, could not possibly be construed as expressive conduct.  Defendants' assertion that requiring Musk to submit the request would require that he make "representations" to the SEC that constitute protected speech, see Def. Let. at 6, borders on the frivolous.  See generally Slattery v. Hochul, 61 F.4th 278, 291 (2d Cir. 2023) ("The Supreme Court has rejected 'the view that an apparently limitless variety of conduct can be labeled "speech" whenever the person engaging in the conduct intends thereby to express an idea.'") (quoting United States v. O'Brien, 391 U.S. 367, 376 (1968)).

Defendants' final argument is that the Court should defer any decision on plaintiff's request until "the Northern District of California has decided whether to quash the SEC's subpoena to compel Mr. Musk to testify for a third time in connection with the investigation into his acquisition of Twitter."  Def. Letter at 5-6.  In response, plaintiff states that the Northern District of California has already decided this issue.  See Pl. Supp. Letter at 4.  In any event, defendants supply no reason why the adjudication of a third request for testimony will impact plaintiff's ability to obtain earlier testimony transcripts.

The only remaining issue relates to the testimony of Birchall.  While Birchall is not a party to this action, it appears that defendants are prepared to arrange for Birchall to procure his

testimony from the SEC in the event of an adverse ruling.  See Def. Letter at 4 n.2.  If such is not

the case, defendants shall immediately inform plaintiff of this fact and plaintiff will thereafter be

free to subpoena Birchall for the transcripts.  In response to such a subpoena, and under the

reasoning of this decision, Birchall would then be required to order his own transcript from the

SEC.

Accordingly, plaintiff's motion to compel is granted.  Defendants shall order the

transcripts and accompanying exhibits from the SEC within 14 business days, with a copy of the

transcript requests served on plaintiffs, and shall produce the transcripts and any exhibits within

5 business days of their receipt.[2]

SO ORDERED.

Dated: New York, New York

January 18, 2024

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2]  If defendants are interviewed by the FTC in the future about matters raised in the
complaint, they will have the duty to disclose this fact to plaintiffs and, absent some argument
that differs from the arguments presented here, will be obligated to obtain those transcripts as
well.  See Fed. R. Civ. P 26(e).