quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7036**

WRITER'S EMAIL ADDRESS
**jessebernstein@quinnemanuel.com**

May 8, 2024

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
40 Foley Square, Room 519
New York, NY 10007

Re:   *Oklahoma Firefighters Pension and Retirement System v. Musk*,
      No. 1:22-cv-03026-ALC-GWG

Dear Judge Gorenstein:

Defendants Elon R. Musk, the Elon Musk Revocable Trust Dated July 22, 2003, Jared Birchall, and Excession, LLC (collectively, "Defendants"), by and through their attorneys, respectfully move the Court for the sealing of Lead Plaintiff Oklahoma Firefighters Pension and Retirement System's unredacted Amended Complaint.

"The common law right of public access to judicial documents" is not absolute. *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). Courts "must balance competing considerations against" the presumption of access, and such considerations can outweigh any presumption of access. *Id.*; *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

Under *Mirilis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020), sealing Plaintiff's unredacted Amended Complaint is permissible. While the Amended Complaint is a "judicial document" to which a presumption of access attaches, countervailing factors "legitimately counsel against disclosure." *Id.* That is, the presumption of access is outweighed by Defendants' substantial competing concerns. *Id.* Defendants' privacy interests here are paramount, *see United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and such privacy interests require that "portions of the complaint [] be kept under seal," *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020). Specifically, the redacted portions of the Amended Complaint noted in this letter's Appendix concern discovery materials that implicate the parties' Protective Order, Dkt. 60, and the privacy interests of Defendants and third parties. Since the redactions are narrowly drawn to accommodate the public interest, the unredacted Amended Complaint should remain under seal.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

**I.     The Parties' Stipulated Protective Order Provides Guidance on Sealing Plaintiff's Unredacted Amended Complaint**

The stipulated protective order entered in this case, Dkt. 60, "provide[s] guidance to the parties regarding what documents [] might be appropriate to seal . . . ." *Johnson v. Federal Bureau of Prisons*, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017). Plaintiff's Amended Complaint quotes from, relies on, and directly refers to discovery materials produced by Mr. Musk and third parties subject to the Protective Order's Confidential and Highly Confidential designations. Per the terms of the Protective Order, documents designated as Confidential contain sensitive information that could cause commercial or personal harm upon being disclosed, Dkt. 60 ¶ 2(a), and documents designated as Highly Confidential contain non-public and confidential information "that is substantially likely to harm [] personal, commercial, financial, strategic or business interests" if disclosed, Dkt. 60 ¶ 2(b). Designated documents may only be disclosed subject to strict limitations. Dkt. 60 ¶ 6. Here, the paragraphs of the Amended Complaint listed in the Appendix to this letter refer to or quote from information designated per the Protective Order. Accordingly, the Protective Order indicates that the parties contemplated that references to such information may be appropriate to seal. *See Johnson*, 2017 WL 5197143, at *3.

**II.    The Unredacted Complaint Implicates Confidentiality and Privacy Interests**

Plaintiff's Amended Complaint includes, quotes from, or refers to documents produced in discovery—text messages, emails, and SEC deposition transcripts—containing sensitive private details about compensation, confidential personal financial information, and details about the employment of third parties. Defendants request that the paragraphs redacted listed in the Appendix to this letter remain under seal. Courts routinely allow this type of information to be sealed.

**Sensitive Personal Information About Compensation.** First, any presumption of public access to personal information about compensation is outweighed by Defendants' privacy interests. For example, the redacted language in paragraph 34 of the Amended Complaint concerns details about individual compensation decisions and structure. This information is private, personal, and insignificant to the substance of this case. *See Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (permitting sealing of compensation and bonus information since the disclosure of such information "offer[ed] little value in the monitoring of the federal courts"); *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) (permitting redactions of a party's compensation information).

**Confidential Personal Financial Information.** Second, any presumption of public access to personal financial information is outweighed by Defendants' interest in keeping such personal financial information confidential. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information . . . may be a legitimate basis to rebut the public's presumption of access to judicial documents."). For example, paragraphs 36, 39, and 262 of the Amended Complaint contain details about control over Mr. Musk's finances and accounts. This information is personal, does not have bearing on the substance of this case, and offers minimal value to the monitoring of federal courts. *See Valassis Commc'ns, Inc.*, 2020 WL 2190708, at *4.

