UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OKLAHOMA FIREFIGHTERS PENSION AND
RETIREMENT SYSTEM,                                          :

              Plaintiff,          :       ORDER
    -v.-                                                   :       22 Civ. 3026 (ALC) (GWG)
                                          :
ELON R. MUSK et al.,
                                          :
              Defendants.
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      On May 1, 2024, following plaintiff's request to file its amended complaint with certain portions under seal, see Letter, filed April 30, 2024 (Docket # 71); see also First Amended Complaint, filed May 1, 2024 (Docket # 73), the Court ordered "any party to this case or non-party seeking to have redactions in the amended complaint remain under seal" to file an application to seal on or before May 8, 2024, see Order, filed May 1, 2024 (Docket # 75) ("May 1 Order"). Before the Court is defendants' application to file under seal certain paragraphs in the amended complaint. See Letter, filed May 8, 2024 (Docket # 83) ("Def. Letter"). In addition to defendants' application, a non-party, Morgan Stanley Smith Barney LLC ("Morgan Stanley"), has requested that the names of its employees be filed under seal. See Letter, filed May 10, 2024 (Docket # 85) ("Morgan Stanley Letter"). Plaintiff has filed a response to these letters. See Letter, filed May 10, 2024 (Docket # 86) ("Pl. Reply").

      The sealing of any portion of a pleading may be ordered only if a showing is made that overcomes the strong presumption of public access. See, e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141-44 (2d Cir. 2016); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). In determining the appropriateness of sealing, courts conduct a three-part inquiry. See Aberdeen City Council v. Bloomberg, L.P., 2023 WL 5254757, at *1-3 (S.D.N.Y. Aug. 16, 2023). First, a court must determine whether the document at issue is a "judicial document." Id. at *1. Second, if the document is "judicial" in nature, a court must consider the "weight" afforded to the presumption of access that attaches to that document. See Lugosch, 435 F.3d at 119. Finally, a court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

      Here, there is no dispute that the amended complaint is a "judicial document" and that as a pleading, it is entitled to a strong presumption of public access. See Lugosch, 435 F.3d at 121.

Thus, the only issue is whether any factors counseling against disclosure outweigh that presumption.  See Mirlis, 952 F.3d at 59.

Defendants seek to redact approximately 80 paragraphs in the amended complaint.  See Def. Letter at 4.  Defendants group these redactions into three categories: (1) "Sensitive Personal Information About Compensation," (2) "Confidential Personal Financial Information," and (3) "Third-Party Privacy Interests."  See id.  Nearly all of the redactions are contained in the "Third-Party Privacy Interests" category, with the first two categories relating to only 4 paragraphs in the amended complaint.

Non-party Morgan Stanley asks that we redact only the names of "five current or former Morgan Stanley employees."  Morgan Stanley Letter at 2.  Plaintiff does not appear to contest this request, see Pl. Letter at 2, and case law holds that such information may be redacted where an employee is not a party to action in light of the individual's privacy interests.  See Rowe v. Google LLC, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("[T]o accommodate the privacy interests of third-parties, documents may be filed under seal with the names . . . of non-party employees redacted.").  Accordingly, the complaint shall redact the names of the five Morgan Stanley employees.

As for defendants' request to redact "sensitive personal information about compensation," defendants point to a single paragraph related to a one-time payment made to defendant Jared Birchall.  See Def. Letter at 4 (referencing Am. Compl. ¶ 34).  Defendants assert in a conclusory fashion that such information is "insignificant to the substance of this case."  Id. at 2  However, unlike the cases cited by defendants where the compensation information was of "little value," Valassis Commc'ns, Inc. v. News Corp., 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020), or "minimally relevant," Sec. & Exch. Comm'n v. Ripple Labs, Inc., 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023), the information here is, as plaintiff puts it, "directly relevant" to establishing an element of plaintiff's fraud claim, Pl. Letter at 3.  We thus find that the presumption of access has not been outweighed.

Defendants' request to redact "confidential personal financial information" fails for similar reasons.  The information contained in the cited paragraphs relates to defendant Birchall's control over defendant Musk's "finances and accounts."  Def. Letter at 2.  The only cases cited by defendants relate to redacting information "to protect the confidentiality of proprietary business information."  Sec. & Exch. Comm'n v. Telegram Grp. Inc., 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  Defendants fail to provide any explanation as to why disclosure of this information implicates that interest and what injury would ensure if the information were public.  Furthermore, defendants fail to provide any backup for their conclusory argument that such information "does not have bearing on the substance of this case."  Def. Letter at 2.  By contrast, it appears from the complaint that such information is, as plaintiff puts it, "directly relevant to, among other things, [p]laintiff's control claim under Section 20(a)."  Pl. Letter at 3 (emphasis omitted).

As to the final category, "third-party privacy interests," defendants do not explain the exact privacy interests implicated.  The Court gave an opportunity to nonparties to state their

position as to redaction.   The only request for redactions came from Morgan Stanley, which asked that its employees names be redacted.   Defendants' request that "communications" with these third parties be redacted is overly broad and unjustified.

In addition to arguments related to the individual categories of information, defendants make two additional arguments in support of their application.   First, defendants argue that the amended complaint paragraphs they seek to seal rely on information that was produced subject to the parties' protective order, see Stipulated Protective Order, filed Nov. 1, 2023 (Docket # 60), and note that such information is designated as "highly confidential" or "confidential," Def. Letter at 2.   This argument is rejected because the fact "that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document."   Doe v. U.S. Immigr. & Customs Enf't, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021).

Finally, defendants argue that their proposed redactions are "narrowly drawn" to protect the identified interests while "not prohibit[ing] the public from understanding the Amended Complaint's allegations."   Def. Letter at 3.   This argument must be rejected for two reasons.   First, as it relates to the bulk of defendants' redactions related to "communications" with third parties, we disagree with defendants' characterization that such redactions are "narrowly drawn."   Second, and more importantly, our task here is not to determine how much information can be redacted while still permitting the public to understand the nature of an action.   Rather, our obligation is to weigh the strong presumption of public access against any legitimate interests that counsel against disclosure.   Defendants have failed to meet their burden on this point.

Accordingly, the motions to seal (Docket # 71, 83) are granted in part and denied in part.   Plaintiff shall file the amended complaint with only the names of the nonparty Morgan Stanley employees redacted.

SO ORDERED.

Dated:   New York, New York
          May 20, 2024

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge