# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

Katherine Sinderson
(212) 554-1392
KatieM@blbglaw.com

May 17, 2024

**Via ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Oklahoma Firefighters Pension and Retirement System v. Musk*,
             No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)

Dear Judge Carter,

      Plaintiff respectfully writes in response to the May 14, 2024 letter from Elon R. Musk, the Elon Musk Revocable Trust Dated July 22, 2003 (together, "Musk"), Jared Birchall, and Excession, LLC's (collectively, "Defendants") requesting a pre-motion conference to seek leave to move to dismiss the Complaint ("Def. Ltr"). Defendants' request should be denied.

      On September 29, 2023, this Court sustained the prior complaint (the "PC"), including the §10(b) claim arising from material misstatements and omissions, which included Musk's violation of his duty to timely disclose his over 5% ownership stake in Twitter and his misleading Form 13G (the "Opinion"). The parties then engaged in substantial discovery. By the deadline provided in the Court's Scheduling Order (ECF No. 60), Plaintiff filed a First Amended Complaint (the "FAC") based on that discovery. The FAC added significant facts elicited from the documents and testimony produced that support Plaintiff's existing scheme liability claim, named two new defendants, added misstatements, and otherwise conformed the pleading to the Court's Opinion, including by removing the insider trading claim.

      Notwithstanding this Court's Opinion sustaining the PC—which included scheme liability claims against Musk—Defendants seek to relitigate the Court's prior holdings and prematurely dispute the facts pled in the FAC. Defendants' request should be rejected. The Court's time and resources should be conserved for trial or summary judgment, where Defendants' factual disputes can be resolved on a full record. At most, only the new defendants (Birchall and Excession) should be able to move to dismiss.

      ***The FAC Continues To State A Valid Scheme Liability Claim.*** As a threshold matter, Defendants ignore that Plaintiff's prior complaint brought scheme claims against Musk under Section 10b-5(a)-(c). *See*, *e.g.*, ECF No. 32, Count 1, ¶145 ("Musk (i) employed devices, schemes,

Hon. Andrew L. Carter, Jr.
May 17, 2024
Page 2

and artifices to fraud; (ii) made untrue statements … and/or omitted material facts… and (iii) engaged in acts, practices, and a course of business that operated as a fraud…"). In its Opinion, the Court evaluated these scheme claims (*see*, *e.g.*, Opinion at 4, "The Alleged Scheme") and sustained Plaintiff's 10(b)-5 claims in full.[1]

Plaintiff's scheme allegations have only grown stronger since the Court's Opinion. As detailed in the FAC, documents produced in discovery, including transcripts of sworn testimony, provided extensive detail to further support Plaintiff's claims. *E.g.*, ¶¶252-255. For example, the FAC details Musk's use of an elaborate trading algorithm to buy Twitter stock secretly to keep the price low and secure cost savings. *E.g.*, ECF No. 74 ¶¶82-136. It details Birchall's close oversight of the trading while enforcing Musk's secrecy mandates—even after Musk was legally obligated to make his ownership interest public. ¶¶82-165. The FAC further details that, in the face of Musk's adviser's repeated exhortations to seek legal counsel on Musk's disclosure obligations, Birchall lied by claiming that lawyers had blessed their scheme. ¶¶111-129.

***Defendants' Deceptive or Manipulative Acts.*** Defendants claim that the FAC "fails to plead a deceptive or manipulative act" beyond omissions and misrepresentations. Def. Ltr. at 2. Defendants are wrong. First, Defendants tellingly ignore the fact that Birchall lied to Musk's adviser about the blessing from legal counsel he had supposedly obtained. *E.g.*, ¶¶111-129, 254. *See SEC v. Wilcox*, 663 F. Supp. 3d 146, 160 (D. Mass. 2023) (providing "false support" to outside adviser constituted a "deceptive act" for scheme liability). Second, Musk disseminated his misleading Form 13G—which the Court has already sustained (Opinion at 36-38)—and tweets during the Class Period (¶¶228-230) to keep his interest secret. *Id*. That is an additional "deceptive act." *SEC v. Rio Tinto plc*, 41 F.4th 47, 49 (2d Cir. 2022). Finally, Musk's use of a trading algorithm to keep his plan secret and maximize cost savings constitutes a "device" under Section 10b-5(a)-(c). Defendants' assertion that the FAC does not explain how this trading device "sent a false pricing signal to the market" ignores multiple allegations that this strategy maintained artificial depression in Twitter's stock price. *E.g.*, ¶¶88, 97-98, 103-106, 143.

