# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

Katherine M. Sinderson
(212) 554-1392
katiem@blbglaw.com

August 20, 2024

**VIA ECF & E-MAIL**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

> Re: *Oklahoma Firefighters Pension and Retirement System v. Musk*, No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)

Dear Judge Carter:

      We represent Lead Plaintiff, Oklahoma Firefighters Pension and Retirement System, in the above-captioned action. We write to advise the Court of the decision issued yesterday by the Second Circuit in *Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524 (2d Cir. Aug. 19, 2024), ECF No. 175-1 ("*Macquarie II*") (attached hereto as Exhibit A) and respectfully submit it as supplemental authority in support of Lead Plaintiff's opposition to Defendants' motion to dismiss pending in this Action (ECF No. 111). The Second Circuit's decision bears directly on one of Defendants' principal arguments in support of their motion to dismiss.

      Specifically, in support of their motion to dismiss, Defendants argued that the Supreme Court's recent decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 266 n.2 (2024) ("*Macquarie I*") forecloses scheme liability under Rule 10b–5(a) and (c) based on omissions of material facts required to be disclosed by SEC regulations. ECF No. 108 at 7-8. In its opposition, Lead Plaintiff made clear that, while holding that omissions-based claims under 10b-5(b) were prohibited, the Supreme Court explicitly *excluded* scheme claims under Rule 10b–5(a) and (c) from its holding. ECF No. 111 at 13-14 (citing *Macquarie I*, 601 U.S. at 266 n.2).

      In *Macquarie II*, the Second Circuit unequivocally adopted the position advanced by Lead Plaintiff. The Second Circuit noted that the Supreme Court did not "question" the scheme claims that the Second Circuit had previously held were actionable. Instead, the Supreme Court had "explicitly declined to 'opine on whether Rules 10b-5(a) and 10b-5(c) support liability for pure omissions.'" Ex. A at 4-5 (citing *Macquarie I*, 601 U.S. at 266 n.2). Accordingly, in *Macquarie II*, the Second Circuit vacated the district court's dismissal of the plaintiff's scheme claims based on omissions and half-truths and allowed those claims to proceed. *Id.* The same result is warranted here.

August 20, 2024
Page 2

      For these reasons and those stated in Lead Plaintiff's opposition to Defendants' motion to dismiss, Lead Plaintiff respectfully submits that Defendants' motion to dismiss should be denied. We appreciate Your Honor's attention to this matter and are available at the Court's convenience.

Respectfully submitted,

*/s/ Katherine M. Sinderson*

*Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System*

cc:    All Counsel