# EXHIBIT C

| | |
|---|---|
| **From:** | Jesse Bernstein |
| **Sent:** | Thursday, April 17, 2025 5:03 PM |
| **To:** | Salvatore Graziano |
| **Cc:** | Katie M. Sinderson; Jeremy Robinson; John Rizio-Hamilton; Sarah Heaton Concannon |
| **Subject:** | RE: Following up |

Sal, thank you for providing Mr. Tenreiro's revisions to paragraph 3. This paragraph raises additional questions, as it appears to go beyond what had been represented to us as the extent of Mr. Tenreiro's role in the SF-4519 and SEC v Musk 25-cv-105 (D.D.C.) matters. Paragraph 3–as modified by Mr. Tenreiro—suggests that he had involvement in both his capacity as Enforcement Counsel to the Chair and Chief Litigation Counsel. Our understanding is that those positions play a critical role with regard to the authorization and approval of litigated actions, particularly high profile and controversial actions such as the action filed against Mr. Musk.

Accordingly, please let us know in which capacity[ies] Mr. Tenreiro served when SF-4519 was opened, when the Formal Order was issued, and when document subpoenas were served and testimony taken. In his role as Enforcement Counsel to the Chair, did Mr. Tenreiro provide advice and counsel to the Chair in connection with the investigation? Did Mr. Tenreiro liaise with the Enforcement Director, the Division of Enforcement Front Office, and/or the Enforcement staff investigating the matter concerning the matter? In his capacity as Chief Litigation Counsel, did Mr. Tenreiro provide comments to the memorandum ultimately submitted to the Commission concerning the Enforcement Staff's recommendation to bring a litigated action? Did Mr. Tenreiro participate (orally, by text, or by email) in discussions with the Enforcement Director and/or Senior Officers concerning the recommendation to the Commission? Did Mr. Tenreiro attend any meetings during which the Commission discussed potential political motivations for the action, as has been reported in the media?

Best,
Jesse

**From:** Salvatore Graziano <Salvatore@blbglaw.com>
**Sent:** Wednesday, April 16, 2025 2:19 PM
**To:** Jesse Bernstein <jessebernstein@quinnemanuel.com>
**Cc:** Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Subject:** RE: Following up

**[EXTERNAL EMAIL from salvatore@blbglaw.com]**

Thanks Jesse. In terms of your email, its all fine with us except that Jorge would change paragraph 3 as revised below. We showed this to Prof. Green today and he does not believe the changes affect the analysis given the wall. Here is paragraph 3 as revised. Please let us know if we can continue to state that Defendants do not oppose our motion:

3. Mr. Tenreiro has no recollection of any confidential government information underlying the allegations in SEC v. Musk, 25-cv-105 (D.D.C) or the allegations in the Rasella matter, or, to his knowledge, of any other non-public information that could be used to the material disadvantage of Mr. Musk in the Rasella matter. Mr. Tenreiro did not take any action that was necessary for the filing of the SEC action and was not assigned to conduct or supervise the SEC investigation (SF-4519)

regarding Mr. Musk's ownership or disclosure of his Twitter stake or the filing of the action captioned SEC v. Musk, 25-cv-105 (D.D.C.), and played no role in that investigation, apart from, in the routine course of his duties as Enforcement Counsel to the Chair or Chief Litigation Counsel, reviewing documents relating to the decision of whether to file an action and participating in discussions concerning the potential filing of the action.

---

**From:** Jesse Bernstein <jessebernstein@quinnemanuel.com>
**Sent:** Wednesday, April 16, 2025 8:18 AM
**To:** Salvatore Graziano <Salvatore@blbglaw.com>
**Cc:** Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Subject:** RE: Following up

**[This message is from an external sender]**

---

Sal,

Thank you for the draft declaration from Professor Green.  Our understanding based on our communications and Professor Green's draft declaration is that:

1. Mr. Tenreiro will be walled off from the Rasella Matter and apportioned no fee from the matter;
2. No partner, employee, or agent of BLBG has ever discussed the allegations underlying the Rasella Matter with Mr. Tenreiro;
3. Mr. Tenreiro played no role in the SEC investigation (SF-4519) regarding Mr. Musk's ownership or disclosure of his Twitter stake or the filing of the action captioned SEC v. Musk, 25-cv-105 (D.D.C.), apart from reviewing a memo (which we understand to mean that Mr. Tenreiro did not participate in Senior Officer discussions concerning the potential filing of the action or take any actions necessary for the filing of the SEC action beyond reviewing the memo, e.g., he did not approve the memo as Chief Trial Counsel, participate in meetings with the Director of Enforcement or Acting Director of Enforcement concerning the matter, assign supervisory trial counsel or other staff to the litigated matter, or appear before the Commission in his capacity as Chief Trial Counsel when the action was approved by the Commission to be filed;
4. No one at BLBG had any discussions with Mr. Tenreiro regarding the potential prospect of joining BLBG until after the SEC filed its claim against Mr. Musk related to his ownership stake in Twitter; and
5. Mr. Tenreiro will not communicate with the Commission or its employees in connection with SEC v. Musk, 25-cv-105 (D.D.C.).

Can you please confirm that our understanding of these points is correct.  Assuming our understanding is correct, we will not oppose your motion (though we do not consent).

Best,
Jesse

---

**From:** Salvatore Graziano <Salvatore@blbglaw.com>
**Sent:** Friday, April 11, 2025 2:39 PM
**To:** Jesse Bernstein <jessebernstein@quinnemanuel.com>
**Cc:** Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>
**Subject:** Re: Following up

My bad.  I actually have a Seder on Saturday.  Tuesday is fine.  Thank you.

> On Apr 11, 2025, at 1:51 PM, Jesse Bernstein <jessebernstein@quinnemanuel.com> wrote:

Thank you, Sal.  We will review.  Passover is this weekend and I won't be back online until Monday evening, so we likely won't be able to get you an answer until Tuesday.

On Apr 11, 2025, at 1:49 PM, Salvatore Graziano <Salvatore@blbglaw.com> wrote:

**[EXTERNAL EMAIL from salvatore@blbglaw.com]**

Jesse,

Further to our discussion, attached is the current draft of Professor Bruce Green's opinion in connection with our anticipated motion to Judge Carter regarding the ethical screen for the potential hiring of Jorge Tenreiro by BLBG.  We note that Professor Green's opinion is consistent with the opinion he rendered in an action where he was retained by Quinn Emanuel (attached for your convenience). Please let us know if there is any change in your clients' position by Monday. If we do not hear from you by then, we will conclude that your clients to continue to oppose and will file our motion. Thanks. Sal.

<BLBG-#3667357_v5-Twitter - Bruce Green Declaration.docx>
<Libor - Bruce Green Declaration.pdf>

3