# EXHIBIT D

| | |
|---|---|
| **From:** | Jesse Bernstein |
| **Sent:** | Monday, April 21, 2025 3:42 PM |
| **To:** | Salvatore Graziano; Sarah Heaton Concannon |
| **Cc:** | John Rizio-Hamilton; Katie M. Sinderson; Jeremy Robinson; Alex Spiro |
| **Subject:** | RE: Following up |

Sal,

In light of the additional detail you provided regarding Mr. Tenreiro's role, Defendants intend to oppose Plaintiff's motion.

Best,
Jesse

**Jesse Bernstein | Partner**
**Quinn Emanuel Urquhart & Sullivan**
**295 Fifth Avenue | New York, NY 10016**
212-849-7036 Direct | 347-798-3644 Mobile
jessebernstein@quinnemanuel.com | www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Salvatore Graziano <Salvatore@blbglaw.com>
**Sent:** Monday, April 21, 2025 2:37 PM
**To:** Jesse Bernstein <jessebernstein@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>
**Subject:** Re: Following up

**[EXTERNAL EMAIL from salvatore@blbglaw.com]**

Jesse we are filing with the court today. As of now, I will tell the court that defendants either take no position or oppose our motion and that your position is not clear to us. If you can clarify this in the next few hours, we would appreciate it. Thank you.

On Apr 18, 2025, at 12:26 PM, Salvatore Graziano <Salvatore@blbglaw.com> wrote:

Jesse,

Thanks for your response, and see the answers below. Given the fact that Mr. Tenreiro will be walled off from our litigation, we do not believe these additional questions or

1

responses have any relevance. Nonetheless, given we have already substantially delayed Mr. Tenreiro's potential start at our firm, please let me know by Monday if your clients take no position or oppose our motion.

In response to your question about which "capacity[ies] Mr. Tenreiro served when SF-4519 was opened, when the Formal Order was issued, and when document subpoenas were served and testimony taken," Mr. Tenreiro is unaware of when these specific events took place, but he is able to tell you that he was in the following roles at the following times:

From approximately late August 2021 through approximately September 12, 2022, he was detailed to the Office of the Chair of the SEC, serving as the Enforcement Counsel to the Chair. From approximately September 13, 2022 through November 30, 2024, he was the Deputy Chief and, starting in late June 2024 also the Acting Chief, of the SEC's Crypto Assets and Cyber Unit. From December 1, 2024, through February 3, 2025, he was the SEC's Chief Litigation Counsel.

Your question asking if, "in his role as Enforcement Counsel to the Chair, did Mr. Tenreiro provide advice and counsel to the Chair in connection with the investigation," seeks privileged SEC information. In any event, Mr. Tenreiro has no recollection of whether he did or did not do so.

As to whether "Mr. Tenreiro liaise[d] with the Enforcement Director, the Division of Enforcement Front Office, and/or the Enforcement staff investigating the matter concerning the matter," again, this question seeks SEC privileged matter. In any event, Mr. Tenreiro has no recollection of whether he did or did not do so in his capacity as Enforcement Counsel to the Chair.

Your remaining three questions also seek SEC privileged information.

Just to reiterate, Mr. Tenreiro has no recollection of any confidential government information underlying the allegations in SEC v. Musk, 25-cv-105 (D.D.C) or the allegations in the Rasella matter, or, to his knowledge, of any other non-public information that could be used to the material disadvantage of Mr. Musk in the Rasella matter.

We plan to file our motion on Monday and hope to hear back from you by then. Sal.