# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, | No. 1:22-cv-03026-ALC-GWG |
| Plaintiff, | |
| v. | |
| ELON R. MUSK, ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, and JARED BIRCHALL, | |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Elon R. Musk ("Mr. Musk"), the Elon Musk Revocable Trust dated July 22, 2003 (the "Trust"), Excession, LLC ("Excession"), and Jared Birchall ("Mr. Birchall," and collectively, the "Defendants"), by their undersigned attorneys, hereby answer the Amended Complaint (ECF Nos. 73, 74, 99, the "Amended Complaint"), dated April 30, 2024.

## GENERAL DENIAL

The Court's Order dated September 29, 2023 (ECF No. 49, the "First MTD Order") granted in part and denied in part Mr. Musk and the Trust's motion to dismiss the Plaintiff's complaint (ECF No. 33), dismissing entirely Plaintiff's claims of insider trading. No response is necessary to extraneous the allegations in the Amended Complaint that relate solely to the claims that have been dismissed.

The Court's Order dated March 28, 2025 (ECF No. 118, the "Second MTD Order," and together with the First MTD Order, the "MTD Orders") granted in part and denied in part Defendants' motion to dismiss the Amended Complaint. The Second MTD Order dismissed

Plaintiff's 10(b)-5(a) and (c) claims to the extent that these claims are predicated on the allegedly deceptive act of Defendants making false statements of legal blessing as to their trading strategy, and the 10(b)-5(b) claim to the extent that this claim is predicated on the following three statements: (1) Mr. Musk's March 25, 2022 Twitter poll; (2) Mr. Musk's March 26, 2022 "What should be done?" tweet; and (3) Mr. Musk's March 26, 2022 "Is a new platform needed?" tweet. No response is necessary to the allegations in the AC that have been dismissed.

To the extent that paragraphs in the Amended Complaint are grouped under headings and subheadings (which are also listed in the Amended Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments requiring a response. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Amended Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Amended Complaint, including, without limitation, any allegation in the unnumbered paragraphs, headings, subheadings, footnotes, or the prayer for relief. Defendants further answer the numbered paragraphs of the Amended Complaint as follows.

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE AMENDED COMPLAINT

1.    Defendants deny the allegations in Paragraph 1.

2.    Defendants deny the allegations in Paragraph 2, except respectfully refer the Court to information concerning historical prices of Twitter, Inc. stock for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents.

3.    Defendants deny the allegations in Paragraph 3, except admit that Mr. Musk owns an indirect, controlling interest in X Corp. (formerly Twitter, Inc.), that Mr. Musk rebranded Twitter as X, and that Mr. Musk co-founded a company called X.com in 1999.

4.     Defendants deny the allegations in Paragraph 4, except admit that Mr. Musk has used the quoted phrases in relation to the Securities and Exchange Commission but deny the allegations insofar as each phrase is quoted out of context.

5.     Defendants deny the allegations in Paragraph 5.

6.     Defendants state that Paragraph 6 contains legal conclusions to which no response is required.  To the extent Paragraph 6 sets forth factual allegations, those are denied.

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.  To the extent a further response is required, Defendants deny the allegations in Paragraph 7.

8.     Defendants deny the allegations in the first sentence of Paragraph 8 except respectfully refer the Court to the full testimony referenced in the last three sentences of Paragraph 8 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

9.     Defendants deny the allegations in Paragraph 9 except respectfully refer the Court to the full testimony referenced in Paragraph 9 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

10.    Defendants deny the allegations in Paragraph 10 except respectfully refer the Court to the full testimony referenced in second sentence of Paragraph 10 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

11.    Defendants deny the allegations in Paragraph 11.

12.    Defendants deny the allegations in Paragraph 12 except admit that Mr. Musk purchased more than $2 billion shares of Twitter in early 2022 and with the assistance of Morgan Stanley. To the extent the allegations in Paragraph 12 were dismissed, they require no response. To the extent Paragraph 12 purports to describe or summarize documents, Defendants respectfully refer the Court to those documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

13.    Defendants deny the allegations in Paragraph 13 except admit that Mr. Birchall had communications with Morgan Stanley, respectfully refer the Court to the full communications for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 13 were dismissed, they require no response.

14.    The allegations in Paragraph 14 were dismissed and require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 14, except respectfully refer the Court to the full referenced testimony for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

15.    Paragraph 15 primarily sets forth legal conclusions and allegations that were dismissed and therefore require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 15, except admit that Mr. Musk acquired more than 5% of Twitter's outstanding shares. Defendants respectfully refer the Court to the testimony referenced in Paragraph 15 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

16.    Defendants deny the allegations in Paragraph 16 except admit that Mr. Musk purchased over $2 billion of shares of Twitter stock.

17.    Defendants deny the allegations in Paragraph 17 except admit that Mr. Musk acquired additional shares of Twitter stock.  To the extent Paragraph 17 purports to describe or summarize documents, Defendants respectfully refer the Court to those documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

18.    Defendants deny the allegations in Paragraph 18 except admit that Mr. Musk acquired additional shares of Twitter stock.  To the extent Paragraph 18 purports to describe or summarize testimony, Defendants respectfully refer the Court to the full testimony for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

19.    Defendants deny the allegations in Paragraph 19 except admit that Mr. Musk met with Parag Agrawal, Jack Dorsey, and Bret Taylor.  To the extent Paragraph 19 purports to describe or summarize documents concerning those meetings, Defendants respectfully refer the Court to those documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  The last clause of the third sentence of Paragraph 19 contains legal conclusions to which no response is required.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21 except admit to the existence of the offer and letter agreement referred to in the first two sentences of Paragraph 21 and respectfully refer the Court to those items for their true and correct contents and deny the allegations to the

extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

22.    Defendants deny the allegations in Paragraph 22 except admit to the filing of the Schedule 13G disclosing Mr. Musk's 9.2% ownership and respectfully refer the Court to the Schedule 13G for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. Defendants further state that to the extent Paragraph 22 asserts legal conclusions, no response is required.

23.    Defendants deny the allegations in Paragraph 23, respectfully refer the Court to the referenced documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

24.    Defendants deny the allegations in Paragraph 24, respectfully refer the Court to the referenced documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

25.    Defendants deny the allegations in Paragraph 25, respectfully refer the Court to information concerning historical prices of Twitter, Inc. stock for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

26.    Paragraph 26 characterizes Plaintiff's action and therefore does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.    Paragraph 27 asserts legal conclusions to which no response is required. To the extent the allegations in Paragraph 27 were dismissed, they require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     The first sentence of Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 28.  Defendants deny the allegations in the second sentence of Paragraph 28 except admit to the purchase of shares of Twitter on the New York Stock Exchange.

