**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

June 4, 2025

<u>VIA ECF</u>

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   *Oklahoma Firefighters Pension and Retirement System v. Elon R. Musk, et al.*, Case No. 1:22-cv-03026-ALC-GWG

Dear Judge Carter:

  Defendants Elon R. Musk, Elon Musk Revocable Trust dated July 22, 2003, Excession LLC, and Jared Birchall ("Defendants") respond to the pre-motion letter filed by Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff") on May 30, 2025, regarding Plaintiff's proposed motion for class certification. *See* ECF No. 133. Defendants do not oppose Plaintiff filing a motion for class certification and endorse the schedule proposed in Plaintiff's pre-motion letter, but Defendants expect to respectfully oppose such motion on several grounds, including but not limited to the following:

  ***Predominance.*** As Plaintiff notes, reliance is an element that typically cannot be demonstrated on a class-wide basis. *See* ECF No. 133 at 3. For this reason, Plaintiff must rely on a presumption of reliance. However, the *Affiliated Ute* presumption is inapplicable because this is primarily not an omission case. Rather, this case is primarily about what Defendants' alleged conduct signaled to market participants about Mr. Musk's percentage ownership of Twitter, Inc. *See* Opinion & Order, ECF No. 118, at 29. Nor will the fraud-on-the-market presumption necessarily apply. Plaintiff will bear the burden to show market efficiency, following which Defendants will have the opportunity to demonstrate a lack of price impact or otherwise sever the link between the price received by Plaintiff and its decision to trade at that price. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 269 (2014) ("[A]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance,"

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

such that "a plaintiff would have to prove that he directly relied on the defendant's misrepresentation in buying or selling the stock.").

**Typicality and Adequacy.**  Whether Plaintiff can satisfy the typicality and adequacy requirements under Rule 23 will depend on, *inter alia*, the documents Plaintiff and its investment advisor produce and related discovery.  *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) ("To establish typicality under Rule 23(a)(3), the party seeking certification must show that each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." (quotation marks omitted)).  Defendants will also test the extent to which there are any unique defenses as to Plaintiff, including whether there are any individualized reliance issues (regardless of whether a class-wide presumption applies).  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 460 (S.D.N.Y. 2018) ("[T]ypicality is not satisfied where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." (quotation marks omitted)); *Pampena v. Musk*, 2024 WL 4331811, at *5 (N.D. Cal. Sept. 27, 2024) (denying class certification as to one lead plaintiff due to reliance issues).

**Damages.**  To obtain class certification, Plaintiff must demonstrate that damages are susceptible to class-wide determination.  *See In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 123 n.8 (2d Cir. 2013) ("[C]ourts should examine the proposed damages methodology at the certification stage to ensure that it is consistent with the classwide theory of liability and capable of measurement on a classwide basis").  Plaintiff has yet to disclose its expert's methodology and therefore it is unclear at this time whether Plaintiff has (or could) propose a methodology that is susceptible to class-wide damages.

Defendants reserve the right to raise additional arguments based on Plaintiff's motion for class certification.

Respectfully submitted,

*/s/ Alex Spiro*

Alex Spiro

cc: All counsel (via ECF)