# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

KATHERINE M. SINDERSON
(212) 554-1392
KatieM@blbglaw.com

August 18, 2025

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States District Court for the Southern District of New York
40 Foley Square, New York, NY 10007

Re:   *Okla. Firefighters Pens. and Ret. Sys. v. Musk*, 1:22-cv-03026 (S.D.N.Y.)

Dear Judge Gorenstein:

We write on behalf of the Court-appointed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff"). Pursuant to Local Rule 37.2, Plaintiff respectfully requests a pre-motion conference regarding its motion to compel Defendants to provide a final answer on whether they will rely on legal counsel's involvement as part of their affirmative defenses. Defendants recently stated that they intend to rely on the involvement of their counsel as part of their "good faith" defense, including potentially the involvement of the law firm of McDermott Will & Emery LLP and even trial counsel of record here, Alex Spiro and Quinn Emanuel Urquhart & Sullivan, LLP. At the same time, Defendants are blocking discovery into the record of their counsel's involvement under the guise of attorney-client privilege.[1]

This is a classic effort by Defendants to rely on their counsel as a shield and a sword, which is unfair and prejudicial to Plaintiff. If Defendants wish to preserve the privilege, they must forgo any reliance on counsel's involvement as a defense, including arguments that they acted in "good faith" by consulting with counsel. If they do rely on counsel, they waive any privilege, and the full record of counsel's involvement must be produced. This is further complicated by the fact that one of Defendants' counsel during the relevant period is also counsel of record for them here. Despite Plaintiff's many efforts to clarify Defendants' position, Defendants have refused to provide a final answer and, instead, provide cagey and equivocal responses. Defendants must make a binding decision before discovery ends so that Plaintiff can make critical decisions regarding discovery.

## I.  DEFENDANTS' ATTEMPT TO USE COUNSEL AS A SHIELD AND SWORD

### A.  Defendants Falsely Claimed Their Scheme Had Been Blessed By Counsel

Defendants' initial refusal to obtain legal advice regarding Musk's disclosure obligations—

---

[1] All emphasis is added, and all quotations and citations are removed. "¶_" refers to paragraphs in Plaintiff's Amended Complaint (ECF No. 99). Where possible, the exhibits have been excerpted for the Court's reference. "Advisor A" is a Managing Director at Morgan Stanley and "the lead on all things at MS [Morgan Stanley] related to Elon." ¶41.

despite multiple warnings to do so and falsely assuring their advisor they had done so—is an important part of Plaintiff's fraud allegations. As Musk secretly accumulated over $2 billion worth of Twitter shares, Advisor A repeatedly told Defendant Birchall to "[h]ave counsel confirm timing of [Section 13] filing around recent / future statements." ¶¶119, 121, 213. Birchall assured Advisor A that Musk's attorneys had approved Defendants' refusal to disclose Musk's interests. ¶¶82-83, 111-29, 213-14, 254. Advisor A further confirmed in his SEC testimony that ███████████ ███████████ Ex. 1 at 32:20-33:4 (excerpt).

In reality, knowing Musk's disclosure obligation was triggered by 5% ownership, Defendants apparently refused to obtain legal advice on the issue until *after* their March 24, 2022 disclosure deadline. The earliest point at which Defendants sought legal advice appears to be early April 2022. ¶¶111, 126-28, 153, 170, 182. In sustaining Plaintiff's claims, Judge Carter held that "Birchall's misrepresentations to Advisor A about the trading strategy being blessed by counsel" strengthened the inference of scienter. ECF No. 118 at 33-34. Notwithstanding their vast resources and many counsel, Defendants apparently did not want counsel to deter their fraudulent scheme.

