quinn emanuel  trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

August 20, 2025

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Oklahoma Firefighters Pension and Retirement System v. Musk, et al.*,
      Case No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)

Dear Judge Gorenstein:

    We write on behalf of Defendants Elon R. Musk, the Elon Musk Revocable Trust Dated July 22, 2003, Excession, LLC, and Jared Birchall in response to Plaintiff's August 18, 2025 letter requesting a pre-motion conference regarding Plaintiff's motion to compel Defendants to "provide a final answer on whether they will rely on legal counsel's involvement as part of their affirmative defenses." ECF 151 at 1. Defendants repeatedly have provided Plaintiff with their clear and unambiguous answer to this question and therefore no judicial intervention is needed. Plaintiff manufactures from whole cloth purported "ambiguities" in Defendants' facially unambiguous response in order to prematurely have this Court impose gag orders and mandate the presentation of evidence at trial months or years in advance. This Court should deny Plaintiff's request for pre-motion relief.

**ARGUMENT**

    **A.    Defendants Have Responded Clearly And Unambiguously To Plaintiff's Question, And There Is Nothing To Compel**

    Defendants repeatedly have told Plaintiff—both orally and in writing—that Defendants **are not asserting an advice-of-counsel defense** in this action. Defendants have expressly stated that they **do not intend** to rely on attorney-client privileged communications or documents in the defense of this action and have further stated that Defendants **do not waive**, and **expressly reserve**, assertions of attorney-client privilege and attorney work product protection. Defendants' position

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

could not be more clearly stated.  Further, Defendants have maintained this position consistently throughout discovery.  Defendants repeatedly have disclaimed any advice-of-counsel defense and, as Plaintiff observes, ECF 151 at 2-3, Defendants' privilege logs confirm that Defendants are preserving privilege of their communications with counsel, including communications with lead trial counsel of record, Alex Spiro, and securities disclosure counsel at McDermott Will & Emery.

Nor has Plaintiff identified any ambiguity or contradiction in Defendants' consistent position that requires judicial clarification.  Simply put, when a party provides "repeated assurances that it does not intend to rely on attorney-client privileged material in proving its case … fairness does not require their disclosure."  *See AngioDynamics, Inc. v. Biolitec, Inc.*, No. 108CV004LEKRFT, 2010 WL 11541926, at *7 (N.D.N.Y. May 25, 2010).  Nothing more is required.

### B. Plaintiff Attempts To Manufacture A Premature Dispute, Months Or Years Before Trial

In light of Defendants' clear and unambiguous answer to the advice-of-counsel question, the sole motive for Plaintiff's pre-motion letter appears to be to manufacture a dispute in order to seek premature judicial resolution of a hypothetical dispute months or even years before trial without pointing to any basis as to why this relief is necessary or appropriate.  Notably, Plaintiff has not taken a **single** deposition and has pending requests for the **very information** it runs to this Court demanding judicial intervention to "confirm."  Specifically, Plaintiff's Nineteenth Interrogatory and First and Second Requests for Admission directly seek information about whether Defendants are "relying on counsel" or "relying on any legal advice."  *See* Exs. 1-2.  Responses to these discovery requests are not due until **September 5, 2025**, and will squarely address these issues, yet Plaintiff rushes to Court before receiving Defendants' responses.

The natural and appropriate time for Plaintiff to raise any concerns is post-discovery and pre-trial, to the extent Plaintiff is able to point to any alleged inconsistent position, door-opening testimony, or contradictory discovery response.  Instead, Plaintiff purports to rely on discovery responses from years past, *see* ECF 151 at 2, that will be superseded by the discovery requests discussed above, and testimony from other actions (*see infra* Section D), while refusing to conduct the very depositions that could clarify any purported ambiguities in Defendants' position.  Plaintiff cannot create false urgency by pointing to out-of-date discovery responses while simultaneously failing to await Defendants' responses to their interrogatories and requests for admission on this very topic and to take advantage of the discovery tools available to it before fact discovery closes.  This approach turns the normal discovery process on its head and seeks to foreclose the presentation of evidence at trial based on **speculation** rather than actual evidence of purportedly inconsistent positions and prejudice.

