quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

August 21, 2025

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Oklahoma Firefighters Pension and Retirement System v. Musk, et al.*,
      Case No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)

Dear Judge Gorenstein:

We write on behalf of Defendants Elon R. Musk, the Elon Musk Revocable Trust Dated July 22, 2003, Excession, LLC, and Jared Birchall regarding Plaintiff's August 18, 2025 letter requesting a pre-motion conference, ECF 151, and Defendants' August 20, 2025 response thereto, ECF 155. For the reasons set forth in Defendants' letter, the Court should deny Plaintiff's request for pre-motion relief as moot and premature. To the extent the Court is not inclined to deny Plaintiff's request for pre-motion relief based on the parties' submissions to date, however, Defendants respectfully request full briefing.

In support of Defendants' request, in the alternative, for full briefing, Defendants note that the questions presented by Plaintiff's manufactured and premature dispute concerning an advice-of-counsel defense that Defendants already have expressly disclaimed implicate multifaceted legal doctrines that intersect federal securities law, discovery principles, attorney-client privilege, and the advice-of-counsel defense framework. These overlapping areas of law present nuanced issues regarding when disclosure obligations arise, the scope of privilege waiver, and the distinction between factual testimony about counsel involvement versus reliance on privileged communications. The interplay between these doctrines is particularly complex where, as here, Plaintiff seeks to use purported inconsistencies in discovery responses to foreclose presentation of evidence at trial while simultaneously failing to utilize standard discovery tools available to clarify any claimed ambiguities. Such complexity demands thorough analysis of controlling precedent rather than summary resolution through correspondence.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The parties' positions present substantial disagreements on fundamental legal questions that cannot be resolved through letter briefing. Plaintiff's correspondence mischaracterizes established law regarding privilege waiver, conflates factual testimony about counsel involvement with advice-of-counsel defenses, and ignores clear Second Circuit precedent distinguishing between privileged advice and non-privileged facts about attorney-client relationships. These disputes involve contested issues of first impression in this jurisdiction regarding the scope of discovery obligations where defendants reserve standard rights to present evidence at trial consistent with law. The resolution of such disputed legal questions—including the proper application of the advice-of-counsel framework, the boundaries of privilege waiver, and the standards governing premature discovery motions—requires comprehensive briefing with full citation to controlling authority rather than the truncated analysis possible in pre-motion correspondence.

The relief Plaintiff seeks would fundamentally undermine established discovery procedures and create dangerous precedent allowing parties to manufacture urgency through selective citation to outdated discovery responses while refusing to await pending discovery that directly addresses the claimed issues. Granting Plaintiff's request would permit parties to circumvent ordinary discovery tools through speculative claims of inconsistency, effectively allowing plaintiffs to dictate defendants' trial strategy months or years before trial without demonstrating actual prejudice or presenting evidence of contradictory positions. Such an approach would disrupt the carefully calibrated balance between disclosure obligations and the preservation of privilege, undermining defendants' fundamental right to present lawful defenses at trial. The integrity of the discovery process depends on requiring parties to utilize available discovery mechanisms before seeking extraordinary judicial intervention based on manufactured disputes.

Accordingly, in the event this Court is inclined to reach the merits of Plaintiff's premotion request for relief at this time, rather than denying the relief sought as moot and premature, Defendants respectfully request full briefing.


Sincerely,

Alex Spiro