# Exhibit 4

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

### NEW YORK ● CALIFORNIA ● ILLINOIS ● LOUISIANA ● DELAWARE

Jeremy P. Robinson
(212) 554-1492
Jeremy@blbglaw.com

January 4, 2024

**VIA EMAIL**

Jesse Bernstein
Jacob Waldman
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

> Re:  ***Oklahoma Firefighters Pension and Retirement System v. Musk***,
> **No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)**

Dear Counsel:

We write on behalf of Plaintiff to request that Defendants state in clear and unambiguous terms whether they are relying on counsel or counsel's advice in their defense of this Action in anyway.

By way of brief background, Defendants' Answer to the Amended Complaint strongly indicates that Defendants are relying on advice of counsel in defending this Action. For example, Defendants' Seventh Affirmative Defense relies on their purported "good faith" (ECF No. 61 at 25), which squarely places at issue the advice that Defendants received from their counsel. *See, e.g., United States v. Bilzerian*, 926 F.2d 1285, 1292-93 (2d Cir. 1991) (upholding trial court's finding that a defendant's assertion of a good faith defense waived the attorney-client privilege; "the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014) ("[C]ourts within this Circuit, relying on *Bilzerian,* have reaffirmed the broader principle that forfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice").

Likewise, Defendants' limited initial document production to date indicates that Defendants relied on counsel concerning the substance and timing of Musk's disclosure obligations under Section 13. This reality is repeatedly confirmed in the documents. *See, e.g.*, ERM-Oklahoma0001727 (███████ April 6, 2022 email to Jared Birchall stating inter alia "you shared with me how **you received input all along from outside counsel** and others, and how **counsel advised you along the way** as goals changed" and "I know you will continue to **consult with Elon's securities counsel around the need for and timing of any ongoing regulatory filings** (and/or other legal requirements associated with this position and him taking a seat on the Board."); *see also, e.g.,* ERM-Oklahoma0000249 (███████ April 1, 2022 email

Jesse Bernstein
January 4, 2024
Page 2

to Jared Birchall stating "Re[garding] the [Rule] 13 filing you may want to **reconfirm again (again) with outside counsel (not that you haven't already a few times) as to timing**. Today was the first time I'd heard that one may interpret 'within 10 days of acquiring 5%...' a date which is in the near rear-view.").

Given this record, Defendants must make an unequivocal and binding election as to whether they will rely on counsel or counsel's advice in defending this Action. As you know, if Defendants *do* rely on such a defense, it gives rise to a broad waiver. *See, e.g., In re County of Erie*, 546 F.3d. 222, 228 (2d Cir. 2008) ("The assertion of an 'advice of counsel' defense has been properly described as a 'quintessential example' of an implied waiver of the [attorney-client] privilege."). As such, Plaintiff will be entitled to a full exploration of the **entire** record of Musk's counsel's advice and involvement in discovery. For example, among other things, Defendants will need to produce all documents regarding these issues and witnesses will be required to testify about them. Alternatively, if Defendants *do not* assert such a defense, then they will be bound by that decision and the parties will need to address the consequences of Defendants' election. For example, the parties will need to take steps to ensure, *inter alia*, that Defendants are barred from relying on any aspect of Musk's counsel's advice, input or involvement in the events at issue, Musk's counsel or references to counsel's advice does not appear in the factual record, and that Defendants and other witnesses are precluded from testifying that they relied on counsel.

Relatedly, it is axiomatic Defendants may *not* both rely on counsel in defending this Action, while still withholding information regarding the full record of their counsel's advice and involvement under the guise of privilege. It is well-recognized that "the attorney-client privilege cannot at once be used as a shield and a sword." *Bilzerian*, 926 F.2d at 1292-93 ("A defendant may not use the privilege to prejudice its opponent's case or to disclose some selected communications for self-serving purposes").

Moreover, Defendants must make their election regarding reliance on counsel early on in discovery—so the parties can avoid having to redo document production protocols or having to recall witnesses for depositions.

Accordingly, we request that Defendants unambiguously state by no later than 5pm on January 12, 2024 whether they are relying on counsel or counsel's advice in their defense of this Action in any way. Please let us know your availability for a meet and confer on this issue on Monday (1/8) or Tuesday (1/9).

Sincerely,

*/s/ Jeremy P. Robinson*
Jeremy P. Robinson

2