# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>ELON R. MUSK and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>Defendants. | No. 1:22-cv-03026-ALC-GWG |

**LEAD PLAINTIFF'S SECOND SET OF INTERROGATORIES**
**DIRECTED TO ALL DEFENDANTS**

Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff"), by and through its counsel, hereby propounds its Second Set of Interrogatories directed to Defendants Elon R. Musk and the Elon Musk Revocable Trust dated July 22, 2003 (together, "Musk") in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court. Musk is required to serve responses at the offices of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, New York 10020 within thirty (30) days, or at such other time and place as the parties mutually agree.

**DEFINITIONS**

The following definitions apply to each of the Interrogatories below and are incorporated into each Interrogatory.

1.      "Communications" means the transmission, sending, or receipt of information in any form, oral or written, including voicemails, electronic mail, text messages, instant messages, or documents.

2.      "Concerning" or "relating to" means referring to, describing, evidencing, or constituting.

3.      "Document" or "Documents" shall have the same meaning and be equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term. For the avoidance of doubt, "Document" includes "Communications."

4.      "Electronic Media" means any magnetic or other storage media device used to record or store ESI (defined below). Electronic Media devices may include computer memories, hard disks, diskettes, floppy disks, memory sticks, thumb drives, CDs, CD-ROMs, DVDs, DVDROMs, personal digital assistant devices (e.g., Palm Pilot, BlackBerry, iPad, iPhone, or "smart phone" devices) or tablets, magnetic tapes of all types, microfiche, or any other vehicle for digital storage or transmittal, including but not limited to, any containers or labels appended to, or relating to, any physical original or copy of such storage device.

5.      "Electronically stored information" or "ESI" is intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, the following:

2

a) all items covered by Federal Rule of Civil Procedure 34(a)(1)(A), including both Structured Data (defined below) and unstructured data and information that is fixed in a tangible form and information that is stored in a medium from which it can be retrieved and examined;

b) information or data that is generated, received, processed, and recorded by computers or other electronic devices, including Metadata (e.g., author, recipient, file creation date, file modification date, etc.);

c) internal or external websites, file shares, or other collaboration mechanisms or applications;

d) text messages or messages created through a chat or social media application;

e) output resulting from the use of any software program, including but not limited to any word-processing Documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messaging program including AOL or Bloomberg Instant Messenger (or similar program), bulletin-boards programs, operating systems, source codes, PRF files, PRC files, PDF files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; and

f) all items stored on Electronic Media.

6. "Including" means including, but not limited to.

7. "Metadata" has the same meaning and is equal in scope to the usage of the term in the Sedona Conference Definitions and means data that describes the characteristics, history, tracking, or management of ESI, including but not limited to all information concerning the dates and times the Documents were created, modified, or distributed, the format of the Documents, the owner or custodian of the Documents, the authors and recipients (including "bcc" recipients of the Documents), and the substance of changes to the Documents.

8. "Musk" means Elon Musk and the Elon Musk Revocable Trust dated July 22, 2003, collectively.

9. "Securities" means stocks, bonds, or any other type of publicly-traded asset issued by a company.

10. "Transactions" means the purchase(s) or sale(s) of an asset.

11. "Twitter" means Twitter, Inc.

12. "Twitter Securities" means Securities issued by Twitter.

13. "You" or "Your" means Musk.

## INSTRUCTIONS

1. All Interrogatories shall be construed pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

2. In accordance with the Federal and Local Rules, You must answer each Interrogatory fully and completely in writing under oath, to the extent that it is not objected to, after exercising due diligence to make an inquiry and secure the information necessary to do so.

3. If You cannot answer an Interrogatory fully and completely after exercising due diligence, state so in writing, specify the portion of the Interrogatory that You are unable to answer

4

fully and completely, together with the facts on which You rely to support that contention, and answer as much of the Interrogatory as possible.

4.      As necessary to bring within the scope of an Interrogatory any information that might otherwise be construed to be outside its scope, (a) the connectives "and" and "or" shall be construed either disjunctively or conjunctively; (b) the terms "any" and "all" shall be construed as "any and all"; (c) the use of the singular form of any word includes the plural and vice versa; and (d) the use of any verb in any tense is to be construed as the use of that verb in all other tenses.

5.      The specificity of any Interrogatory shall not be construed or understood as limiting the generality or breadth of any other Interrogatory.

6.      If You object to any Interrogatory, in full or in part, specify the portion of the Interrogatory to which You object, state in full the basis for Your objection, and answer as much of the Interrogatory as is not objectionable. The grounds for objecting to an Interrogatory, in full or in part, must be stated with specificity.

7.      The instructions relating to the assertion of claims of privilege in Federal Rule of Civil Procedure 26(b)(5) are incorporated by reference. Information called for by these Interrogatories that is withheld based on a claim of privilege, in full or in part, must be described in a manner sufficient to allow Lead Plaintiff and the Court to assess the claim of privilege.

8.      These Interrogatories require You to answer based on all information that is available to You, including information that can be obtained from records in Your custody and control, or from Your agents.

9.      These Interrogatories are continuing so as to require supplemental responses as specified in Federal Rule of Civil Procedure 26(e). Each supplemental response shall be served on

Lead Plaintiff within five (5) business days of the discovery or creation of the additional responsive information. Lead Plaintiff reserve the right to seek supplemental responses before trial.

## TIME PERIOD

The relevant time period for these Interrogatories is any time before April 5, 2022, and shall include all information concerning, in whole or in part, such period even if derived or obtained from a source that is dated, prepared, or received after the relevant time period.

## INTERROGATORIES

### INTERROGATORY NO. 9

State whether or not Defendants received any legal advice concerning Defendants' compliance with the federal securities laws, including any disclosure obligations, with respect to Defendants' Transactions in Twitter Securities and, if so, identify each date on which the legal advice was provided to Defendants, how it was provided (including, *e.g.*, by letter, email, or verbally), and who specifically provided it.

### INTERROGATORY NO. 10

Describe verbatim the content of any legal advice that Defendants received concerning Defendants' compliance with the federal securities laws, including any disclosure obligations, with respect to Defendants' Transactions in Twitter Securities.

Dated: February 13, 2024

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ Katherine M. Sinderson*
Salvatore J. Graziano
Katherine M. Sinderson
Jeremy P. Robinson
Jonathan G. D'Errico
Jasmine P. Cooper-Little
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
katie@blbglaw.com
jeremy@blbglaw.com
jonathan.derrico@blbglaw.com
jasmine.cooper-little@blbglaw.com

*Counsel for Lead Plaintiff Oklahoma
Firefighters Pension and Retirement System
and the Class*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2024, I served the attached document, Lead Plaintiff's Second Set Of Interrogatories Directed To All Defendants, via electronic mail to all counsel of record in the above-captioned litigation.

*/s/ Jonathan G. D'Errico*
Jonathan G. D'Errico

.