# **Exhibit 6**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, <br><br> Plaintiff, <br> v. <br><br> ELON R. MUSK and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, <br><br> Defendants. | No. 1:22-cv-03026-ALC-GWG |

**SUPPLEMENTAL RESPONSES AND OBJECTIONS ON BEHALF OF DEFENDANTS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 33, and Local Rule 33.3, Defendants Elon R. Musk ("Musk"), and the Elon Musk Revocable Trust Dated July 22, 2003 (the "Trust," and together with Musk, "Defendants"), provide Supplemental Responses and Objections to Lead Plaintiff's Second Set of Interrogatories Directed to All Defendants (collectively, the "Interrogatories" and each one an "Interrogatory") as follows:

**GENERAL OBJECTIONS**

1.      Defendants object to the Interrogatories, including definitions and instructions referenced therein, subject to the General Objections set forth in this section.  Failure to refer to a General Objection in a Specific Response and Objection cannot be construed as waiver of any General Objection.

2.      Defendants object to the Interrogatories to the extent they purport to impose obligations or burdens beyond those imposed by the FRCP or Local Rules.

3.      Defendants object to the Interrogatories to the extent they seek Documents or information protected from discovery by the attorney-client privilege, work product doctrine, investigative privilege, common-interest privilege, or any other privilege or immunity recognized in law or equity.

4.      Defendants object to the Interrogatories to the extent they seek information not in the possession, custody, or control of Defendants.

5.      By responding to any Interrogatory, Defendants do not concede the admissibility or relevance of any Documents or information provided, or the correctness of any assumption or assertion made in any Interrogatory.  Defendants reserve the right to object on any applicable grounds to the introduction or admissibility, in this or any other proceeding, of information or documents called for in the Interrogatories.

6.      It may not be inferred from any objection that responsive information or documents exist, or that Defendants agree Lead Plaintiff's characterizations of any facts or legal theories or conclusions asserted in the Interrogatories.

7.      Defendants object to the Interrogatories on the grounds that any response from Defendants is not, and may not be construed to be, endorsement of, agreement with, or acquiescence in any of Lead Plaintiff's arguments, theories, assertions, or allegations.

8.      Defendants reserve the right to alter, supplement, amend, or otherwise modify these Responses and Objections if and when appropriate.

9.      Defendants' objections are without prejudice to the assertion of any arguments or defenses, including but not limited to any defense that arises on the basis of advice provided by counsel.  Defendants' reserve all rights to amend these Responses and Objections accordingly.

## OBJECTIONS TO DEFINITIONS

1.      Defendants object to Definitions #5 and #7 to the extent they seek to impose burdens different from, or greater than, those imposed under the FRCP and Local Rules. Defendants will produce responsive, non-privileged Documents, if any, pursuant to a reasonable, agreed-upon search protocol.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to Instruction  #7 and #8 to the extent each Instructions seeks to impose burdens different from, or greater than, those imposed under the FRCP and Local Rules, and/or call for Defendants to provide information that is readily available to Lead Plaintiff in, for example, documents that have been produced.

2.      Defendants object to Instruction #9 as imposing burdens different from, and greater than, those imposed by the FRCP and Local Rules.

## OBJECTIONS TO TIME PERIOD

1.      Defendants object to the Time Period specified as including "any time before April 5, 2022" as overly broad.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 9:**

State whether or not Defendants received any legal advice concerning Defendants' compliance with the federal securities laws, including any disclosure obligations, with respect to Defendants' Transactions in Twitter Securities and, if so, identify each date on which the legal advice was provided to Defendants, how it was provided (including, e.g., by letter, email, or verbally), and who specifically provided it.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this Interrogatory as overly broad, unduly burdensome, not seeking information relevant to the claims or defenses of any party, and not proportional to the needs of the case because it broadly seeks information concerning advice about the federal securities laws. Defendants object to this Interrogatory as overly broad, unduly burdensome, not seeking information relevant to the claims or defenses of any party, and not proportional to the needs of the case because it does not identify any reasonable time period. Defendants object to this Interrogatory because the term "legal advice" is vague, ambiguous, and undefined, and Defendants are unable to determine what information Lead Plaintiff seeks. Defendants object to this Interrogatory because it expressly demands information protected by privilege, including but not limited to the attorney-client privilege, work product protection, and the investigative privilege. Defendants object to this Interrogatory as seeking sensitive, confidential, proprietary, and personal information without reason or justification. Defendants object to this Interrogatory to the extent that it prematurely requires Defendants to elect whether to advance a defense based on the advice of counsel.

Subject to and without waiving any of the foregoing general and specific objections, Defendants decline to respond to this Interrogatory without prejudice to the assertion of any arguments or defenses, including but not limited to any defense that arises on the basis of advice provided by counsel. Defendants reserve all rights to amend these Responses and Objections accordingly.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Defendants further object to this Interrogatory as unnecessarily duplicative and cumulative of testimony on the same topic already produced to Plaintiff. Defendants further object to this

4

Interrogatory as demanding information protected by privilege.  Defendants further object to this Interrogatory because the information sought is relevant, at most, where a defendant has raised certain defenses, none of which Plaintiff has identified.

Subject to and without waiving any of the foregoing general and specific objections or reservations of rights, and without prejudice to the assertion of any arguments or defenses, including but not limited to any defense that arises on the basis of advice provided by counsel, Defendants respectfully refer Plaintiff to a transcript of testimony dated July 12, 2022 in *In re: Certain Purchases, Sales and Disclosures of Twitter Sales*, produced in this action with the Bates-stamp ERM-Oklahoma0009894 to ERM-Oklahoma0010233.

DATED:  New York, New York
           March 21, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/ Jesse Bernstein*
Alex Spiro
Jesse Bernstein
Jacob J. Waldman
51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
Telephone:  (212) 849-7000
alexspiro@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com

*Attorneys for Defendants*

5