# **Exhibit 9**

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

### NEW YORK ● CALIFORNIA ● ILLINOIS ● LOUISIANA ● DELAWARE

KATHERINE M. SINDERSON
(212) 554-1392
Katie@blbglaw.com

July 25, 2025

**VIA EMAIL**
Jesse Bernstein
Jacob Waldman
Nathan Goralnik
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

Re: ***Oklahoma Firefighters Pension and Retirement System v. Musk***,
**No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.)**

Dear Counsel:

We write on behalf of Plaintiff to confirm that Defendants are not relying on counsel as any part of their defense to this Action.

By way of brief background, Plaintiff first asked that Defendants "state in clear and unambiguous terms" whether they are relying on counsel in their defense of this Action on January 4, 2024. Defendants indicated that they were not asserting such a defense but failed to provide the necessary clarity and appeared to be hedging their answer. Following multiple meet and confers and discovery correspondence, Defendants offered on February 5, 2024 to finalize their position on any reliance on counsel defense 45 days prior to the close of discovery. Defendants' own deadline has now passed—and Defendants' silence confirms their prior position that they are not relying on counsel in any way in defending this Action. Defendants' privilege logs likewise confirm that Defendants are preserving privilege with their counsel, including Defendants' communications with Alex Spiro and counsel at McDermott Will & Emery. In the circumstances, Defendants' election is clear—they will not rely on counsel in defending this Action in any way.

Given the near-term close of fact discovery, including critical depositions that are scheduled to start in less than a month, any effort by Defendants to attempt to reverse course and rely on counsel as part of their defenses would be highly prejudicial to Plaintiff. *See e.g., Sec. & Exch. Comm'n v. Honig*, 2021 WL 5630804, at *7 (S.D.N.Y. Nov. 30, 2021) ("Courts in this Circuit require the timely assertion of a defense of reliance on the advice of counsel (and the corresponding waiver of attorney-client privilege) such that the non-asserting party will not face unfair prejudice in conducting discovery and managing the case.").

1251 AVENUE OF THE AMERICAS ● NEW YORK ● NY 10020-1104
TELEPHONE: 212-554-1400 ● www.blbglaw.com ● FACSIMILE: 212-554-1444

Jesse Bernstein
July 25, 2025
Page 2

Given the considerable prejudice that Plaintiff would face if Defendants now tried to reverse course and later rely on counsel as part of any defense (including any "good faith" defense, *United States v. Bilzerian,* 926 F.2d 1285, 1292-93 (2d Cir. 1991)), it is important that we receive confirmation that Defendants will not do so. To ensure the Parties have clarity as to this issue, please confirm your availability to confer early next week during the July 28-30 window.  Thank you.

Plaintiff reserves all rights.

Sincerely,

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson