# Exhibit 10

| | |
|---|---|
| **From:** | Jeremy Robinson |
| **Sent:** | Thursday, August 14, 2025 4:35 PM |
| **To:** | Sarah Heaton Concannon; Katie M. Sinderson; Rachel Frank; Nathan Goralnik; Jonathan D'Errico; Jesse Bernstein; Jacob Waldman; Kavya Dasari; Brenna Nelinson; Alex Spiro |
| **Cc:** | Emily Tu; Rebecca Temkin; Salvatore Graziano |
| **Subject:** | Re: OK FF v. Musk - Reliance on Counsel |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Sarah,

Your below email demonstrates that notwithstanding our numerous efforts to clarify Defendants' position, you keep broadening it to allow for a reliance on counsel defense. Indeed, this is explicit in your statement that Defendants intend to rely on their legal counsel's involvement to defend against Plaintiff's scienter allegations. Defendants are employing a classic sword and shield strategy, which is impermissible under Second Circuit law. It is telling that you refused to provide any caselaw supporting your position on our last meet and confer.

Your reflexive accusation that Plaintiff is using privilege as a sword and shield is nonsensical. It is Defendants who are blocking access to hundreds of documents based on purported privilege assertions while at the same time intending to rely on their counsel's involvement in defending this action.  Not Plaintiff.

The parties have met and conferred extensively on this issue and are clearly at an impasse. As we explained on our last call, Plaintiff intends to promptly seek the Court's assistance in resolving this ripe dispute. Plaintiff reserves all rights.

Regards,
Jeremy


Jeremy P. Robinson
BLB&G LLP
212.554.1492
646.708.0507

**From:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Sent:** Tuesday, August 12, 2025 6:56 AM
**To:** Jeremy Robinson <Jeremy@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna

1

Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

Jeremy,

Defendants agree that there is no need to burden the Court with motion practice at this time.  We refer you again to Alex Spiro's correspondence of August 5, 2025 and to our forthcoming responses to Plaintiff's interrogatories and requests for admission for Defendants' position.

With regard to your email, Plaintiff again misstates Defendants' position.  You state "We asked whether Defendants are reserving the right to rely on evidence concerning Mr. Spiro and Ms. Steele's **involvement**—or the **involvement** of any other attorneys.  You said **no**."  This is incorrect.  The question to which I responded "no," was whether Defendants intend to rely on evidence **from** Mr. Spiro or Ms. Steele.  I.e., whether Defendants intend to call them as witnesses.  We do not.  When you then rephrased the question as you do below to concern **involvement** of counsel, we underscored that you had changed the question and that we were **not** agreeing to the question as rephrased.

Specifically, we made clear, as you acknowledge below, that Defendants are reserving the right to present any and all evidence at summary judgment and trial consistent with governing law and as will be determined by the Court in motions in limine and during trial motion practice.  Further, we expressly stated, as you acknowledge below, that Defendants **will not** agree to a gag order to witnesses or to the redaction of attorney names from exhibits.  Accordingly, in the natural course of the presentation of evidence at trial, it is entirely possible that evidence concerning "involvement" of lawyers could be elicited, including in response to questioning by Plaintiff.  That is an issue for the Court to resolve at trial.

We further note that it is Plaintiff, not Defendants, that is attempting to use involvement of counsel as both a sword and a shield.  Plaintiff's Amended Complaint is replete with allegations that Defendants' failure to consult with counsel before April 1, 2022 somehow evidences a scheme.  Should Plaintiff seek to present evidence at trial concerning the **absence** of counsel before April 1, 2022 as purported evidence of Defendants' state of mind, then Defendants must be permitted to rebut Plaintiff's evidence.

We suggest that Plaintiff proceed with discovery accordingly and reserve all rights.