**Third-Party Privacy Interests.** Third, numerous redacted portions of the Amended Complaint contain information related to the employment of third parties and actions taken in the scope of employment, and any presumption of public access to this information is outweighed by third parties' privacy interests. The identities of the third parties referenced in the Complaint "have minimal relevance to the Court's decision[s]." *Ripple Labs*, 2023 WL 3477552, at *6 (citing *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021)). Thus, their identities and communications should be sealed because of significant privacy interests, which "overcome the strong presumption of public access." *Ripple Labs*, 2023 WL 3477552, at *6.

### III. The Amended Complaint's Redactions are Narrowly Drawn

Defendants seek only to maintain the redactions listed in the Appendix to this letter. These redactions are narrowly tailored to serve Defendants' confidential interests and are narrower than the redactions currently included in the Amended Complaint (Dkt. 73). Courts regularly permit such targeted redactions since they do not prohibit the public from understanding the Amended Complaint's allegations. *See Lugosch*, 435 F.3d at 120 (recognizing that a court may seal documents where "closure is essential to preserve higher values and is narrowly tailored to serve that interest") (citation omitted); *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting narrow redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"); *Leonard as Tr. of Poplawski 2008 Ins. Tr.* v. *John Hancock Life Ins. Co. of N.Y.*, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal where "only a handful of phrases" were redacted "and the proposed redactions [were] no broader than necessary . . . ."); *In re Zimmer*, 2021 WL 2258292, at *2 (S.D.N.Y. June 3, 2021) (approving redactions that were narrowly tailored).

In sum, the Parties' Protective Order, confidentiality and privacy interests, and the narrowly drawn nature of the redactions justify keeping "portions of the complaint . . . under seal." *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020).[1] Defendants' privacy interests and the other countervailing factors discussed *supra* outweigh any "presumption of access to" the Amended Complaint. *Mirilis*, 952 F.3d at 59. Accordingly, Defendants request that Plaintiff's Amended Complaint remain filed in redacted form and that the unredacted Amended Complaint remain sealed.

Respectfully submitted,

*/s/ Jesse Bernstein*

Jesse Bernstein

cc:   All counsel (via ECF)

---

[1] Defendants expressly do not waive the right to argue that the underlying documents referenced in the Amended Complaint should be sealed or that such documents contain other confidential information which should be sealed in other court filings.

| APPENDIX | |
|---|---|
| **AC ¶ (Dkt. 73)** | **Category of Confidential Information** |
| 1 | Third-Party Privacy Interests |
| 12-15 | Third-Party Privacy Interests |
| 17 | Third-Party Privacy Interests |
| 21 | Third-Party Privacy Interests |
| 34 | Sensitive Personal Information About Compensation |
| 36 | Confidential Personal Financial Information |
| 39 | Confidential Personal Financial Information |
| 41-42 | Third-Party Privacy Interests |
| 82 | Third-Party Privacy Interests |
| 87-89 | Third-Party Privacy Interests |
| 92-125 | Third-Party Privacy Interests |
| 130-136 | Third-Party Privacy Interests |
| 142-143 | Third-Party Privacy Interests |
| 152-154 | Third-Party Privacy Interests |
| 158 | Third-Party Privacy Interests |
| 163-165 | Third-Party Privacy Interests |
| 168-169 | Third-Party Privacy Interests |
| 170 | Third-Party Privacy Interests |
| 171 | Third-Party Privacy Interests |
| 177 | Third-Party Privacy Interests |
| 185 | Third-Party Privacy Interests |
| 198 | Third-Party Privacy Interests |
| 213-214 | Third-Party Privacy Interests |
| 216, 217 | Third-Party Privacy Interests |
| 220 | Third-Party Privacy Interests |
| 225 | Third-Party Privacy Interests |
| 252-255 | Third-Party Privacy Interests |
| 262 | Confidential Personal Financial Information |