***The Affiliated Ute Presumption of Reliance Governs.*** Defendants' claim that the FAC does not plead reliance flies in the face of well-established and controlling precedent. ¶237. In *Affiliated Ute Citizens v. United States*, the Supreme Court upheld scheme liability claims based on omissions of material information, concluding that plaintiffs are entitled to a presumption of reliance for material omissions. 406 U.S. 128, 153-54 (1972) *see id.* ("Under the circumstances of this case, ***involving primarily a failure to disclose***, positive proof of reliance is not a prerequisite to recovery").

***The FAC Pleads A Strong Inference of Scienter.*** This Court has already found that the PC sufficiently alleged a strong inference of scienter as to Musk.[2] Opinion at 32. The inference

---

[1] Contrary to Defendants' claim (Def. Ltr at 1), the Supreme Court's decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.* says nothing about Plaintiff's scheme claims. 601 U.S. 257, 266 (2024). In fact, the Supreme Court expressly excluded scheme claims under 10b-5(a) and (c) from its holding regarding pure omissions-based claims. *Id*. at n.2.

[2] Tellingly, Defendants make no effort to distinguish between the scienter of different defendants such as Musk, on the one hand, or Birchall, on the other hand.

has only grown stronger in the FAC, which adds compelling new facts elicited from discovery. For example, the FAC adds Musk and Birchall's testimony to the SEC confirming that they were aware that the "5 percent mark [] means something" and would "trigger" disclosure requirements. ¶¶74, 79.

Yet again, Defendants disregard the Court's Opinion and the new facts in the FAC. Instead, Defendants advance two scienter arguments that they raised previously—and the Court rejected. <u>First</u>, this Court already rejected Defendants' argument that their multi-billion-dollar deceit of investors was an "honest mistake." *See* Opinion at 32-33; Def. Ltr at 3. There is no basis to reverse course now that the inference of scienter has only grown stronger, including by virtue of the testimony discussed above, the details of Defendants' secret trading strategy aimed at avoiding detection and saving money, and Defendants' refusal to seek counsel and lies about doing so. These facts—and the myriad others in the FAC—clearly demonstrate scienter. *See, e.g., United States v. Ingredient Tech. Corp.*, 698 F.2d 88, 96 (2d Cir. 1983) (fact that defendants lied to attorneys and auditors about secret resale agreement strong evidence of scienter).

<u>Second</u>, the Court also previously rejected Defendants' "makes no sense" argument—which rested on the same facts Defendants rely on now. *Compare* Def. Ltr at 3 (citing Musk's admissions to Twitter leadership that he had exceeded the 5% threshold" and the accurate "Date of the Event" on the misleading Form 13G) *with* Opinion at 34-35 (rejecting "Twitter leadership" and Date of Event" arguments). Again, the additional details alleged in the FAC provide no basis to reverse course.

In sum, the Court has already found scienter and the FAC's additional facts only make the inference stronger. Another pleadings motion based on the same arguments would merely waste the Court's and the parties' time and resources.

***The FAC Alleges Misrepresentations.*** The Court has already sustained Plaintiff's claim that Musk's Form 13G was misleading. Opinion at 36-38. Discovery revealed that, contrary to his tweets about starting a rival to Twitter, Musk had taken no steps to do so, which renders those tweets misleading, particularly considering the steps he ***had*** taken toward buying Twitter. That Musk issued these diversionary tweets when his advisors were alarmed that the market might suspect his interest in Twitter (¶152-54) is highly relevant—and new—evidence of his scienter.[3]

In sum, Plaintiff respectfully requests that the Court deny Defendants' request for leave to file a motion to dismiss or, at most, grant it only to new Defendants Birchall and Excession.

        Respectfully submitted,

        */s/ Katherine M. Sinderson*
        Katherine M. Sinderson

cc: All counsel (via ECF)

---

[3] Defendants' passing claims that some of Plaintiff's allegations are time-barred (Def. Ltr at 3, n.2) conflict with well-established law. *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 637 (2010) (a cause of action accrues when a plaintiff discovers or should have discovered, "the facts constituting the violation," including scienter). Among other allegations, Birchall's involvement in orchestrating the scheme was not previously publicly known.