29.     Paragraph 29 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 29 except admit that Twitter's securities were listed and traded on the New York Stock Exchange.

30.     Defendants deny the allegations in Paragraph 30 except admit that the Amended Complaint alleges the use of telephone communications and national securities exchanges.

31.     Defendants deny knowledge or information sufficient to admit or deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32 except admit that Mr. Musk acquired Twitter (now X) in an approximately $44 billion transaction that closed on October 27, 2022 following litigation, admit that Mr. Musk named himself "Chief Twit" and made personnel changes, and admit that Mr. Musk is Technoking of Tesla, Inc.  Defendants deny the characterization of these matters in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33 and respectfully refer the Court to the referenced article for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

34.     Defendants deny the allegations in Paragraph 34 except admit that Plaintiff named the Trust as a defendant in this Action and that Mr. Mr. Musk is its sole Trustee.  To the extent Paragraph 34 quotes from documents, Defendants respectfully refer the Court to the documents

for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

35.     Defendants deny the allegations in Paragraph 35 except admit that Plaintiff named Excession as a defendant in this Action and that Excession is Mr. Musk's family office, respectfully refer the Court to the referenced article for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

36.     Defendants admit the allegations in Paragraph 36 except deny knowledge or information sufficient to admit or deny what Mr. Birchall is "known as."

37.     Defendants deny the allegations in Paragraph 37 except admit to Mr. Birchall's positions at Goldman Sachs, Merrill Lynch, and Morgan Stanley.  Defendants deny the allegations as characterized in Paragraph 37.  To the extent Paragraph 37 quotes from documents, Defendants respectfully refer the Court to the documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

38.     The allegations in the first sentence of Paragraph 38 are too vague and subjective to admit or deny.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 38.  Defendants deny the allegations in the remainder of Paragraph 38 except admit to the existence of the meritless defamation lawsuit against Mr. Musk.

39.     The allegations in the first sentence of Paragraph 39 are too vague and subjective to admit or deny.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 39 except admit that Mr. Musk has entrusted aspects of his finances to Mr. Birchall.  As to the remainder of Paragraph 39, which purports to summarize or describe testimony,

Defendants respectfully refer the Court to the full testimony referenced in Paragraph 39 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

40.     Defendants admit the allegations in the first sentence of Paragraph 40 except deny the characterization of X as a social media company.  Defendants admit the allegations in the second, third, fourth, and fifth sentences of Paragraph 40.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants admit the allegations in the first sentence of Paragraph 41 on information and belief.  Defendants deny the remaining allegations in Paragraph 41 except, to the extent Paragraph 41 purports to summarize or describe documents or testimony, Defendants respectfully refer the Court to the full documents and testimony for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and seventh sentences of Paragraph 42.  Defendants otherwise deny the allegations as characterized in Paragraph 42.  To the extent Paragraph 42 purports to describe or summarize any documents, Defendants respectfully refer the Court to those documents for their contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

43.     Defendants deny the allegations in Paragraph 43, except respectfully refer the Court to the interview referenced in the third sentence of Paragraph 43 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

44.     Defendants deny the allegations in Paragraph 44, and further state that a jury found Mr. Musk was not liable under the securities laws in connection with the events described in Paragraph 44.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 45 as to the reasons for the movement in Tesla shares and respectfully refer the Court to information concerning Tesla's historical stock price for its true and correct contents and deny the allegations in Paragraph 45 to the extent Plaintiff has misreported or mischaracterized them.  Defendants deny the allegations in the second sentence of Paragraph 45 except admit that trading was halted.  To the extent Paragraph 45 purports to summarize or describe a *New York Times* article, Defendants respectfully refer the Court to the referenced article for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

46.     Defendants deny the allegations in the first sentence of Paragraph 46 except admit that the SEC commenced an investigation into Mr. Musk's tweet and state that a jury found Mr. Musk not liable under the securities laws in a class action arising from the events described in Paragraph 46.  To the extent Paragraph 46 purports to summarize or describe a *New York Times* article, Defendants respectfully refer the Court to the referenced article for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

47.     Defendants deny the allegations in Paragraph 47 except admit that Mr. Musk reached a settlement with the SEC on or about September 29, 2018 and respectfully refer the Court to the settlement terms referenced in the second sentence of Paragraph 47 for their true and correct

contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

48.    Defendants deny the allegations in Paragraph 48 except respectfully refer the Court to the referenced materials in Paragraph 48 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  Defendants further note that the last sentence of Paragraph 48 contains legal conclusions to which no response is required.

49.    Defendants deny the allegations in the first sentence of Paragraph 49.  Defendants deny the allegations in the remainder of Paragraph 49 except admit that Mr. Musk filed the referenced motion and respectfully refer the Court to the referenced materials for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

50.    Paragraph 50 assert legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the referenced court order for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

51.    Defendants deny the allegations in Paragraph 51, except admit to the existence of the referenced Twitter post and interview and respectfully refer the Court to the materials referenced in Paragraph 51 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents and taken them out of context.

52.    Defendants deny the allegations in Paragraph 52, except respectfully refer the Court to testimony referenced in the second and third sentences of Paragraph 52 for its true and correct

contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

53.    Defendants deny the allegations in Paragraph 53, except respectfully refer the Court to the referenced *Wall Street Journal* article and Twitter posts for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context and deny knowledge or information sufficient to admit or deny the allegations concerning what caused the referenced changes in Tesla's stock price or the SEC's actions.

54.    Defendants deny the allegations in Paragraph 54 except respectfully refer the Court to the sources for the quotations referenced in Paragraph 54 and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

55.    Defendants deny the allegations in Paragraph 55 except respectfully refer the Court to the Twitter posts referenced in Paragraph 55 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

56.    Defendants deny the allegations in Paragraph 56 except respectfully refer the Court to the Twitter post referenced in Paragraph 56 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

57.    Defendants deny the allegations in Paragraph 57 except deny knowledge or information sufficient to admit or deny the allegations as to the UCLA Law curriculum.