### B.  Plaintiff's Efforts To Get Clarity On Defendants' Reliance On Counsel

In addition to testifying to the SEC that Defendants did not get any disclosure-related legal advice until April 1, 2022 (¶¶15, 127-28), Birchall testified that he was ███████████ ███████████ in filing the false Schedule 13G on April 4, 2022 (signed by Musk and where he fraudulently concealed his activist interest in Twitter). Ex. 2 at 163:11-163:13 (excerpt). ███████████ ███████████ *Id*. at 169:7-171:21 (excerpt). Importantly, the false April 4, 2022 13*G* filing was subsequently corrected with a proper Schedule 13*D* (signed by counsel) on April 5, 2022. ¶189. Relatedly, Defendants have asserted as part of their affirmative defenses that they "acted in good faith" and thus are not liable for Plaintiff's securities claims, which require proof of scienter. *E.g.,* ECF No. 61 at 25; ECF No. 128 at 50.

Plaintiff repeatedly asked Defendants to state whether they intend to rely on counsel in defending this Action, including with regard to the false April 4, 2022 filing. On January 4, 2024, Plaintiff asked that Defendants "state in clear and unambiguous terms" whether they are relying on counsel, asking Defendants to do so "early on in discovery" to avoid "having to redo document production protocols or having to recall witnesses." Ex. 3 at 1, 2. On February 5, 2024, Defendants promised to finalize their position 45 days before the close of discovery. On February 13, 2024, Plaintiff issued an interrogatory to confirm whether Defendants received any legal advice concerning Defendants' disclosure obligations. Ex. 4 at 6 (Interrogatory No. 9). Defendants objected *inter alia* on the ground of privilege and reserved their right to invoke "***any defense that arises on the basis of advice provided by counsel***." Ex. 5 at 4-5.

Defendants also have maintained their privilege claims throughout fact discovery. Defendants served a privilege log showing that they have withheld over 300 documents and

separately redacted over 800 other documents (without logging).[2] McDermott Will and Emery LLP (who signed Musk's April 5, 2022 Schedule 13D) withheld or redacted over 200 documents on privilege grounds, including 14 communications involving Spiro and Quinn Emanuel during the Class Period. Ex. 6 (excerpt). Quinn Emanuel's privilege log is still forthcoming.

### C. Defendants Disclaimed An "Advice Of Counsel" Defense But Made Clear They *Will* Rely On Counsel's Involvement As A Defense

Fact discovery closes on September 5, 2025. ECF No. 120. Birchall and Musk are currently scheduled to be deposed on August 25 and September 4, respectively. As of July 22, 2025 (their own 45-day deadline), Defendants did not finalize their position on reliance on counsel. On July 25, 2025, Plaintiff requested a conference "to confirm that Defendants are not relying on counsel as any part of their defense to this Action." Ex. 7 at 1. Defendants did not respond. After Plaintiff followed up, the Parties conferred on August 4, 2025. *See* Ex. 8 at 9. During that call, Plaintiff explained *inter alia* that "we do need in writing that Defendants will not be referring to the words 'counsel' or name of their counsel with regard to any disclosure or nondisclosure decision here."

On August 5, 2025, Defendants stated that they "are not asserting an advice-of-counsel defense," preserved all privileges, and represented that "Defendants do not intend to rely on attorney-client privileged communications or documents in defense of this action." Ex. 9 at 1. However, Defendants also stated that they "***do not waive, and expressly reserve, all rights with regard to the presentation of evidence at summary judgment and trial,*** consistent with established law." *Id*. Plaintiff immediately sought clarity whether Defendants' reservation included the right to rely on counsel. On August 6, 2025, Plaintiff wrote to confirm that Defendants "will not rely on the involvement of counsel in their disclosure decisions or ***as any part of their defense of this action***." Ex. 8 at 8. Defendants initially refused to provide any further clarity. *Id.* at 4-8.[3]

On August 8, 2025, from approximately 10:30 a.m. to 10:56 a.m., Katherine Sinderson, Jeremy Robinson, Jonathan D'Errico, Emily Tu, and Rebecca Temkin from BLB&G LLP (on behalf of Plaintiff) met and conferred via Microsoft Teams with Sarah Concannon and Rachel Frank from Quinn Emanuel (on behalf of Defendants). During that call, Plaintiff stated that if Defendants intended to reserve the right to rely on counsel in their disclosure decisions without allowing full and fair discovery of that involvement, the Parties were at an impasse and Plaintiff would seek the Court's assistance. Defendants stated that they are not asserting an advice of counsel defense, do not waive privilege, and will not call any attorneys to testify at trial.