### C. It Is Plaintiff, Not Defendants, Who Seeks To Use Involvement Of Counsel As Both Sword And Shield

Plaintiff's pre-motion correspondence underscores Plaintiff's specious position.  It is **Plaintiff**, not Defendants, who seeks to use involvement of counsel (or the purported lack thereof) as both a sword and a shield.  Plaintiff's pre-motion letter cites at length from Plaintiff's Amended

2

Complaint, which is replete with references to Defendants' lawyers, communications with lawyers, purported instructions to seek instructions from lawyers, and the alleged absence of legal advice to support Plaintiff's scienter allegations. *See* ECF 151 at 2; ECF 99 at ¶¶ 1, 13, 14, 15, 23, 24, 82, 83, 111, 112, 114-129, 182, 183, 189, 213, 214, 215, 232, 218. Indeed, **one out of every eight numbered paragraphs** in Plaintiff's Amended Complaint refers to Defendants' attorneys or legal advice. It is thus evident that it is Plaintiff—not Defendants—who seeks to wield privilege as both sword and shield. Courts routinely reject such self-serving attempts to elicit waiver as "obviously wrong." *Trydel Rsch. Pty. Ltd. v. ITW Glob. Tire Repair, Inc.*, No. 21 C 4977, 2024 WL 3950213, at *9 (N.D. Ill. Aug. 27, 2024). "One shouldn't be the master of whether another party waives its privilege. For a party to waive its privilege and work product protection, sword-and-shield style, it must make an **affirmative** attempt to use communications protected by a privilege to influence a decision maker." *Id.* "Generally, where a party does not itself place in issue the matter as to which the privileged communications are relevant, the privilege is not waived." *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*, No. 00 CIV. 9212 (DF), 2002 WL 31729693, at *17 (S.D.N.Y. Dec. 5, 2002); *AngioDynamics, Inc.*, 2010 WL 11541926 at *4 (N.D.N.Y. May 25, 2010) (same); *see also Bivins v. Rogers*, No. 15-CV-81298, 2017 WL 1535110, at *4 (S.D. Fla. Apr. 27, 2017) (no waiver where defendants "have not injected the issue into the proceedings" but "simply asserted the attorney-client privilege on a question-by-question basis").

Indeed, it should be beyond dispute that if **Plaintiff** poses questions about counsel's involvement at depositions or trial, then witnesses may answer truthfully without Defendants having "placed" advice of counsel "at issue." Were that not the case, Defendants would be hamstrung from rebutting Plaintiff's baseless allegations of intent without waiving "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). Yet Plaintiff here seeks a gag order precluding **truthful rebuttal evidence** before Defendants have **even attempted to offer it.**

### D.  Plaintiff's Reliance On SEC Testimony Is Groundless

Plaintiff's pre-motion letter and Amended Complaint also rely extensively on statements made by a third party (Advisor A) (during testimony that Defendants were not permitted to attend or cross-examine) and Mr. Birchall in a separate proceeding before the U.S. Securities and Exchange Commission ("SEC"). ECF 151 at 2; ECF 151-1; ECF 151-2. The Second Circuit clearly and repeatedly has held that statements made in other proceedings do not and cannot result in waiver. *See John Doe Co. v. United States*, 350 F.3d 299, 305-06 (2d Cir. 2003) (letter to the United States Attorney's office by a party asserting its belief in the lawfulness of its operations did not involuntarily waive its privileges with respect to its attorneys' notes). With regard to Advisor A in particular, Plaintiff's reliance is especially misplaced—Plaintiff points to the testimony of a third party that Defendants were not permitted to attend (who also will be deposed in this action)—and then suggests that for Defendants to respond in any way to Plaintiff's false allegations would require waiver. This is not the law. And for Mr. Birchall's testimony, "a deponent's statement that a decision was reached upon the advice of counsel does not, in and of itself, constitute a waiver of the attorney-client privilege." *AngioDynamics, Inc.*, 2010 WL 11541926 at *6 (citing *In re Cnty. of Erie*, 546 F.3d 222, 230 (2d Cir. 2008)).

### E. Defendants' Reservations Are Appropriate And Do Not Necessitate Judicial Relief

Finally, Plaintiff speculates that Defendants intend to present affirmative evidence at trial of involvement of counsel based on Defendants' reservation of "all rights with regard to the presentation of evidence at summary judgment and trial, consistent with established law." ECF 151 at 2, 3. But this is standard language preserving the right all defendants have to present evidence and defenses consistent with law—**not** a commitment to any particular defense and precisely the opposite of injecting advice of counsel into the case. As the Second Circuit has observed, "the reasoning of *Bilzerian* and the other pertinent authorities in no way suggests that, merely by telling the prosecutor that he believes he is innocent, a defendant or suspect forfeits his privileges." *John Doe Co.*, 350 F.3d at 304.