**Sarah Heaton Concannon**
*Partner and Co-Chair of SEC Enforcement Defense Practice*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, DC 20005

295 5th Ave.
New York, NY 10016-7103

202.538.8122 Direct
703.554.5521 Cell
sarahconcannon@quinnemanuel.com
www.quinnemanuel.com

**From:** Jeremy Robinson <Jeremy@blbglaw.com>
**Sent:** Monday, August 11, 2025 2:29 PM
**To:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[EXTERNAL EMAIL from jeremy@blbglaw.com]**

Sarah,

Thank you for the call on Friday. We wanted to memorialize the key aspects of our discussion:

1. Defendants are not asserting an advice-of-counsel defense in this action and will not rely on any attorney-client privileged communications or documents in any way in defending this action;

2. Defendants are not waiving any legal privilege;

3. Defendants will not depose or call as witnesses at trial Heidi Steele from McDermott or Alex Spiro from Quinn Emanuel (or any other lawyer);

4. Defendants "do not waive, and expressly reserve, all rights with regard to the presentation of evidence at summary judgment and trial, consistent with established law."

We asked whether Defendants are reserving the right to rely on evidence concerning Mr. Spiro and Ms. Steele's involvement—or the involvement of any other attorneys. You said no. We asked whether Defendants would present any evidence concerning the involvement of counsel. Defendants said they would not at this time agree to redact attorney names from documents or agree to what they labeled as a "gag order." Defendants also insisted that any motion practice now would be "premature."

We continue to have concerns that Defendants are both disclaiming a reliance on counsel defense but also reserving the right to affirmatively inject into the record the involvement of counsel. We object to any attempt by Defendants to do so.

However, given the representations you made to us on Friday's call, we do not wish to burden the Court with motion practice at this time. We believe the depositions scheduled for the end of August and beginning of September of Musk, Birchall, and Neuhaus should go ahead and, if the testimony is inconsistent with your representations or our above-discussed concerns increase,

we reserve all rights to seek additional discovery.  Until that time, we can temporarily take the depositions of Mr. Spiro, Ms. Gadde, and Mr. Edgett off calendar.


Regards,
Jeremy

_____

Jeremy P. Robinson
**BLB&G LLP**
Office: 212.554.1492
Mobile: 646.708.0507

---

**From:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Sent:** Thursday, August 7, 2025 6:01 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

10:30 a.m. works, and again, not sure how we can endeavor to be more clear, but will do our best.

**Sarah Heaton Concannon**
*Partner and Co-Chair of SEC Enforcement Defense Practice*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, DC 20005

295 5th Ave.
New York, NY 10016-7103

202.538.8122 Direct
703.554.5521 Cell
sarahconcannon@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Thursday, August 7, 2025 5:56 PM
**To:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin

4

<Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[EXTERNAL EMAIL from katiem@blbglaw.com]**

Sarah, we are free at either 10:30 or 11:30.  Let us know what time works and we will circulate an invitation.

We look forward to gaining final clarity on this issue.

---

**From:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Sent:** Thursday, August 7, 2025 5:53 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

Katie,

You are manufacturing issues and creating a false sense of urgency and impasse.  Our position has been and remains precisely as we **repeatedly have stated**, both in the meet and confer and, now, multiple times in writing.  We will further respond in writing as required in response to your interrogatories and RFAs.

We are not available to confer this evening, but can speak tomorrow morning.

**Sarah Heaton Concannon**
*Partner and Co-Chair of SEC Enforcement Defense Practice*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, DC 20005

295 5th Ave.
New York, NY 10016-7103

202.538.8122 Direct
703.554.5521 Cell
sarahconcannon@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Thursday, August 7, 2025 5:04 PM
**To:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>

**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[EXTERNAL EMAIL from katiem@blbglaw.com]**

Sarah:

So we now understand from your email that Defendants may in fact rely on the involvement of counsel in defending this action.  Regardless, Defendants are obviously trying to use the privilege as a sword and shield.  Given the late stage of discovery, we need to meet and confer today as we intend to promptly raise Defendants' conduct with the Court to compel a clear and final response.