58.    Paragraph 58 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59.     Paragraph 59 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Paragraph 60 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the House Report and source of the quotation referenced in Paragraph 60 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

61.     Paragraph 61 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the materials containing the referenced SEC statements in Paragraph 61 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

62.     Paragraph 62 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the opinions cited in Paragraph 62 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

63.     Paragraph 63 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the SEC materials referenced in Paragraph 63 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

64.    Defendants respectfully refer the Court to the press release and comment letters referenced in Paragraph 64 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

65.    Defendants deny the allegations in the first sentence of Paragraph 65.  Defendants respectfully refer the Court to the article and source of the quotation referenced in the second and third sentences of Paragraph 65 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

66.    Defendants deny the allegations in Paragraph 66, except respectfully refer the Court to the SEC materials referenced in Paragraph 66 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

67.    Defendants deny the allegations in Paragraph 67, except respectfully refer the Court to the testimony referenced in the second and third sentences of Paragraph 67 their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

68.    Defendants deny the allegations in Paragraph 68, except insofar as Paragraph 68 purports to describe a referenced "notification," Defendants respectfully refer the Court to the referenced materials for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

69.    Paragraph 69 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Schedules and

rules/instructions referenced in Paragraph 69 and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

70.     Paragraph 70 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71.     Paragraph 71 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Schedules and rules/instructions referenced in Paragraph 71, and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

72.     Paragraph 72 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the SEC document referenced in Paragraph 72 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

73.     Defendants deny the allegations in Paragraph 73, except respectfully refer the Court to the referenced testimony for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

74.     Defendants deny the allegations in Paragraph 74, except Defendants respectfully refer the Court to the referenced testimony in Paragraph 74 for its true and correct contents and deny the allegations in Paragraph 74 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

75.     Defendants deny the allegations as characterized in Paragraph 75 except admit that the SEC brought the referenced enforcement action and that excerpts of Mr. Musk's deposition testimony was made public in the referenced litigation.  Defendants further state that a jury found Mr. Musk not liable in the referenced litigation.

76.     Defendants deny the allegations as characterized in Paragraph 76 except respectfully refer the Court to the deposition and summary judgment opinion referenced in Paragraph 76 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents.

77.     Defendants deny the allegations as characterized in Paragraph 77 except respectfully refer the Court to the testimony referenced in Paragraph 77 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

78.     Defendants deny the allegations as characterized in Paragraph 78 except respectfully refer the Court to the document referenced in Paragraph 78 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

79.     Defendants deny the allegations as characterized in Paragraph 79 except respectfully refer the Court to the testimony referenced in Paragraph 79 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81 except deny knowledge or information sufficient to admit or deny Plaintiff's vague allegations as to the "purpose, timing, and requirements."

82.     Defendants deny the allegations as characterized in Paragraph 82 and respectfully refer the Court to the documents and testimony referenced in Paragraph 82 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents.  To the

extent the allegations in Paragraph 82 were held insufficient to state a claim by the Court, they require no response.

83.    Defendants deny the allegations as characterized in Paragraph 83 and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 83 concerning any alleged discounted prices.  Defendants further respectfully refer the Court to the documents and testimony referenced in Paragraph 83 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents.  To the extent the allegations in Paragraph 83 were held insufficient to state a claim by the Court, they require no response

84.    Defendants deny the allegations as characterized in Paragraph 84.  Defendants respectfully refer the Court to the biography referenced in Paragraph 84 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

85.    Defendants deny the allegations as characterized in Paragraph 85 and respectfully refer the Court to the biography and testimony referenced in Paragraph 85 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 85 were held insufficient to state a claim by the Court, they require no response.

86.    Defendants deny the allegations as characterized in Paragraph 86 and respectfully refer the Court to the biography and documents referenced in Paragraph 86 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 86 were held insufficient to state a claim by the Court, they require no response.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations as characterized in Paragraph 88 and respectfully refer the Court to the documents and testimony referenced in Paragraph 88 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 88 were held insufficient to state a claim by the Court, they require no response.

89.     Defendants deny the allegations as characterized in Paragraph 89 and respectfully refer the Court to the documents referenced in Paragraph 89 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 89 were held insufficient to state a claim by the Court, they require no response.

90.     Defendants deny the allegations as characterized in Paragraph 90.  To the extent Paragraph 90 purports to describe or summarize any documents, Defendants respectfully refer the Court to those documents for their contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

91.     Defendants admit that Musk purchased shares of Twitter from January to March 2022, and that the table in Paragraph 91 of the Amended Complaint reflects certain of those purchases.  Defendants otherwise deny the allegations in Paragraph 91 and further deny the allegations to the extent they imply improper intent to conceal such purchases.

92.     Defendants deny the allegations as characterized in Paragraph 92 except admit that Morgan Stanley purchased shares on Musk's behalf beginning in January 2022 and deny knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of Paragraph 92 concerning any alleged stock price impact based on demand.  Defendants

further respectfully refer the Court to the testimony and documents referenced in the third, fifth, and sixth sentences of Paragraph 92 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

93.    Defendants deny the allegations as characterized in Paragraph 93 and respectfully refer the Court to the documents referenced in Paragraph 93 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

94.    Defendants deny the allegations as characterized in Paragraph 94, respectfully refer the Court to the documents referenced in Paragraph 94 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

95.    Defendants deny the allegations as characterized in Paragraph 95 and respectfully refer the Court to the documents referenced in Paragraph 95 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

96.    Defendants deny the allegations in Paragraph 96.  To the extent Paragraph 96 purports to describe or summarize any documents, Defendants respectfully refer the Court to those documents for their contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  Defendants further state that to the extent Paragraph 96 asserts legal conclusions, no response is required.

97.    Defendants deny the allegations as characterized in Paragraph 97 and respectfully refer the Court to the documents and testimony referenced in Paragraph 97 for their true and correct

contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

98.     Defendants deny the allegations as characterized in Paragraph 98 and respectfully refer the Court to the documents referenced in Paragraph 98 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

99.     Defendants deny the allegations as characterized in Paragraph 99, except admit that Mr. Musk had been a Morgan Stanley client and respectfully refer the Court to the testimony and documents referenced in Paragraph 99 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 99 were held insufficient to state a claim by the Court, they require no response.

100.     Defendants deny the allegations as characterized in Paragraph 100 and respectfully refer the Court to the documents referenced in Paragraph 100 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 100 were held insufficient to state a claim by the Court, they require no response.