In light of its understanding of Defendants' position, Plaintiff stated that it did not intend to raise this issue with the Court. Ex. 8 at 3-4. However, on August 12, 2025, Defendants responded that Plaintiff's understanding was incorrect. *Id.* at 1-2. Instead, Defendants now claimed that they ***did*** intend to rely on their counsel's involvement to defend against Plaintiff's claims regarding "Defendants' state of mind." *Id.* On August 14, 2025, Plaintiff confirmed that, given Defendants'

---

[2] Plaintiff reserves all rights concerning Defendants' failure to serve a redaction log, which separately merits waiver.

[3] On August 6, 2025, Plaintiff served requests for admission and interrogatories that *inter alia* sought to further confirm Defendants' position as to its present or future election of any reliance on counsel defense. However, Defendants' recent communications made clear that they are reserving the right to rely on counsel, which necessitated this letter.

Honorable Gabriel W. Gorenstein
August 18, 2025
Page 4

clarification of their position, the Parties were at an impasse. *Id.* at 1.

## II. DEFENDANTS MUST MAKE A CLEAR, FINAL, AND BINDING DECISION ON RELIANCE ON COUNSEL DURING FACT DISCOVERY

### A. Second Circuit Law Prohibits Defendants' "Shield And Sword" Strategy

Defendants' position constitutes a classic "shield and sword" strategy. Defendants intend to affirmatively rely on their counsel's involvement after April 1, 2022 to refute scienter while blocking discovery into the full record of counsel's involvement under the guise of privilege.

The upshot of Defendants' position is that Plaintiff and the trier of fact will only have partial access to the facts—*i.e.*, only what Defendants choose to disclose (that counsel was "involved" prior to the false 13G filing)—while Defendants withhold as privileged the true facts regarding their counsel's involvement. This is particularly troubling as the record confirms that Defendants were told to obtain legal advice on their disclosure obligations *while* they built Musk's $2 billion Twitter position, but they apparently refused to do so until their scheme was nearly completed and Musk had built his massive ownership stake in Twitter. Even then, Defendants' legal counsel appears to have been aware of facts contrary to Defendants' arguments of "good faith."[4] Plaintiff must be able to question witnesses at depositions regarding Defendants' apparent refusal to obtain disclosure-related legal advice prior to April 1, 2022 in order to prove the claims that Judge Carter sustained. However, in response, Defendants cannot rely on counsel's involvement *after* April 1, 2022 to refute scienter without providing full discovery into the facts concerning that counsel's involvement, including any legal advice they gave to Defendants. To allow this would permit Defendants to rely on counsel as a sword while they shield as privileged the full record of that counsel's involvement and impact on Defendants' state of mind.

As noted, what makes this case unusual is that Plaintiff must ask Defendants about counsel since their refusal to obtain legal advice while they purchased Twitter shares against the advice of Advisor A is an integral part of their scheme. Yet, Quinn Emanuel appears poised to claim that Defendants may testify about consulting counsel after April 1, 2022 without waiving privilege. This is especially problematic with Defendant Birchall ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 2 at 163:11-163:13 (excerpt). If Birchall wishes to offer that testimony in his defense (or anything regarding counsel's involvement), Plaintiff must obtain discovery into what was shared with McDermott (or any other counsel) involved with the false 13G filing. An instruction that Plaintiff "should not ask" about counsel if it does not wish to elicit the testimony would prejudice Plaintiff given that the misleading April 4 filing was an important deceitful step in Defendants' scheme and Plaintiff must prove Defendants' scienter.