Plaintiff's attempt to distinguish between "involvement of counsel" and "reliance on counsel," ECF 151 at 4, likewise finds no support in law and ignores the basic principle that factual testimony about non-privileged matters does not constitute waiver. If Plaintiff argues—as it does throughout its Amended Complaint—that Defendants' failure to consult counsel before April 1, 2022 demonstrates scienter or recklessness, then Defendants must be permitted to respond with the **factual** evidence that Defendants **immediately** contacted counsel on the very first day that Advisor A identified for the first time the disclosure deadline. Such truthful and factual evidence involves no "advice" or "reliance"—merely Defendants' truthful testimony as to actions. Such factual testimony about when counsel was contacted presents no privilege concerns because "the fact of retainer [is] not privileged" and "the mere fact that an attorney-client relationship exists ... [is] not privileged." *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009); *see also Spencer-Smith v. Ehrlich*, 23-CV-2652 (LJL), 2024 WL 4416581, at *11 n.9 (S.D.N.Y. Oct. 4, 2024); *In re Application for Subpoena to Kroll*, 224 F.R.D. 326, 328-29 (E.D.N.Y. 2004) ("The law in the Second Circuit is clear that the [attorney-client] privilege does not extend to the structure and framework of the attorney client relationship."); *Matter of Grand Jury Subpoenas dated April 19, 1978*, 451 F. Supp. 969, 971 (E.D.N.Y. 1978).

Courts, including the Second Circuit, have thus "h[e]ld that a party must **rely** on privileged advice from his counsel to make his claim or defense." *In re Cnty. of Erie*, 546 F.3d at 229; *see also McKeen-Chaplin v. Provident Sav. Bank, FSB*, No. 2:12-CV-03035 GEB AC, 2015 WL 502697, at *9 (E.D. Cal. Feb. 5, 2015); *Harter v. CPS Sec. (USA), Inc.*, No. 2:12-CV-00084-MMD-PAL, 2013 WL 3108947, at *4 (D. Nev. June 18, 2013). No waiver occurs where defendants focus "on the nature of the inquiry that [they] undertook, not the substance of the legal advice that was eventually provided." *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450, 474 n.27 (S.D.N.Y. 2010). There is accordingly "no support … for the extraordinary assertion that disclosure of concededly non-privileged communication with counsel operates as a waiver of privilege with respect to all other communications between a party and the same attorney," *Zarrella v. Pac. Life Ins. Co.*, 498 F. App'x 945, 950-51 (11th Cir. 2012). Plaintiff cannot use its complaint to attack Defendants' decision-making while simultaneously preventing Defendants from presenting the non-privileged chronological facts that rebut Plaintiff's scienter allegations.

These complex legal issues underscore precisely why this matter is premature for judicial resolution. This Court need not wade into these intricate questions of waiver doctrine and privilege because the proper time to address Plaintiff's concerns is when and if Defendants actually attempt to introduce and rely on privileged evidence, not based on the theoretical possibility that they might do so. For example, in *Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.*, 43 A.D.3d 56, 67 (N.Y. App. Div. 2007), the court rejected the contention that "privilege could be deemed waived by nothing more than the theoretical possibility of an issue concerning … good faith." Plaintiff would force the Court to resolve in the abstract complex evidentiary questions that are properly addressed through motions in limine, not discovery motions, without knowing the specific evidence and context in which any evidence might be offered. There is no reason to do so.

Plaintiff cites cases regarding ripeness that are either wholly inapt, actually support Defendants' position, or both. *See* ECF 151 at 5. *In re Buspirone Antitrust Litigation*, 208 F.R.D. 516 (S.D.N.Y. 2002), and *Arista Records LLC v. Lime Group LLC*, 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011), involved defendants who were waffling on whether to assert advice-of-counsel defenses, whereas Defendants have repeatedly made clear they are disclaiming any advice-of-counsel defense. Moreover, *Arista* was decided post-summary judgment as a motion in limine—precisely the point in time in which Defendants believe this issue could be ripe. 2011 WL 1642434, at *1. *United States v. Wells Fargo Bank N.A.*, 2015 WL 3999074 (S.D.N.Y. June 30, 2015), similarly fails to support immediate judicial intervention, holding that no waiver occurs where defendants "ha[ve] not pursued an advice-of-counsel defense," have made their "assertion of privilege 'unmistakably clear,'" and "because no evidence has been introduced at trial or in a motion for summary judgment, and [Defendants have] disclosed almost no privileged information—either that would help [them] or that would harm [them] —there is, as of yet, no real prejudice to" Plaintiff. *Id.* at *3. Like the successful defendants in *Wells Fargo*, Defendants here have disclaimed any advice-of-counsel defense, consistently maintained privilege, and disclosed no privileged information.

## CONCLUSION

In sum, no Court action is warranted because there is no ripe controversy. Defendants have provided the clear and unambiguous confirmation requested, and discovery has proceeded appropriately on that basis. In the alternative, if the Court is inclined to address issues beyond Defendants' established discovery position, Defendants respectfully request full briefing on the complex legal questions and presentation of trial evidence that would be implicated. Plaintiff's letter fails to accurately reflect the law in multiple critical respects and Plaintiff should not be permitted to use its own allegations to strip Defendants of a defense via a manufactured discovery dispute described by letter. Such determinations require thorough analysis supported by full briefing rather than summary resolution.

Defendants remain available to provide any additional clarification of their position that the Court deems necessary.

Sincerely,

Alex Spiro