Please let us know your availability today for a meet and confer.

Best,
Katie

---

**From:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>
**Sent:** Thursday, August 7, 2025 4:41 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

Katie,

This should be obvious on the face of the communications as well as discussions during the meet and confer, but to spell it out:  Your email states that Defendants have provided "**assurances** that Defendants will not rely on the **involvement of counsel** in their disclosure decisions or **as any part of their defense of this action**...."

Alex Spiro's letter states that: (1) Defendants **are not asserting an advice-of-counsel defense**; and (2) **do not intend to rely on attorney-client privileged communications or documents** in the defense of this action.  Alex's letter further states, expressly, that "[a]part from confirming that Defendants are not asserting an advice-of-counsel defense, relying on attorney-client privileged statements, or waiving privilege, **Defendants do not waive, and expressly reserve, all rights with regard to the presentation of evidence at summary judgment and trial, consistent with established law**."

Accordingly, to the extent Plaintiff intends "**involvement of counsel in their disclosure decisions or as any part of their defense of this action**" to purport to memorialize a broader "assurance" than set forth in Alex Spiro's letter, we are making Defendants' position with regard to the presentation of evidence at trial explicitly clear and commend you to the case law.

If you'd like to resend your email using the exact language from Alex's letter, then perhaps we'll have an easier meeting of the minds.

Defendants will respond to Interrogatory No. 19 and RFA No. 2 within 30 days of service and reserve the right to supplement or amend this response in connection therewith.

**Sarah Heaton Concannon**
*Partner and Co-Chair of SEC Enforcement Defense Practice*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, DC 20005

295 5th Ave.
New York, NY 10016-7103

202.538.8122 Direct
703.554.5521 Cell
sarahconcannon@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Thursday, August 7, 2025 2:00 PM
**To:** Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[EXTERNAL EMAIL from katiem@blbglaw.com]**

Rachel, we do not understand there to be differences between our summary and Defendants' position disclaiming any reliance on counsel as part of their defense of this action. If Defendants understand that there are any differences at all, please clearly specify them immediately. We will be making decisions regarding the nature and scope of discovery based on Defendants' disclaimer of reliance on counsel, so it is Defendants' obligation to make clear any differences. Please do so by close of business today. Unless we hear that Defendants believe we are in error, we will proceed on the above-discussed basis.

Thank you,
Katie Sinderson

---

**From:** Rachel Frank <rachelfrank@quinnemanuel.com>
**Sent:** Thursday, August 7, 2025 8:10 AM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

Katie,

Alex Spiro's letter of August 5, 2025, sets out Defendants' position.  To the extent your summary below differs from that letter, we refer you back to that letter and reserve all rights.

Based on your representation that Plaintiff will withdraw its subpoenas for the depositions of Ms. Gadde and Mr. Edgett, Defendants will do the same.

Best,
Rachel

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Wednesday, August 6, 2025 12:33 PM
**To:** Rachel Frank <rachelfrank@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[EXTERNAL EMAIL from katiem@blbglaw.com]**

Counsel, thank you for your letter.  In reliance on your assurances that Defendants will not rely on the involvement of counsel in their disclosure decisions or as any part of their defense of this action, Plaintiff plans to withdraw our subpoena for the depositions of Vijaya Gadde and Sean Edgett (assuming that Defendants will withdraw their subpoena to Ms. Gadde and Mr. Edgett as well).  Please confirm Defendants' position as to Ms. Gadde's and Mr. Edgett's depositions.  We will also withdraw our subpoena for the deposition of Mr. Spiro based on Defendants' assurances.

Thank you,
Katie Sinderson

---

**From:** Rachel Frank <rachelfrank@quinnemanuel.com>
**Sent:** Tuesday, August 5, 2025 3:24 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

Please see the attached correspondence.