101.     Defendants deny the allegations as characterized in Paragraph 101 and respectfully refer the Court to the documents referenced in Paragraph 101 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 101 were held insufficient to state a claim by the Court, they require no response.

102.    Defendants deny the allegations as characterized in Paragraph 102 and respectfully refer the Court to the document referenced in Paragraph 102 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 102 were held insufficient to state a claim by the Court, they require no response.

103.    Defendants deny the allegations as characterized in Paragraph 103 and respectfully refer the Court to the document referenced in Paragraph 103 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 103 were held insufficient to state a claim by the Court, they require no response.

104.    Defendants deny the allegations as characterized in Paragraph 104 and respectfully refer the Court to the documents referenced in Paragraph 104 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 104 were held insufficient to state a claim by the Court, they require no response.

105.    Defendants deny the allegations as characterized in Paragraph 105 and respectfully refer the Court to the document referenced in Paragraph 105 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 105 were held insufficient to state a claim by the Court, they require no response.

106.    Defendants deny the allegations as characterized in Paragraph 106 and respectfully refer the Court to the document referenced in Paragraph 106 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them,

or taken them out of context.  To the extent the allegations in Paragraph 106 were held insufficient to state a claim by the Court, they require no response.

107.    Defendants deny the allegations as characterized in Paragraph 107 and respectfully refer the Court to the testimony and documents referenced in Paragraph 107 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 107 were held insufficient to state a claim by the Court, they require no response.

108.    Defendants deny the allegations as characterized in Paragraph 108 and respectfully refer the Court to the document referenced in Paragraph 108 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

109.    Defendants deny the allegations as characterized in Paragraph 109 and respectfully refer the Court to the document referenced in the second sentence of Paragraph 109 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

110.    Defendants deny the allegations as characterized in Paragraph 110 and respectfully refer the Court to the document referenced in Paragraph 110 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

111.    Defendants deny the allegations as characterized in Paragraph 111 and respectfully refer the Court to the testimony referenced in Paragraph 111 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them,

or taken them out of context. To the extent the allegations in Paragraph 111 were held insufficient to state a claim by the Court, they require no response.

112.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 112. Defendants respectfully refer the Court to the testimony and documents referenced in Paragraph 112 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. Defendants otherwise deny the allegations as characterized in Paragraph 112. To the extent the allegations in Paragraph 112 were held insufficient to state a claim by the Court, they require no response. Defendants further state that to the extent Paragraph 112 asserts legal conclusions, no response is required.

113.    Defendants deny the allegations as characterized in Paragraph 113 and respectfully refer the Court to the documents referenced in Paragraph 113 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 113 were held insufficient to state a claim by the Court, they require no response.

114.    Defendants deny the allegations as characterized in Paragraph 114 and respectfully refer the Court to the document referenced in Paragraph 114 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 114 were held insufficient to state a claim by the Court, they require no response.

115.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 115 and respectfully refer the Court to the document referenced in Paragraph 115 for its true and correct contents and deny the allegations to

the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

116.    Defendants deny the allegations as characterized in Paragraph 116 and respectfully refer the Court to the testimony referenced in Paragraph 116 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 116 were held insufficient to state a claim by the Court, they require no response.  Defendants further state that to the extent Paragraph 116 asserts legal conclusions, no response is required.

117.    Defendants respectfully refer the Court to the document referenced in Paragraph 117 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 117 were held insufficient to state a claim by the Court, they require no response.

118.    Defendants deny the allegations as characterized in Paragraph 118 and respectfully refer the Court to the testimony and documents referenced in Paragraph 118 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 118 were held insufficient to state a claim by the Court, they require no response.  Defendants further state that to the extent Paragraph 118 asserts legal conclusions, no response is required.

119.    Defendants deny the allegations as characterized in Paragraph 119 and respectfully refer the Court to the document referenced in Paragraph 119 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 119 were held insufficient to state a claim by the Court, they require no response.

120.    Defendants deny the allegations as characterized in Paragraph 120 and respectfully refer the Court to the document and client update referenced in Paragraph 120 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 120 were held insufficient to state a claim by the Court, they require no response.  Defendants further state that to the extent Paragraph 120 asserts legal conclusions, no response is required.

121.    Defendants respectfully refer the Court to the document referenced in Paragraph 121 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 121 were held insufficient to state a claim by the Court, they require no response.

122.    Defendants deny the allegations as characterized in Paragraph 122 and respectfully refer the Court to the documents referenced in Paragraph 122 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 122 were held insufficient to state a claim by the Court, they require no response.

123.    Defendants deny the allegations as characterized in Paragraph 123 and respectfully refer the Court to the document referenced in Paragraph 123 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 123 were held insufficient to state a claim by the Court, they require no response.

124.    Defendants deny the allegations as characterized in the first sentence of Paragraph 124 and respectfully refer the Court to the testimony referenced in the second and third sentences of Paragraph 124 for its true and correct contents and deny the allegations to the extent Plaintiff

has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 124 were held insufficient to state a claim by the Court, they require no response. Defendants further state that to the extent Paragraph 124 asserts legal conclusions, no response is required.

125. Defendants deny the allegations as characterized in Paragraph 125 and respectfully refer the Court to the document referenced in Paragraph 125 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 125 were held insufficient to state a claim by the Court, they require no response.

126. Defendants deny the allegations as characterized in Paragraph 126 and respectfully refer the Court to the testimony referenced in Paragraph 126 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 126 were held insufficient to state a claim by the Court, they require no response. Defendants further state that to the extent Paragraph 126 asserts legal conclusions, no response is required.

127. Defendants respectfully refer the Court to the testimony referenced in Paragraph 127 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

128. Defendants respectfully refer the Court to the testimony referenced in Paragraph 128 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 128 were held insufficient to state a claim by the Court, they require no response.

129.    Defendants deny the allegations as characterized in Paragraph 129 and respectfully refer the Court to the testimony referenced in the second, third, and fourth sentences of Paragraph 129 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 129 were held insufficient to state a claim by the Court, they require no response.  Defendants further state that to the extent Paragraph 129 asserts legal conclusions, no response is required.