The Second Circuit has rejected Defendants' shield/sword strategy. For example, in *United States v. Bilzerian*, the Second Circuit rejected a defendant's claim that his testimony "regarding his good faith attempt to comply with the securities laws **would not have disclosed the content or**

---

[4] *E.g.*, ¶¶218 ("Tellingly, Musk's attorneys evidently refused to sign the misleading 13G form—but they did sign the truthful corrected form filed later."). On April 4, 2022, the SEC flagged that the 13G was misleading. *E.g.*, ¶184(b).

*even the existence of any privileged communications or asserted a reliance on counsel defense.*" 926 F.2d 1285, 1291 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991). The Second Circuit held that "[t]he attorney-client privilege cannot at once be used as a shield and a sword" and that "the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications," including where "[defendant's] testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue." *Id*. at 1292.

Courts have consistently arrived at the same conclusion. *E.g.*, *Abromavage v. Deutsche Bank Sec. Inc*., 2019 WL 6790513, at *3-4 (S.D.N.Y. Dec. 11, 2019) ("[A] defendant invoking his good faith may place his privileged communications at issue even if he does not specifically plead or argue that he relied on an attorney's advice" because "express reliance is not necessary to trigger the waiver rule."); *Scott v. Chipotle Mexican Grill, Inc.,* 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014) ("[C]ourts within this Circuit, relying on *Bilzerian,* have reaffirmed the broader principle that forfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, *even without expressly invoking counsel's advice*.").

### B. Plaintiff Will Suffer Prejudice Absent Clarity On Defenses

Plaintiff should not have to conduct depositions—where it will need to confirm that Defendants did ***not*** obtain legal advice for most of the Class Period—without clarity that Defendants will not be relying on counsel, including for the false April 4 filing, or the opportunity to seek appropriate discovery to explore that reliance. *E.g., In re Worldcom, Inc. Sec. Litig.*, 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004) (prejudice without election regarding counsel).

### C. This Dispute Is Ripe

Fact discovery closes in less than three weeks. Defendants have failed to make the requisite full disclosure during discovery as to their defenses. *In re Buspirone Antitrust Litig.*, 208 F.R.D. 516, 522 (S.D.N.Y. 2002) (Gorenstein, J.) ("a party must disclose ***during the discovery period*** whether it intends to rely on factual assertions or corresponding defenses that would require a waiver of the attorney-client privilege"). Absent a binding election, "courts in this circuit have followed *Bilzerian* and blocked good faith defenses." *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011); *United States v. Wells Fargo Bank N.A.*, 2015 WL 3999074, at *1 (S.D.N.Y. June 30, 2015) (failure to provide "full disclosure" waives defense).

### III. CONCLUSION

Plaintiff respectfully requests that the Court compel Defendants to provide a binding election as to any reliance on counsel or good faith defense. If Defendants do elect to rely on counsel, Plaintiff must be entitled to seek previously withheld documents ***before*** any depositions of Defendants Birchall and Musk (or Advisor A), as well as any other discovery (including depositions) relevant to counsel-related defenses. The deposition discovery period will have to be extended accordingly. Alternatively, the Court should bar Defendants' reliance on counsel as any part of their defenses at trial. Plaintiff also requests the opportunity to respond to any arguments raised in Defendants' response to this letter.

Honorable Gabriel W. Gorenstein
August 18, 2025
Page 6

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted, |
| | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
| | */s/ Katherine M. Sinderson* |
| | Salvatore J. Graziano |
| | Katherine M. Sinderson |
| | Jeremy P. Robinson |
| | Jonathan G. D'Errico |
| | Emily A. Tu |
| | 1251 Avenue of the Americas |
| | New York, NY 10020 |
| | Phone: (212) 554-1400 |
| | Fax: (212) 554-1444 |
| | salvatore@blbglaw.com |
| | katie@blbglaw.com |
| | jeremy@blbglaw.com |
| | jonathan.derrico@blbglaw.com |
| | emily.tu@blbglaw.com |
| | *Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System* |