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Tuesday, August 5, 2025 1:10 PM
**To:** Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Cc:** Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel

**[EXTERNAL EMAIL from katiem@blbglaw.com]**

Nate, I'm following up on our conversation yesterday regarding the role of counsel in Defendants' defense.  We understand from our call that Defendants do not intend to assert a reliance on counsel defense in any form.  As we had asked in our July 25 letter, we again asked you to confirm that Defendants will not rely on the role of counsel in any "good faith" defense, which includes citing to or referencing counsel involvement in any disclosure or nondisclosure decision.  We appreciate your indication that you believed that an agreement to not rely on advice of counsel encompassed disclaiming a "good faith" defense that referenced the role of counsel, but we understand that you were going to confirm with your colleagues after our call.  We discussed getting such a confirmation by close of business yesterday, but we did not hear from you.  Please provide your written confirmation of your disclaimer of any reliance on counsel consistent with the above scope by close of business today.

As we discussed, to the extent that there is any ambiguity as to Defendants' disclaimer, we will need to seek Court guidance immediately to ensure that we protect the interests of Plaintiff and the Class in the remaining weeks of fact discovery.

Best,
Katie

---

**From:** Nathan Goralnik <nathangoralnik@quinnemanuel.com>
**Sent:** Thursday, July 31, 2025 8:21 AM
**To:** Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Cc:** Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>
**Subject:** Re: OK FF v. Musk - Reliance on Counsel

**[This message is from an external sender]**

Counsel,

We disagree with your email below.  The parties conferred at length on the day that you sent your letter.  As our correspondence makes clear, Defendants have acted promptly on the parties' discussion during the meet-and-

confer.  You are also aware that members of our team are traveling.  Please provide your availability to confer on Monday or Tuesday.


Thanks,
Nate


**Nathan Goralnik**
*Of Counsel*
Quinn Emanuel Urquhart & Sullivan, LLP



nathangoralnik@quinnemanuel.com
www.quinnemanuel.com



**From:** Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>
**Sent:** Wednesday, July 30, 2025 10:17 PM
**To:** Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Cc:** Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>
**Subject:** RE: OK FF v. Musk - Reliance on Counsel


**[EXTERNAL EMAIL from jonathan.derrico@blbglaw.com]**



Counsel,

We write to follow up on the attached letter.  The letter seeks to confirm that Defendants are not relying on counsel as any part of their defenses to this Action and asked for a meet and confer between July 28-30.

Defendants' silence is prejudicial to Plaintiff (particularly given the upcoming depositions) and violates Rule 2.A of Judge Gorenstein's Individual Rules, which requires that "A party must respond within one business day to any request from another party to confer unless an emergency prevents such a response."

Plaintiff reserves all rights.

Best,
Jon


**Jonathan G. D'Errico**
**BLB&G** Bernstein Litowitz
Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
Direct:  (212) 554-1454
Fax:  (212) 554-1444
Jonathan.DErrico@blbglaw.com

**From:** Jonathan D'Errico
**Sent:** Friday, July 25, 2025 4:39 PM
**To:** Jesse Bernstein <jessebernstein@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Nathan Goralnik <nathangoralnik@quinnemanuel.com>; Rachel Frank <rachelfrank@quinnemanuel.com>; Kavya Dasari <kavyadasari@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Cc:** Katie M. Sinderson <KatieM@blbglaw.com>; Jeremy Robinson <Jeremy@blbglaw.com>; Emily Tu <Emily.Tu@blbglaw.com>; Rebecca Temkin <Rebecca.Temkin@blbglaw.com>
**Subject:** OK FF v. Musk - Reliance on Counsel

Counsel,

Please see attached.

Best,
Jon

**Jonathan G. D'Errico**

**BLB&G** Bernstein Litowitz
Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
Direct:  (212) 554-1454
Fax:  (212) 554-1444
Jonathan.DErrico@blbglaw.com