130.    Defendants deny the allegations as characterized in Paragraph 130 and respectfully refer the Court to the document referenced in Paragraph 130 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

131.    Defendants deny the allegations as characterized in Paragraph 131 and respectfully refer the Court to the document referenced in Paragraph 131 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

132.    Defendants deny the allegations as characterized in Paragraph 132 and respectfully refer the Court to the testimony referenced in Paragraph 132 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

133.    Defendants deny the allegations as characterized in Paragraph 133 and respectfully refer the Court to the document referenced in Paragraph 133 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

134.    Defendants deny the allegations as characterized in Paragraph 134 and respectfully refer the Court to the document referenced in Paragraph 134 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

135.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.  Defendants respectfully refer the Court to the notice referenced in Paragraph 135 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

136.    Defendants deny the factual allegations as characterized in Paragraph 136, except respectfully refer the Court to the documents referenced in Paragraph 136 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

137.    Defendants admit the allegations in the first, second, and third sentences of Paragraph 137 and respectfully refer the Court to the testimony referenced in the fourth sentence of Paragraph 137 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

138.    Defendants deny the allegations in Paragraph 138, except respectfully refer the Court to the SEC filing referenced in the second sentence of Paragraph 138 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

139.    Defendants deny the allegations in the second sentence of Paragraph 139 except admit that Defendants did not file a Schedule 13D on March 24, 2022.

140.    Defendants deny the allegations in Paragraph 140 except admit to the existence of the text message referenced therein, respectfully refer the Court to the text message referenced in Paragraph 140 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

141.    Defendants deny the allegations in Paragraph 141, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the trading volume of Twitter stock on March 25, 2022.  Defendants further state that to the extent Paragraph 141 asserts a legal conclusion regarding the purported Class Period, no response is required.

142.    Defendants deny the allegations in Paragraph 142.  To the extent Paragraph 142 purports to describe or summarize text messages, Defendants deny that the allegations in Paragraph 142 provide a complete and/or accurate description of the matters purportedly described therein, respectfully refer the Court to the text messages referenced in Paragraph 142 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

143.    Defendants deny the allegations in Paragraph 143.  To the extent Paragraph 143 purports to summarize or describe an email, Defendants deny that the allegations provide a complete and/or accurate description of the matters purportedly described therein and respectfully refer the Court to the referenced email in Paragraph 143 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

144.    Defendants deny the allegations in Paragraph 144, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 144 concerning any alleged causes of changes in Twitter stock prices.

145.    Defendants deny the allegations in Paragraph 145, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 145 concerning any alleged savings.  Defendants respectfully refer the Court to the testimony referenced in the third and fourth sentences of Paragraph 145 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

146.    Defendants deny the allegations in the first and fourth sentences of Paragraph 146, and deny knowledge or information sufficient to form a belief at to the truth of the allegations in the remaining sentences of Paragraph 146.  Defendants respectfully refer the Court to public information concerning the trading volume of Twitter stock, and deny the allegations in the third sentence of Paragraph 146 to the extent Plaintiff has misreported or mischaracterized that information.

147.    Defendants deny knowledge or information sufficient to form a belief at to the truth of the allegations in Paragraph 147.  To the extent a further response is required, Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.  To the extent Paragraph 148 purports to describe or summarize any tweets and/or news reports, Defendants respectfully refer the Court to those tweets and/or new reports for their contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 148 were dismissed, they require no response.

149.    Defendants respectfully refer the Court to the Twitter posts referenced in Paragraph 149 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

150.    Defendants respectfully refer the Court to the Twitter posts referenced in Paragraph 150 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, misrepresented them, or taken them out of context. To the extent the allegations in Paragraph 150 were dismissed, they require no response.

151.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, except to admit that Musk's Twitter posts received millions of views and engagements. To the extent the allegations in Paragraph 151 were dismissed, they require no response. To the extent a further response is required, Defendants deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about the concerns of a third party.

153.    Defendants deny the allegations in Paragraph 153, except admit to the existence of the text messages referenced therein, respectfully refer the Court to the text messages referenced in Paragraph 153 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

154.    Defendants deny the allegations in Paragraph 154, except respectfully refer the Court to the message referenced in Paragraph 154 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

155.    Defendants deny the allegations in Paragraph 155, except admit to the existence of the Twitter posts referenced therein, respectfully refer the Court to the Twitter posts referenced in Paragraph 155 for their true and correct contents and deny the allegations to the extent Plaintiff

has misreported those contents, mischaracterized them, or taken them out of context. To the extent the allegations in Paragraph 155 were dismissed, they require no response.

156. Defendants respectfully refer the Court to the Twitter post referenced in Paragraph 156 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

157. Defendants deny the allegations in Paragraph 157, except respectfully refer the Court to the Twitter post referenced therein for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context. Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 157 concerning any alleged impact of the referenced Twitter post on Twitter's stock price. To the extent the allegations in Paragraph 157 were dismissed, they require no response.

158. Defendants deny the allegations in Paragraph 158, except admit to the existence of the Twitter post and text message referenced therein for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

159. Defendants deny the allegations in Paragraph 159, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 159 concerning any alleged savings.

160. Defendants deny the allegations in Paragraph 160 except admit to the existence of the Twitter posts referenced in Paragraph 160 and respectfully refer the Court to them for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 162.  In response to the second sentence of Paragraph 162, Defendants respectfully refer the Court to the referenced article for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  Defendants deny the allegations in the last sentence of Paragraph 162.

163.    Defendants deny the allegations in the first sentence of Paragraph 163.  Defendants deny that the allegations in the remainder of Paragraph 163 provide a complete and/or accurate description of the matters purportedly described therein and respectfully refer the Court to the documents referenced in Paragraph 163 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent Paragraph 163 asserts legal conclusions, no response is required.

164.    Defendants deny the allegations in Paragraph 164, except as to the last clause, in response to which Defendants respectfully refer the Court to the referenced message for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

165.    Defendants deny the allegations in Paragraph 165 except, to the extent Paragraph 165 purports to describe or summarize documents, Defendants deny that the allegations in Paragraph 165 provides a complete and/or accurate description of the matters purportedly described therein and respectfully refer the Court to the documents referenced in Paragraph 165 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

166.     Defendants deny the allegations in Paragraph 166.

167.     Defendants deny the allegations in Paragraph 167, except respectfully refer the Court to the SEC filing, Twitter post, and texts referenced therein for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

168.     Defendants deny the allegations in Paragraph 168, except admit that Mr. Musk spoke with Egon Durban on March 26, 2022 and March 27, 2022, respectfully refer the Court to the SEC filing and testimony referenced in Paragraph 168 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

169.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and deny that the allegations in Paragraph 169 provide a complete and/or accurate description of the matters purportedly described therein.  Defendants respectfully refer the Court to the document referenced in Paragraph 169 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

170.     Defendants deny the allegations in the first two sentences of Paragraph 170. Defendants respectfully refer the Court to the text message and testimony referenced in the third and fourth sentences of Paragraph 170, respectively, for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

171.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and deny that the allegations in Paragraph 171 provide a

complete and/or accurate description of the matters purportedly described therein. Defendants respectfully refer the Court to the message referenced in Paragraph 171 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

172.    Defendants deny the allegations in Paragraph 172 except admit that Mr. Musk spoke with Agrawal and Taylor on March 31, 2022. Defendants respectfully refer the Court to the Proxy referenced in Paragraph 172 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

173.    Defendants deny the allegations in Paragraph 173, respectfully refer the Court to the text messages referenced in Paragraph 173 for their true and correct contents and deny the allegations to the extent Plaintiff has mischaracterized those contents or taken them out of context.

174.    Defendants deny the allegations in Paragraph 174 except as to the approximate number of Twitter shares that Mr. Musk acquired during the putative Class Period.

175.    Table 3 repeats allegations stated above in the Amended Complaint. In response to Paragraph 175 and Table 3, Defendants repeat their responses to those allegations as though fully set forth herein. To the extent the allegations in Paragraph 175 were dismissed, they require no response.

176.    Defendants deny the allegations in Paragraph 176 except admit that Twitter invited Mr. Musk to join its board of directors and aver that the invitation was disclosed to the public by April 5, 2022. Defendants respectfully refer the Court to the text message referenced in the second sentence of Paragraph 176 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

177.    Defendants deny the allegations in Paragraph 177, except respectfully refer the Court to the texts and document referenced therein for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

178.    Defendants deny the allegations in Paragraph 178 except admit to the existence of the referenced letter agreement and respectfully refer the Court to the letter agreement for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

179.    Defendants deny the allegations in the first and second sentences of Paragraph 179. Defendants respectfully refer the Court to the Schedule 13G referenced in the third sentence of Paragraph 179 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context, and note that the remainder of the third sentence of Paragraph 179 contains legal conclusions to which no response is required.  Defendants deny the allegations in the fourth sentence of Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180 except admit that Mr. Musk was Twitter's largest shareholder.  Defendants respectfully refer the Court to the article referenced in Paragraph 180 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

181.    Defendants deny the allegations in Paragraph 181, except respectfully refer the Court to the Schedule 13G referenced in Paragraph 181 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  Defendants further state that to the extent Paragraph 181 asserts legal conclusions, no response is required.

182.    Defendants deny the allegations in Paragraph 182, except respectfully refer the Court to the Schedule 13G and testimony referenced in Paragraph 182 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  Defendants further state that to the extent Paragraph 182 asserts legal conclusions, no response is required.

183.    Defendants deny the allegations in Paragraph 183, except respectfully refer the Court to the Schedule 13G and regulatory language referenced in Paragraph 183 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  Defendants further state that to the extent Paragraph 183 asserts legal conclusions, no response is required.

184.    Defendants deny the allegations in Paragraph 184, except respectfully refer the Court to the SEC letter referenced in Paragraph 184 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

185.    Defendants deny the allegations in the first and second sentences of Paragraph 185, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what investors reacted to or why Twitter stock experienced price movements and respectfully refer the Court to public information concerning the trading price of Twitter stock, and deny the allegations to the extent Plaintiff has misreported or mischaracterized that information. Defendants respectfully refer the Court to the message referenced in the third sentence of Paragraph 185 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

186.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 as to what analysts believed and respectfully refer the Court to the analyst report referenced in Paragraph 186 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

187.    Defendants respectfully refer the Court to the 8-K and Twitter posts referenced in Paragraph 187 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

188.    Defendants deny the allegations in Paragraph 188, except deny knowledge or information sufficient to form a belief as to the cause of the movement in Twitter stock alleged in Paragraph 188 and respectfully refer the Court to public information concerning the price of Twitter stock, and deny the allegations to the extent Plaintiff has misreported or mischaracterized that information.

189.    Defendants deny the allegations as characterized in Paragraph 189 except admit to the referenced filings and respectfully refer the Court to the referenced filings for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

190.    Defendants deny the allegations in Paragraph 190 except as to Mr. Musk's ownership of Twitter and the dates of the filings referenced in Figure 1.

191.    Defendants deny the allegations in Paragraph 191 provide a complete and/or accurate description of the matters purportedly described therein, except respectfully refer the Court to document referenced in Paragraph 191 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken

them out of context. Defendants further state that to the extent Paragraph 191 asserts legal conclusions, no response is required.

192.    Defendants respectfully refer the Court to the article referenced in Paragraph 192 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194, except respectfully refer the Court to the article referenced in the second sentence of Paragraph 194 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

195.    Defendants respectfully refer the Court to the article referenced in Paragraph 195 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in the first sentence of Paragraph 197. Defendants admit the allegations in the second sentence of Paragraph 197.

198.    Defendants admit the allegations in the first sentence of Paragraph 198. Defendants deny that the allegations in the remaining sentences of Paragraph 198 provide a complete and/or accurate description of the matters purportedly described therein, except respectfully refer the Court to the engagement letter referenced in Paragraph 198 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

199. Defendants deny the allegations in Paragraph 199 except admit that Twitter accepted Mr. Musk's proposal and respectfully refer the Court to the quoted materials for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

200. Defendants deny the allegations in Paragraph 200 except respectfully refer the Court to public information concerning Tesla's stock price, and to the referenced SEC filing, for their true and correct contents and deny the related allegations in Paragraph 200 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

201. Defendants deny the allegations in the first two sentences of Paragraph 201. Defendants respectfully refer the Court to the text message referenced in Paragraph 201 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

202. Defendants deny the allegations in the first sentence of Paragraph 202. Defendants respectfully refer the Court to the Twitter post referenced in the second sentence of Paragraph 202 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

203. Defendants admit the factual allegations in Paragraph 2023 but deny the characterization of them.

204. Defendants respectfully refer the Court to the complaint referenced in Paragraph 204 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants admit the allegations in Paragraph 206.

207.    Defendants deny the allegations as characterized in the first sentence of Paragraph 207 except admit that Mr. Musk made personnel changes at Twitter and that certain officers and directors left the company.  Defendants respectfully refer the Court to the article referenced in the second sentence of Paragraph 207 for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

208.    Defendants deny the allegations in Paragraph 208, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the value of X (formerly Twitter).    To the extent Paragraph 208 purports to describe or summarize any documents, Defendants respectfully refer the Court to those documents for their contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210, except respectfully refer the Court to the referenced testimony for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

211.    Defendants deny the allegations in Paragraph 211, except respectfully refer the Court to the referenced testimony for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

212.    Defendants deny the allegations in Paragraph 212 except admit that since 2011, Mr. Musk has been the reporting person on several Schedule 13G forms and Schedule 13D forms.

213.    Defendants deny the allegations in Paragraph 213, except respectfully refer the Court to the referenced documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 213 were dismissed, they require no response.

214.    Defendants deny the allegations in Paragraph 214, deny that they provide a complete and/or accurate description of the documents purportedly described therein and respectfully refer the Court to the referenced documents and testimony for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 214 were dismissed, they require no response.

215.    Defendants deny the allegations in Paragraph 215, except respectfully refer the Court to the referenced testimony and documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

216.    Defendants deny the allegations in Paragraph 216, except respectfully refer the Court to the referenced documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent Paragraph 216 asserts legal conclusions, no response is required.

217.    Defendants deny the allegations in Paragraph 217, except respectfully refer the Court to the referenced Twitter posts and documents for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 217 were dismissed, they require no response.

218.    Defendants deny the allegations in Paragraph 218, except respectfully refer the Court to the referenced SEC filings for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

219.    Defendants deny the allegations in Paragraph 219, except respectfully refer the Court to the Schedule 13G referenced in Paragraph 219 for its true and correct contents and deny the allegations to the extent that Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

220.    Defendants deny the allegations in Paragraph 220, except respectfully refer the Court to the documents and testimony referenced in Paragraph 220 for their true and correct contents and deny the allegations to the extent that Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222, except respectfully refer the Court to the referenced documents for their true and correct contents and deny the allegations to the extent that Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

223.    Defendants deny the allegations in Paragraph 223, except respectfully refer the Court to the sources of the referenced quotations for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context, and further repeat and incorporate by reference their responses to the allegations above concerning the quoted phrases.

224.    Defendants deny the allegations in Paragraph 224, except respectfully refer the Court to the referenced articles and testimony for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

225.    Defendants deny the allegations in Paragraph 225, except respectfully refer the Court to the documents and testimony referenced in Paragraph 225 for their true and correct contents and deny the allegations to the extent that Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227 and further repeat and incorporate by reference each of their responses to Paragraphs 82–175 as if fully set forth herein.

228.    Defendants deny the allegations in Paragraph 228, except respectfully refer the Court to the Twitter posts referenced in Paragraph 228 for their true and correct contents and deny the allegations to the extent that Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.  To the extent the allegations in Paragraph 228 were dismissed, they require no response.

229.    Defendants deny the allegations in Paragraph 229, except admit that as of March 26, 2022, Mr. Musk and/or the Trust had paid $2 billion for shares of Twitter and held approximately 7.93% of its outstanding shares but deny the characterization of these figures.

230.    Defendants respectfully refer the Court to the Twitter posts referenced in Paragraph 230 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232, except respectfully refer the Court to the Schedule 13G for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

233.    Defendants deny the allegations in Paragraph 233, except to admit that Mr. Musk made an offer to purchase Twitter on April 14, 2022 and had previously communicated with officers and directors of Twitter.  Defendants further repeat and incorporate by reference each of their responses to Paragraphs 58–72, 166–175, and 181–186 as if fully set forth herein.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235, except deny knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 235 as to why Twitter's stock price increased on the referenced days and respectfully refers the Court to information concerning historical prices of Twitter, Inc. stock for its true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237, except to the extent that Paragraph 237 sets forth legal conclusions to which no response is required.

238.    Defendants deny the allegations in Paragraph 238, except that Defendants admit that Twitter was listed and traded on the New York Stock Exchange, filed periodic reports with the SEC and the New York Stock Exchange, communicated with investors, and was followed and reported on by securities analysts.  To the extent Paragraph 238 asserts legal conclusions, no response is required.

239.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 239 and otherwise deny the allegations. Defendants deny the allegations in the second sentence of Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240.

241.    Paragraph 241 merely defines the putative class and therefore requires no response. To the extent a response is required, Defendants deny the allegations.

242.    Defendants deny the allegations in Paragraph 242 except admit that Twitter's Annual Report on Form 10-K for the fiscal year ended December 31, 2021 states: "The number of shares of the registrant's common stock outstanding as of February 10, 2022 was 800,641,166."

243.    Paragraph 243 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

244.    Defendants deny the allegations in Paragraph 244.

245.    Defendants deny the allegations in Paragraph 245, except that Defendants deny information and belief sufficient to form a belief as to the extent of Plaintiff's counsel's experience in class action securities litigation.

246.    Defendants deny the allegations in Paragraph 246.

247.    In response to Paragraph 247, Defendants repeat their responses to the foregoing allegations as though fully set forth herein.

248.    Defendants deny the allegations in Paragraph 248.

249.    Defendants deny the allegations in Paragraph 249.

250.    Defendants deny the allegations in Paragraph 250.

251.    Defendants deny the allegations in Paragraph 251.

252.    Defendants deny the allegations in Paragraph 252.

253.    Defendants deny the allegations in Paragraph 253, except that Defendants admit to receiving communications from the referenced individual via text message, phone, and email concerning purchases of Twitter shares but deny the characterization of those communications.

254.    To the extent the allegations in Paragraph 254 were dismissed, they require no response.    To the extent a further response is required, Defendants deny the allegations in Paragraph 254.

255.    Defendants deny the allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256.

257.    Defendants deny the allegations in Paragraph 257 and further repeat and incorporate by reference each of their responses to Paragraphs 148–165 as if fully set forth herein.

258.    Defendants deny the allegations in Paragraph 258 and further repeat and incorporate by reference each of their responses to Paragraphs 227–233 as if fully set forth herein.

\*         \*         \*

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    In response to Paragraph 261, Defendants repeat their responses to the foregoing allegations as though fully set forth herein.

262.    Defendants deny the allegations in Paragraph 262, except state that the first and fourth sentences of Paragraph 262 contains legal conclusions to which no response is required and respectfully refer the Court to the Schedule 13D and testimony referenced in Paragraph 262 for their true and correct contents and deny the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

263.    Paragraph 263 is a prayer for judgment to which no response is required.    To the extent a further response is required, Defendants deny any wrongdoing and, except as expressly

admitted in Paragraphs 1–262 above, deny all allegations, and specifically deny that Plaintiff is entitled to any of the relief prayed for against the Defendants.

264.    Paragraph 264 is a jury demand to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants offer the following Defenses in response to the allegations set forth in the Amended Complaint.  By asserting these defenses, Defendants do not concede that they bear the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations. Defendants further reserve the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which they become aware during the course of the litigation, including, without limitation, any Defenses that may arise as a result of any discovery, findings, conclusions, or other action taken.  To the extent that any Defense asserted herein or to be asserted in the future is mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.  Any affirmative defenses asserted with respect to Plaintiff likewise apply to the putative class where appropriate.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.  *First*, Plaintiff has failed to adequately allege that Defendants engaged in any inherently deceptive or manipulative act.  *Second*, Plaintiff has failed to adequately allege that Defendants made material misstatements or omissions because, among other reasons, the alleged misstatements were not materially false or misleading.  *Third*, Plaintiff has failed to allege that Defendants acted with scienter, including because Plaintiff has not alleged that Defendants had any unique motive to defraud the market. *Fourth*, Plaintiff has not adequately alleged loss causation.  *Fifth*, Plaintiff has failed to state a claim under Section 20(a).  Defendants further incorporate as if set forth fully herein their

Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 41), their Reply Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 46), their Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF Nos. 106, 108), and their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 114).

## SECOND DEFENSE

Plaintiff has failed to plead the elements of Plaintiff's causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) or the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Defendants incorporate as if set forth fully herein their Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 41), their Reply Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 46), their Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF Nos. 106, 108), and their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 114).

## THIRD DEFENSE

Plaintiff has failed to establish a primary violation of any laws, including Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fails to plead control-person liability as to Messrs. Musk and Birchall. Defendants incorporate as if set forth fully herein their Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 41), their Reply Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 46), their Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF Nos. 106, 108), and their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 114).

### FOURTH DEFENSE

Plaintiff has failed to establish that Messrs. Musk and Birchall did control, or had the ability to control, any Defendant accused of a primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead control-person liability as to Messrs. Musk and Birchall.

### FIFTH DEFENSE

Plaintiff has failed to establish that Messrs. Musk and Birchall did control or had the ability to control any of the alleged conduct that supposedly constituted violations of any laws, including Section 10(b) of the 1934 Act, and therefore fails to plead control-person liability as to Messrs. Musk and Birchall.

### SIXTH DEFENSE

Plaintiff has failed to establish that Messrs. Musk and Birchall were culpable participants in any primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead Section 10(b) or control-person liability as to Messrs. Musk and Birchall.  Defendants incorporate as if set forth fully herein their Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 41), their Reply Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 46), their Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF Nos. 106, 108), and their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 114).

### SEVENTH DEFENSE

Each Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 exercised reasonable care and acted in good faith, and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.  Defendants therefore are not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t).

Defendants incorporate as if set forth fully herein their Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 41), their Reply Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 46), their Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF Nos. 106, 108), and their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 114).

### EIGHTH DEFENSE

Defendants are not liable for any alleged damages suffered by Plaintiff and other members of the putative class to the extent that their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants had no control.  15 U.S.C. § 78u-4(f)(3)(A).

### NINTH DEFENSE

Plaintiff's claims are limited, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

### TENTH DEFENSE

Plaintiff's claims are limited, in whole or in part, by Plaintiff's actions, omissions, and/or comparative fault and contributory negligence.

### ELEVENTH DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff's alleged damages are based on speculation.

### TWELFTH DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff is not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiff did not rely on the alleged misstatements or omissions in determining whether to take any actions in connection

with Twitter securities. Defendants incorporate as if set forth fully herein their Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 41), their Reply Memorandum of Law in Support of the Motion to Dismiss the Plaintiff's First Complaint (ECF No. 46), their Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF Nos. 106, 108), and their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 114).

## THIRTEENTH DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate damages.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to any recovery from Defendants because Plaintiff's transactions in Twitter securities would not have changed even with full knowledge of the facts that Plaintiff alleges were misrepresented or omitted.

## FIFTEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the 90-day look-back damages limitation under the PSLRA and to the proportionate liability provisions of the 1934 Act.

## SIXTEENTH DEFENSE

This action may not properly be maintained as a class action.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

## EIGHTEENTH DEFENSE

Plaintiff's claims are limited, in whole or in part, because Plaintiff lacks standing to maintain this action under Article III or other applicable statute or common law.

## NINETEENTH DEFENSE

Plaintiff's claims are limited, in whole or in part, because the alleged misrepresentations and omissions on which Plaintiff bases its claims were not material.

## TWENTIETH DEFENSE

Plaintiff's claims are limited in whole or in part by the doctrines of estoppel, quasi-estoppel, waiver, and/or ratification.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are limited in whole or in part because Plaintiff has failed to establish any non-speculative causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

## TWENTY-THIRD DEFENSE

Allegations of complaints filed by private litigants, or allegations by others, or investigations initiated by the SEC, the DOJ or attorneys general or other enforcement or regulatory entities, or settlements entered into therewith, have no preclusive effect or evidentiary weight.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that the Court enter judgment for them by adjudging and decreeing:

1.      That this action may not be maintained as a class action;

2.      That the Amended Complaint, and each purported cause of action, is dismissed with prejudice;

3.      That the Court grants Defendants all equitable or other available relief against Plaintiff as a consequence of defending this action, including attorneys' fees and costs; and

4.      That the Court awards Defendants any such other and further relief as the Court may deem just and proper.

DATED:  May 7, 2025
        New York, New York

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/ Alex Spiro*
Alex Spiro
Jesse Bernstein
Jacob Waldman
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com

Nathan Goralnik
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (212) 849-7049
Facsimile: (213) 443-3100
nathangoralnik@quinnemanuel.com

Rachel G. Frank (*pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
rachelfrank@quinnemanuel.com

*Attorneys for Defendants Elon R. Musk, the Elon
Musk Revocable Trust Dated July 22, 2003,
Excession, LLC, and Jared Birchall*