**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>                    Plaintiff,<br><br>          v.<br><br>ELON R. MUSK, ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, and JARED BIRCHALL,<br><br>                    Defendants. | Case No. 1:22-cv-03026-ALC-GWG |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO REQUIRE DEFENDANTS TO DECIDE WHETHER THEY
WILL RELY ON COUNSEL AS AN AFFIRMATIVE DEFENSE**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ..............................................................................................................2

    A.    Factual Background ...........................................................................2

    B.    Plaintiff's Manufactured Procedural Crisis ..........................................3

ARGUMENT ...................................................................................................................4

I.    PLAINTIFF'S MOTION IS MOOT BECAUSE DEFENDANTS CLEARLY, UNAMBIGUOUSLY, AND REPEATEDLY HAVE STATED THEIR POSITION ...........................................................................................5

    A.    Defendants Have Stated Their Clear And Unambiguous Position .........6

    B.    Plaintiff Concedes That Defendants Did Not Consult With Counsel Before April 1, 2022 ...........................................................................7

    C.    Defendants Do Not Intend To Assert An Advice-Of-Counsel Defense Concerning The Period Of April 1, 2022 Through The End Of The Putative Class Period ......................................................................7

II.    TO THE EXTENT PLAINTIFF'S MOTION IS NOT MOOT, IT IS WITHOUT LEGAL BASIS AND PREMATURE ...................................................8

    A.    Plaintiff "Injected" Advice Of Counsel, Not Defendants ....................9

    B.    Plaintiff Conflates Non-Privileged Facts Regarding Counsel With An Advice-Of-Counsel Defense ..........................................................12

    C.    Testimony From Another Proceeding Cannot Force Waiver ...............17

    D.    Plaintiff Seeks Improper Advance Rulings On Trial Evidence ............19

    E.    Plaintiff Effectively Demands Defendants Waive Privilege And Submit To A Gag Order Or Forgo An Accurate Defense .......................................22

CONCLUSION..............................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*,
  2016 WL 1060336 (S.D.N.Y. Mar. 11, 2016) ........................................................................15

*AIU Ins. Co. v. TIG Ins. Co.*,
  2008 WL 5062030 (S.D.N.Y. Nov. 25, 2008) ........................................................................10

*AngioDynamics, Inc. v. Biolitec, Inc.*,
  2010 WL 11541926 (N.D.N.Y. May 25, 2010) ................................................................14, 19

*In re Application for Subpoena to Kroll*,
  224 F.R.D. 326 (E.D.N.Y. 2004) ...........................................................................................14

*Arista Recs. LLC v. Lime Grp. LLC*,
  2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) ........................................................................20

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*,
  1996 WL 173138 (S.D.N.Y. Apr. 12, 1996) ..........................................................................15

*Bivins v. Rogers*,
  2017 WL 1535110 (S.D. Fla. Apr. 27, 2017) ........................................................................10

*Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*,
  2002 WL 31729693 (S.D.N.Y. Dec. 5, 2002) ........................................................................10

*In re Buspirone Antitrust Litigation*,
  208 F.R.D. 516 (S.D.N.Y. 2002) ...........................................................................................21

*Chase Manhattan Bank, N.A. v. Drysdale Secs. Corp.*,
  587 F. Supp. 57 (S.D.N.Y. 1984) ..........................................................................................10

*In re Cnty. of Erie*,
  546 F.3d 222 (2d Cir. 2008) ..........................................................................2, 8, 13, 14, 15, 19

*CFIP Master Fund, Ltd. v. Citibank, N.A.*,
  738 F. Supp. 2d 450 (S.D.N.Y. 2010) ..............................................................................15, 16

*CFTC v. Weintraub*,
  471 U.S. 343 (1985) ...............................................................................................................18

*Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.*,
  43 A.D.3d 56 (N.Y. App. Div. 2007) .....................................................................................20

*Fin. Guar. Ins. Co. v. Putnam Advisory Co.*,
  LLC, 314 F.R.D. 85 (S.D.N.Y. 2016)..................................................................8

*Gardner v. Major Auto. Co., Inc.*,
  2014 WL 1330961 (S.D.N.Y. Mar. 31, 2014) ...............................................11, 17

*Genentech, Inc. v. Insmed Inc.*,
  236 F.R.D. 466 (N.D. Cal. 2006)........................................................................12

*Harter v. CPS Sec. (USA), Inc.*,
  2013 WL 3108947 (D. Nev. June 18, 2013) .......................................................13

*Iglesias v. Guevara*,
  2022 WL 22918617 (N.D. Ill. July 22, 2022).....................................................15

*John Doe Co. v. United States*,
  350 F.3d 299 (2d Cir. 2003).........................................................................11, 14, 17

*McKeen-Chaplin v. Provident Sav. Bank, FSB*,
  2015 WL 502697 (E.D. Cal. Feb. 5, 2015).........................................................13

*Nelson v. Sabre Companies, LLC*,
  2018 WL 4030533 (N.D.N.Y. July 9, 2018) .......................................................10

*Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie S.C.A.*,
  258 F.R.D. 95 (S.D.N.Y. 2009) ..........................................................................14

*Oakley, Inc. v. Bugaboos Eyewear Corp.*,
  2010 WL 4117223 (S.D. Cal. Oct. 15, 2010) .....................................................15

*Patrick v. City of Chicago*,
  154 F. Supp. 3d 705 (N.D. Ill. 2015)..................................................................15

*In re Residential Cap., LLC*,
  491 B.R. 63 (Bankr. S.D.N.Y. 2013)...................................................................21

*Sanofi-Synthelabo v. Apotex Inc.*,
  363 F. Supp. 2d 592 (S.D.N.Y. 2005)..................................................................18

*Spencer-Smith v. Ehrlich*,
  2024 WL 4416581 (S.D.N.Y. Oct. 4, 2024) ........................................................14

*Trydel Rsch. Pty. Ltd. v. ITW Glob. Tire Repair, Inc.*,
  2024 WL 3950213 (N.D. Ill. Aug. 27, 2024) ......................................................10

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991)........................................................................11, 14

*United States v. Wells Fargo Bank N.A.*,
   2015 WL 3999074 (S.D.N.Y. June 30, 2015) .........................................................18

*In re Valeant Pharma. Int'l, Inc. Sec. Litig.*,
   2021 WL 5105774 (D.N.J. Nov. 3, 2021) ..............................................................16

*In re von Bulow*,
   828 F.2d 94 (2d Cir. 1987)..............................................................................8, 17

*In re Worldcom, Inc. Sec. Litig.*,
   2004 WL 936320 (S.D.N.Y. May 3, 2004) .........................................................21

*Zarrella v. Pac. Life Ins. Co.*,
   498 F. App'x 945 (11th Cir. 2012) ....................................................................12

Defendants Elon R. Musk, the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, and Jared Birchall ("Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Oklahoma Firefighters Pension And Retirement System's Motion To Require Defendants To Decide Whether They Will Rely On Counsel As An Affirmative Defense, ECF 172-78 ("Motion" or "Mot."). For the reasons set forth herein, Plaintiff's Motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff's Motion seeks to solve a problem that ***does not exist***. Plaintiff asks this Court to enter an order requiring Defendants to "decide whether they will rely on counsel as an affirmative defense." ECF 173. Plaintiff's Motion is moot. Defendants repeatedly have provided Plaintiff— and this Court—with ***precisely*** the information sought in the Motion:

> Defendants are not asserting an advice-of-counsel defense in this action. Defendants have expressly stated that they do not intend to rely on attorney-client privileged communications or documents in the defense of this action and have further stated that Defendants do not waive, and expressly reserve, assertions of attorney-client privilege and attorney work product protection.

ECF 155 at 1; ECF 174-11; Ex. 1 (Defendants' Responses and Objections to Lead Plaintiff's First Set of Requests for Admission)[1] at Nos. 1, 2; Ex. 2 (Defendants' Responses and Objections to Lead Plaintiff's Fourth Set of Interrogatories) at No. 19. Because Defendants clearly, unequivocally, and repeatedly have told Plaintiff that they will not rely on counsel as an affirmative defense at trial, there is nothing for this Court to order.

To the extent Plaintiff's Motion is not moot—which it is—it lacks legal foundation and is a grossly premature effort to dictate and gag the presentation of evidence at trial. It is well-established that no waiver occurs where defendants focus on ***factual*** circumstances rather than

---

[1] Exhibits ("Ex. __") are to the Declaration of Sarah Heaton Concannon in Support of Defendants' Opposition to Plaintiffs Motion to Require Defendants to Decide Whether They Will Rely On Counsel as an Affirmative Defense dated September 19, 2025.

*privileged* advice. *See infra* § II.B. Here, Plaintiff—not Defendants—"injected" counsel into this case by crafting an Amended Complaint that mentions counsel no fewer than 79 times and manufacturing a theory of scienter that hinges on the ***absence*** of counsel before April 1, 2022. Plaintiff concedes that Defendants sought legal advice on April 1, 2022, and that legal counsel prepared SEC submissions that were made on April 4 and April 5, 2022. *See, e.g.*, ECF 99 ¶¶ 15, 111, 127, 175, 179, 183, 189. Plaintiff appears to ask this Court to permit Plaintiff to advance evidence at trial concerning the ***absence*** of counsel before April 1, 2022, while gagging Defendants from responding to that evidence by pointing—consistent with the undisputed facts— to the ***presence*** of counsel after April 1, 2022. Not only is this a grossly premature attempt to dictate the presentation of evidence at trial—months or even years in advance—it is wholly unsupported by law. *See In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008). The ***fact*** that counsel was contacted on a specific date does not implicate the attorney-client privilege or advice of counsel. Defendants will not point to or imply that any particular advice was provided. But the fact that advice was ***sought***—which is not privileged—is relevant to rebutting Plaintiff's "absence of advice" argument, regardless of what the advice was, whether it was followed, or anything else that is privileged.

Plaintiff's ultimatum—that Defendants must waive attorney-client privilege or capitulate now (***before the presentation of a single witness at trial***) to a counter-factual presentation of evidence that would permit Plaintiff to use the absence of counsel as a sword, while precluding Defendants from responding—is not supported by law. This Court should deny Plaintiff's Motion.

## **<u>BACKGROUND</u>**

### A.    **Factual Background**

In early 2022, Mr. Musk directed his wealth manager, Mr. Birchall, to purchase shares of Twitter. Dkt. 99 ¶¶ 82, 92. On January 31, 2022, Mr. Birchall directed Advisor A at Morgan

Stanley to begin purchasing Twitter stock for Mr. Musk, and Advisor A did so until April 1, 2022. Dkt. 99 ¶¶ 92, 174. As Plaintiff expressly alleges in the Amended Complaint, Defendants did not consult counsel during this period. *E.g.*, Dkt. 99 ¶¶ 14-15, 83, 111, 126-129, 214-15, 254. Rather, Defendants acted based on their understanding that Rule 13 disclosure was not immediately required after passing 5% ownership, consistent with Mr. Birchall's review of the requirements and information received from Advisor A. *See, e.g.*, ECF 109-4; Ex. 3 (ERM-Oklahoma0022541 (Birchall *Twitter* Tr.)) at 102:21-104:14 (excerpt); Ex. 4 (ERM-Oklahoma0009894 (Musk SEC Tr.)) at 59:2-13, 67:10-21 (excerpt); ECF 109-1; ECF 109-2. When, on April 1, 2022, Advisor A first raised questions as to the timing of disclosure, Defendants immediately retained counsel, took corrective action, and filed the required Schedule 13D disclosure the very next trading day. *See, e.g.*, Ex. 4 at 158:15-160:1 (excerpt); Ex. 3 at 112:4-114:17 (excerpt).

B.    **Plaintiff's Manufactured Procedural Crisis**

On January 4, 2024, nearly two years before the current close of fact discovery, Plaintiff asked Defendants to "state in clear and unambiguous terms whether they are relying on counsel or counsel's advice in their defense of this action in any [] way." ECF 174-4 at 1. On February 5, 2024, Defendants stated in a meet-and-confer that they would inform Plaintiff of their position 45 days before the close of discovery. ECF 151 at 2.

In a letter dated August 5, 2025, Defendants unambiguously informed Plaintiff that Defendants "are not asserting an advice-of-counsel defense" and "do not intend to rely on attorney-client privileged communications or documents in defense of this action." ECF 174-11 at 1. Defendants' August 5 letter also included standard reservation language preserving "all rights with regard to the presentation of evidence at summary judgment and trial, consistent with established law." *Id*.

Despite Defendants' unambiguous written response, Plaintiff continued to press for "clarification," including Plaintiff's demand that Defendants state that they "will not rely on the ***involvement of counsel*** in their disclosure decisions ***or as any part of their defense of this action***." ECF 174-10 at 8 (emphases added).  During the parties' meet and confer on August 8, 2025, Defendants reiterated that they are not asserting an advice of counsel defense and do not waive privilege, but made clear that Defendants will not agree to a gag order in advance of trial such that a witness could be precluded from truthfully testifying at trial in response to questioning that elicits the presence of counsel on a communication or in a meeting.  *Id*. at 3.  Despite Defendants' repeated assurances that Defendants are not asserting an advice-of-counsel defense or waiving the attorney-client privilege, Plaintiff filed its pre-motion letter on August 18, 2025.  ECF 170.  On August 20, 2025, Defendants responded to Plaintiff's pre-motion letter, reiterating that "Defendants are not asserting an advice-of-counsel defense in this action. Defendants have stated that they do not intend to rely on attorney-client privileged communications or documents in the defense of this action."  ECF 155 at 1.  On August 26, 2025, this Court noted that Defendants are bound by their written representations, but permitted Plaintiff to proceed to motion practice.  ECF 169.  On September 5, 2025, Defendants responded to Plaintiff's requests for admission and interrogatories, confirming yet again, in writing, that Defendants are not asserting an advice-of-counsel defense or waiving privilege.  Ex. 1 at Nos. 1, 2; Ex. 2 at No. 19.

## ARGUMENT

Plaintiff's Motion is moot.  Defendants clearly, unambiguously, and repeatedly have stated that Defendants are not asserting an advice-of-counsel defense and are not waiving attorney-client privilege, obviating any need for judicial intervention here.  To the extent Plaintiff's Motion is not moot, it lacks legal foundation and is premature because Defendants have not "injected" advice of counsel into this litigation.  To the contrary, it is ***Plaintiff***, not Defendants, who has placed counsel

at issue by repeatedly pleading in its Amended Complaint that the ***absence*** of counsel is suggestive of scienter and then seeking a self-serving gag order—months or even years before trial—to restrict Defendants' presentation of trial evidence.  To be clear, nothing in Plaintiff's Motion or forthcoming fact discovery requires anything more than the written response Defendants' already have provided multiple times.  There is no risk that Plaintiff will not have a full opportunity to inquire of deposition witnesses into ***non-privileged facts***.  Instead, in an attempt to force waiver of the attorney-client privilege or improperly restrict the presentation of evidence at trial, Plaintiff conflates ***facts*** about the presence of attorneys with ***privileged attorney-client communications*** and improperly seeks advance rulings on wholly hypothetical evidentiary disputes, when such issues should be addressed through motions if and when evidence is actually offered.  Ultimately, Plaintiff demands that this Court require Defendants to either waive attorney-client privilege protection or capitulate to a gag order precluding the presentation of factual and admissible evidence—a Hobson's choice that would enable Plaintiff, entirely at its own election, to present a counter-factual and unfair narrative at trial.  This Court should deny Plaintiff's Motion.

I.    **PLAINTIFF'S MOTION IS MOOT BECAUSE DEFENDANTS CLEARLY, UNAMBIGUOUSLY, AND REPEATEDLY HAVE STATED THEIR POSITION**

Plaintiff's Motion is moot, because Defendants clearly, unambiguously, and repeatedly have stated their position: ***Defendants are not asserting an advice-of-counsel defense***.  For the avoidance of doubt, Defendants also have clearly stated that Defendants do not intend to rely on attorney-client privileged communications and are not waiving the attorney-client privilege. Plaintiff concedes (indeed, pleads) that Defendants did not consult with counsel before April 1, 2022, eliminating any dispute concerning that period.  Defendants have clearly stated that they do not intend to rely on any advice of counsel rendered between April 1, 2025 and the end of the

putative class period on April 4, 2025.  Accordingly, there is no dispute and there is nothing for this Court to resolve.

### A.    Defendants Have Stated Their Clear And Unambiguous Position

Defendants clearly, unambiguously, and repeatedly have answered Plaintiff's inquiries concerning whether Defendants are asserting an advice-of-counsel defense.  On August 5, 2025, Defendants explicitly stated that they "are not asserting an advice-of-counsel defense."  ECF 174-11 at 1.  Defendants further stated that they "do not intend to rely on attorney-client privileged communications or documents in defense of this action."  *Id.*  Defendants stated this position in meet-and-confers on August 4 and August 8, 2025, in multiple emails on August 7 and 12, 2025, in Defendant's letter to this Court on August 20, 2025, and in responses to requests for admission and interrogatories on September 5, 2025.  ECF 155; ECF 174-10; Ex. 1 at Nos. 1, 2; Ex. 2 at No. 19.  Defendants' statements directly answer Plaintiff's question and leave no ambiguity as the parties head into fact depositions as to whether Defendants are asserting an advice-of-counsel defense.  Defendants do not, will not, and are not asserting an advice-of-counsel defense and are not waiving the attorney-client privilege.

In a transparent attempt to manufacture a dispute in order to have this Court prematurely dictate the presentation of evidence at a trial, to be scheduled months or even years from now, Plaintiff argues that Defendants' standard reservation language (that they "do not waive, and expressly reserve, all rights with regard to the presentation of evidence at summary judgment and trial, consistent with established law") somehow requires this Court's intervention now.  This is incorrect.  As Defendants' counsel repeatedly has endeavored to explain to Plaintiff, both orally and in writing, this is "standard language preserving the right all Defendants have to present evidence and defenses consistent with law—not a commitment to any particular defense and precisely the opposite of injecting advice of counsel into the case."  ECF 155 at 4.

There is no dispute ripe for this Court's resolution and this Court should deny Plaintiff's Motion on this ground.

## B. Plaintiff Concedes That Defendants Did Not Consult With Counsel Before April 1, 2022

Plaintiff admits that Defendants "did not seek the advice of counsel, nor rely on counsel, prior to April 1, 2022," and concedes that this "should not raise any discovery issue." ECF 177 ("Br.") at 6; *see also* Br. 4 ("Defendants refused to obtain legal advice on this issue until April 1, 2022."). Accordingly, there is no dispute whatsoever between the parties concerning this period.

Plaintiff nevertheless makes much of Advisor A's testimony concerning Mr. Birchall's purported assurances that he had consulted with counsel, but Plaintiff's interpretation of this testimony is inconsistent with sworn testimony by Advisor A in other litigation, *see* Ex. 5 (MSSB_OklaFire_0005320) at 255:7-16 (excerpt), inconsistent with the testimony of other witnesses in the SEC investigation, *see* Ex. 3 at 102:21-104:14 (excerpt); Ex. 4 at 59:2-13, 67:10-21, 74:12-15 (excerpt); Ex. 6 (ERM-Oklahoma0010233 (Birchall SEC Day 1 Tr.)) at 109:4-110:4, 173:7-10, 173:18-19, 175:2-8 (excerpt), and uncorroborated by the documentary record. Moreover, Plaintiff cites no support for the conclusion that an alleged misrepresentation about consulting counsel can result in the waiver of attorney-client privilege. Thus, because Plaintiff concedes that no legal advice was sought prior to April 1, 2022, Plaintiff has no basis to insist Defendants take a position on their assertion of an advice-of-counsel defense for this time period.

## C. Defendants Do Not Intend To Assert An Advice-Of-Counsel Defense Concerning The Period Of April 1, 2022 Through The End Of The Putative Class Period

Defendants also are not asserting an advice-of-counsel defense or waiving the attorney-client privilege for the period of April 1, 2022 (when counsel was first contacted) through the end

of the putative class period on April 4, 2022.[2]  Defendants are not relying on any advice provided

to Mr. Birchall between April 1 and April 4, 2022 by Quinn Emanuel Urquhart & Sullivan, LLP

("Quinn Emanuel") or McDermott Will & Emery LLP ("McDermott").  Courts consistently have

held that to waive privilege, "a party must rely on *privileged advice from his counsel* to make his

claim or defense." *In re Cnty. of Erie*, 546 F.3d at 229 (emphasis added); *see also In re von Bulow*,

828 F.2d 94, 101 (2d Cir. 1987).  Defendants do no such thing.  Rather, Defendants merely reserve

the right to present truthful, non-privileged, factual responses to questions posed, which raises no

risk of waiver.  *See infra* Subsections II.A-II.B.

* * * *

In sum, Plaintiff already has obtained the remedy it seeks requiring "Defendants to decide

whether they will rely on counsel as an affirmative defense."  Defendants have decided they will

not.  Defendants are bound by their representations here and in their prior submissions to the Court.

ECF 155.  This Court should thus deny Plaintiff's Motion as moot.  *E.g.*, *Fin. Guar. Ins. Co. v.

Putnam Advisory Co.*, LLC, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to

the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

## II.    TO THE EXTENT PLAINTIFF'S MOTION IS NOT MOOT, IT IS WITHOUT LEGAL BASIS AND PREMATURE

To the extent Plaintiff's Motion is not moot, it is without legal basis and premature for at

least five reasons.  *First*, Defendants have not "injected" advice of counsel when defending against

Plaintiff's allegations—Plaintiff injected the issue through the Amended Complaint, and settled

law establishes that Defendants are entitled to respond with factual evidence completing Plaintiff's

---

[2] Plaintiff's assertion that "there is no dispute that Defendants should not have filed the 13G form" (Br. 14) is factually incorrect.  Defendants plainly contest Plaintiff's allegations.  *See, e.g.*, ECF 108 at 18, 24.

timeline allegations.  *Second*, Plaintiff conflates non-privileged facts about attorney contact with an advice-of-counsel defense, ignoring the black-letter distinction between privileged communications and basic facts about when counsel was retained.  *Third*, SEC investigative testimony by a non-party and a single defendant cannot create waiver for all Defendants in this separate proceeding.  *Fourth*, Plaintiff's Motion improperly seeks advance rulings on speculative evidentiary disputes months before trial, when such privilege issues should be addressed through motions *in limine* if and when evidence is actually offered.  *Finally*, Plaintiff demands Defendants either waive bedrock protections or accept a gag order preventing factual testimony—a false choice designed to strip Defendants of fundamental litigation rights that this Court should reject.

A.    **Plaintiff "Injected" Advice Of Counsel, Not Defendants**

Defendants have not injected counsel's involvement into this litigation—Plaintiff has. Plaintiff's Amended Complaint is replete with allegations about Defendants' purported failure to consult counsel, their alleged misrepresentations to advisors about counsel's involvement, and their supposed refusal to seek legal advice despite repeated warnings.  *See* ECF 99 at ¶¶ 1, 13, 14, 15, 23, 24, 82, 83, 111, 112, 114-29, 182, 183, 189, 213, 214, 215, 232, 218; *see also* Br. 4-6 (subsection titled "Defendants' Lies To Their Advisors About Blessing By Counsel Prior to April 1, 2022 Is Part Of Their Scheme And Proof Of Their Scienter"); 19 ("Plaintiff's claims are supported in part by Defendants' ***refusal*** to seek legal advice, and Birchall's lies about doing so to Advisor A, over the course of Defendants' fraudulent scheme.") (emphasis in original); 22 ("[T]his testimony forms part of the sustained scienter and scheme allegations, including that Birchall falsely assured Advisor A that Defendants' trading and disclosure scheme had been blessed by counsel."); ECF 151 at 2.  Indeed, one out of every eight numbered paragraphs in Plaintiff's Amended Complaint refers to Defendants' attorneys or legal advice.  ECF 99.  Having built its scienter theory around counsel-related allegations, Plaintiff cannot now claim that Defendants

"inject" the issue by responding with factual evidence consistent with their allegations, *see* Br. 1, 8, 20, 22 n.5, 25.

Courts routinely reject similar attempts by plaintiffs to force privilege waiver through their own allegations. As one court explained, "[o]ne shouldn't be the master of whether another party waives its privilege. For a party to waive its privilege and work product protection, sword-and-shield style, it must make an affirmative attempt to use communications protected by a privilege to influence a decision maker." *Trydel Rsch. Pty. Ltd. v. ITW Glob. Tire Repair, Inc*., 2024 WL 3950213, at *9 (N.D. Ill. Aug. 27, 2024) (rejecting plaintiff's attempt to use its own "sham litigation antitrust claim" to seek privilege waiver where defendants did not assert any good faith defense); *see also Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp*., 2002 WL 31729693, at *17 (S.D.N.Y. Dec. 5, 2002) ("Generally, where a party does not itself place in issue the matter as to which the privileged communications are relevant, the privilege is not waived."); *Bivins v. Rogers*, 2017 WL 1535110, at *4 (S.D. Fla. Apr. 27, 2017) (no waiver where defendants "have not injected the issue into the proceedings" but "simply asserted the attorney-client privilege on a question-by-question basis"). "[I]n issue waiver cannot result because of a denial of a claim asserted by the party seeking production, and on which that party has the burden of proof." *Nelson v. Sabre Companies, LLC*, 2018 WL 4030533, at *3 (N.D.N.Y. July 9, 2018). That is, "a party cannot effectively force its adversary to waive its privilege implicitly with a pleading that brought the adversary's knowledge and good faith into issue because '[t]hat would give an adversary who is a skillful pleader the ability to render the privilege a nullity.'" *Gardner v. Major Auto. Co., Inc.*, 2014 WL 1330961, at *7 (S.D.N.Y. Mar. 31, 2014) (quoting *Chase Manhattan Bank, N.A. v. Drysdale Secs. Corp.*, 587 F. Supp. 57, 58 (S.D.N.Y. 1984)); *see also AIU Ins. Co. v. TIG Ins. Co.*,

2008 WL 5062030, at *4 (S.D.N.Y. Nov. 25, 2008) (finding the privilege is not waived where an opponent injects attorney-client communications into the case).

When a plaintiff makes counsel involvement integral to its complaint, defendants are entitled to respond with factual evidence. As the Second Circuit has recognized, "the reasoning of *Bilzerian* and the other pertinent authorities in no way suggests that, merely by telling the prosecutor that he believes he is innocent, a defendant or suspect forfeits his privileges." *John Doe Co. v. United States*, 350 F.3d 299, 304 (2d Cir. 2003). Defendants here seek only to present factual evidence that when they learned of disclosure obligations for the first time on April 1st, they immediately contacted counsel—a fact that Plaintiff already concedes is true, *see* Br. 4.

It makes no sense and would be fundamentally unfair to permit Plaintiff to argue that Defendants failed to involve counsel and lied about counsel's involvement prior to April 1, but not to permit Defendants to correctly identify that counsel was involved post-April 1. Plaintiff has made the timeline of counsel involvement central to its scienter theory, repeatedly alleging that Defendants' failure to consult counsel before April 1st demonstrates reckless indifference to legal requirements. ECF 99 ¶¶ 1, 13, 14, 15, 23, 24, 82, 83, 111, 112, 114-29, 182, 183, 189, 213, 214, 215, 232, 218; Br. 4-7, 19, 22. Having placed this timeline squarely at issue through its own allegations, Plaintiff cannot now claim prejudice when Defendants seek to present the complete and accurate factual record—that when disclosure requirements were first identified on April 1st, Defendants immediately contacted appropriate legal counsel and followed that counsel's guidance in making proper disclosures. This factual completion of the timeline involves no privileged communications about what counsel advised, but merely corrects Plaintiff's incomplete narrative

with basic facts about when counsel was first contacted.[3]  This defensive response involves no advice or reliance on advice.

If Plaintiff's theory were correct, any litigant could effect waiver of another party's privilege merely by filing a lawsuit full of false allegations about communications with counsel, then claiming the defendant "injected" the issue by responding with true facts.  Such an approach would turn privilege law on its head and incentivize false pleading to peer into privileged communications.  As one court of appeals recognized, there is "no support . . . for the extraordinary assertion that disclosure of concededly non-privileged communication with counsel operates as a waiver of privilege with respect to all other communications between a party and the same attorney."  *Zarrella v. Pac. Life Ins. Co.*, 498 F. App'x 945, 950-51 (11th Cir. 2012); *see also Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006) ("The mere denial of intent is insufficient to establish waiver of the privilege.").  Yet, that is the result Plaintiff seeks here by alleging incomplete claims about counsel's involvement and then faulting Defendants for attempting to provide the complete picture.  The Court should deny Plaintiff's Motion.

**B.    Plaintiff Conflates Non-Privileged Facts Regarding Counsel With An Advice-Of-Counsel Defense**

Plaintiff also conflates ***factual*** testimony about attorney retention and contact with an ***advice***-of-counsel defense.  This conflation ignores the well-established legal distinction between privileged communications and non-privileged facts about attorney-client relationships.

---

[3] To the extent Plaintiff is trying to create the inference that counsel was actually involved throughout the share accumulation period, or that Defendants ignored legal advice or misrepresented counsel involvement before April 1, that is only further reason why Defendants should be able to complete the factual record.  Plaintiff cannot use false allegations about counsel involvement as a sword while preventing Defendants from using factual evidence as a shield.  Defendants' position prevents misleading inferences; it does not create them.

Defendants may testify to basic facts about when and why they contacted counsel without asserting any advice of counsel defense or waiving privilege over confidential communications.

Plaintiff's attempt to create an "either/or" dilemma regarding the post-April 1 period assumes Defendants seek to rely on the **content** of counsel's advice, which they do not. Defendants do not intend to argue that counsel did or did not advise filing a Schedule 13G, nor do they intend to rely on communications about the filing. Rather, based on the presentation of evidence **by Plaintiff** at trial months or even years from now, Defendants merely reserve the right to present truthful, non-privileged, factual responses to questions posed. For example, to the extent Plaintiff wishes to point to the **absence** of counsel before April 1, 2022 as evidence of scienter, then Defendants must be permitted to testify truthfully that on April 1, 2022—the first date on which Advisor A informed Mr. Birchall that a deadline might have been missed—Mr. Birchall immediately contacted counsel at Quinn Emanuel and securities disclosure counsel at McDermott. This **fact** does not reveal the contents of any attorney-client privileged communications, is undisputed and pleaded in the Amended Complaint, and is nothing more than the flip-side of the same coin to Plaintiff's allegation that "Defendants refused to obtain legal advice on this issue until April 1, 2022." Br. 4.

Courts have consistently held that to waive privilege, "a party must rely on **privileged advice** from his counsel to make his claim or defense." *In re Cnty. of Erie*, 546 F.3d at 229 (emphasis added). Where defendants do not do so, no waiver occurs. *McKeen-Chaplin v. Provident Sav. Bank, FSB*, 2015 WL 502697, at *9 (E.D. Cal. Feb. 5, 2015); *Harter v. CPS Sec. (USA), Inc.*, 2013 WL 3108947, at *4 (D. Nev. June 18, 2013). Here, Defendants seek only to

present *factual* evidence about timing of counsel contact, not to rely on privileged advice for exculpation.[4]

Defendants' position does not trigger *Bilzerian* waiver because they do not seek to put their knowledge of the law or understanding of legal requirements at issue through counsel involvement. In *United States v. Bilzerian*, the Second Circuit found implied waiver where the defendant sought to testify that "he thought his actions were legal," thereby "put[ting] his knowledge of the law and the basis for his understanding of what the law required in issue." 926 F.2d 1285, 1292 (2d Cir. 1991). The Court noted that "[h]is conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.* As the Second Circuit explained in *John Doe*, waiver occurred "in *Bilzerian*[] because the legal advice the defendant in fact received might well have demonstrated the falsity of his claim to the jury about his belief" regarding the law. 350 F.3d at 304. The Second Circuit's decision in *In re County of Erie* further clarified that courts "hold that a party must *rely* on privileged advice from his counsel to make his claim or defense." 546 F.3d at 229 (emphasis added).

Critically, courts applying *Erie* have found no waiver where defendants focus on factual circumstances rather than privileged advice. *See AngioDynamics, Inc. v. Biolitec, Inc.*, 2010 WL 11541926, at *4 (N.D.N.Y. May 25, 2010) (no waiver where defendant had not asserted "a good-faith defense which places in issue whether his attorney made him aware that his acts were

---

[4] Courts in this Circuit consistently have held, for example, that "the fact of retainer [is] not privileged" and "the mere fact that an attorney-client relationship exists .... [is] not privileged." *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009); *Spencer-Smith v. Ehrlich*, 2024 WL 4416581, at *11 n.9 (S.D.N.Y. Oct. 4, 2024) (similar); *In re Application for Subpoena to Kroll*, 224 F.R.D. 326, 328-29 (E.D.N.Y. 2004) (holding that the privilege "does not extend to the structure and framework of the attorney client relationship").

illegal"); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 173138, at *3-4 (S.D.N.Y. Apr. 12, 1996) (finding no waiver of privilege where defendant's affirmative defense was based on defendant's knowledge of facts, not knowledge of law because "[n]ot every assertion of good faith implicates the legal understanding of the party making the claim"); *2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*, 2016 WL 1060336, at *2-3 (S.D.N.Y. Mar. 11, 2016) (explaining that "post-*Erie* caselaw confirms that such implied reliance is confined to situations involving a party's state of mind concerning a question of law, such as the party's belief as to the lawfulness of its conduct" and finding no forfeiture of privilege where plaintiff invoked facts he knew or should have known, not his state of mind concerning question of law); *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450, 474 (S.D.N.Y. 2010) ("The focus of U.S. Bank's 'good faith' defense is on the nature of the inquiry that U.S. Bank undertook, not the substance of the legal advice that was eventually provided."); *Iglesias v. Guevara*, 2022 WL 22918617, at *3 (N.D. Ill. July 22, 2022) ("Because [the testifying attorney] does not intend to reveal any privileged information, Defendants' fear that Plaintiff will use the privilege as both a sword and shield is misplaced"); *Patrick v. City of Chicago*, 154 F. Supp. 3d 705, 716 (N.D. Ill. 2015) ("[Plaintiff] has not attempted to rely on any aspect of any conversation he ever had with [counsel]. Quite the contrary.  He is quite adamant that none of those conversations should be admissible in this case. [Plaintiff] is therefore not seeking to use the privilege simultaneously 'as a shield and a sword.' Hence, the traditional subject matter waiver ought not apply here.") (citation omitted); *Oakley, Inc. v. Bugaboos Eyewear Corp.*, 2010 WL 4117223, at *5 (S.D. Cal. Oct. 15, 2010) ("One does not brandish the 'sword' of attorney-client privileged information, in the context of an advice of counsel defense, until it actually defends itself on the basis of the advice it received.").

The factual testimony Defendants reserve the right to present involves no claim about legal knowledge or understanding that would require examination of privileged communications to assess its truth. This case thus does not present the scenario identified in *Bowne of New York City, Inc. v. AmBase Corp.*, where "a party 'asserts a factual claim the truth of which can only be assessed by examination of a privileged communication.'" 150 F.R.D. 465, 488 (S.D.N.Y. 1993). "No waiver occurs where defendants focus "'on the nature of the inquiry that [they] undertook, not the substance of the legal advice that was eventually provided.'" *CFIP Master Fund*, 738 F. Supp. 2d at 474 n.27. For this reason, *Scott v. Chipotle Mexican Grill, Inc.*, which Plaintiff relies on extensively, is inapposite because Defendants here do not present "a defendant claim[ing] the defense of good faith" where "that claim can only be scrutinized by examining the disputed communications." 67 F. Supp. 3d 607, 614 (S.D.N.Y. 2014). Defendants' factual testimony about the timing of contact with counsel can be fully scrutinized without any examination of privileged communications.

Plaintiff's reliance on *In re Valeant Pharmaceuticals* also fails because defendants there sought to use broad "involvement of counsel" evidence across all their disclosure decisions, with witnesses who "repeatedly referenced the fact that they had received assistance of counsel ... when determining what was material information." *In re Valeant Pharma. Int'l, Inc. Sec. Litig.*, 2021 WL 5105774, at *2 (D.N.J. Nov. 3, 2021). The defendants wanted to argue that because they consulted counsel about disclosure decisions generally, they "acted in good faith." *Id.* at *9. Here, by contrast, Defendants seek to present narrow factual testimony, *e.g.*, that they contacted counsel on April 1st when they first learned of potential disclosure obligations. This testimony involves no advice of counsel, no reliance on counsel, no consultation about what to disclose, and no use

of counsel's advice to demonstrate good faith.  It is *purely factual evidence* responding to Plaintiff's false allegation about the timing of when Defendants engaged counsel.

## C.    Testimony From Another Proceeding Cannot Force Waiver

Plaintiff's reliance on SEC investigative testimony to support its waiver arguments fails because extrajudicial statements by a non-party and a single defendant cannot create privilege waiver in separate civil litigation for all Defendants.  Although Plaintiff disclaims seeking waiver based on SEC testimony alone (Br. 22 n.5), its Motion demonstrates otherwise.  Plaintiff extensively cites SEC testimony to pressure Defendants into either waiving privilege or accepting a trial gag order.  Br. 4-7; 22-23; Exs. 1, 2, 12.  But because SEC testimony does not create waiver, Plaintiff cannot use that testimony as grounds to ask this Court to require Defendants to waive privilege or capitulate to a gag order on the presentation of facts at trial.

The Second Circuit clearly and repeatedly has held that extra-judicial statements do not and cannot result in waiver.  *See John Doe Co. v. United States*, 350 F.3d 299, 305-06 (2d Cir. 2003) (letter to the United States Attorney's office by a party asserting its belief in the lawfulness of its operations did not involuntarily waive its privileges with respect to its attorneys' notes); *In re von Bulow*, 828 F.2d 94, 102 (2d Cir. 1987) ("[E]xtrajudicial disclosure of an attorney-client communication—one not subsequently used by the client in a judicial proceeding to his adversary's prejudice—does not waive the privilege as to the undisclosed portions of the communication."); *Gardner*, 2014 WL 1330961, at *8-9 (rejecting waiver where defendant's partial disclosure was made at deposition and not in front of a factfinder).  "The unfairness courts have found which justified imposing involuntary forfeiture generally resulted from a party's advancing a claim to a court or jury (or perhaps another type of decision maker) while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim."  *John Doe Co.*, 350 F.3d at 303.  Testimony before the

SEC is not "to a court or jury" and thus cannot "result[] in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *Id.* at 306. *See also Sanofi-Synthelabo v. Apotex Inc.*, 363 F. Supp. 2d 592, 594-95 (S.D.N.Y. 2005).

Advisor A and Mr. Birchall's SEC testimony also cannot result in waiver for a host of additional reasons. *First*, Plaintiff seeks to use testimony from a third party and a single Defendant to waive privilege for all Defendants. With regard to Advisor A, Plaintiff points to the testimony of a third party that Defendants were not permitted to attend and who also will be deposed in this action. To allow contested, third-party testimony in another proceeding to waive privilege here would raise significant due process concerns. Further, Mr. Birchall does not have the authority to waive privilege on behalf of other Defendants (*i.e.*, Mr. Musk, the Elon Musk Revocable Trust, or Excession, LLC) through his SEC testimony. One individual cannot waive privilege for another, and, as the *Wells Fargo* court recognized, "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors," and "a corporate employee without authority cannot effect waiver of a privilege that belongs to the corporation." *United States v. Wells Fargo Bank N.A.*, 2015 WL 3999074, at *2 (S.D.N.Y. June 30, 2015) (citing *CFTC v. Weintraub*, 471 U.S. 343, 348 (1985)). The *Wells Fargo* court emphasized that allowing unauthorized employees to waive privilege through testimony would "render the privilege intolerably uncertain" and create incentives for plaintiffs to pursue claims against individual employees "in the hopes of forcing a waiver of the corporation's privilege." *Id.* Here, Mr. Birchall was acting as Mr. Musk's wealth manager, not as an officer or director with authority to waive privilege belonging to Mr. Musk personally, the Trust, or

Excession, LLC, making any purported waiver through his SEC testimony null as to those Defendants.

*Second*, regarding Mr. Birchall's testimony, no advice of counsel defense was asserted in the SEC proceeding, and defense counsel properly protected privileged communications throughout those depositions. When SEC investigators pressed for details about privileged communications, counsel repeatedly and appropriately instructed witnesses not to answer. *See, e.g.*, Ex. 7 (ERM-Oklahoma0010233 (Birchall SEC Day 2 Tr.)) at 265:19-266:24 (excerpt) (Quinn Emanuel blocking testimony about what counsel advised regarding "what active or passive investor might mean"). Furthermore, "a deponent's statement that a decision was reached upon the advice of counsel does not, in and of itself, constitute a waiver of the attorney-client privilege." *AngioDynamics, Inc.*, 2010 WL 11541926 at *6 (citing *In re Cnty. of Erie*, 546 F.3d at 230).

*Third*, the SEC testimony Plaintiff cites was limited to factual matters about counsel's role in document preparation, not privileged advice or strategic communications. Mr. Birchall testified that he "completely relied" on McDermott for technical filing requirements, Ex. 6 at 158:15-158:16, 163:11-163:13 (excerpt)—a statement about the division of labor in document preparation, not about privileged legal advice. When counsel asked whether Musk had "active versus passive" intent, Birchall "gave her the answer and she filled out her form." Ex. 7 at 261:3-4 (excerpt). This factual description of the mechanical process of form completion involves no privileged communications and demonstrates the proper distinction between factual testimony and privileged advice.

### D. Plaintiff Seeks Improper Advance Rulings On Trial Evidence

Further, even if Plaintiff's Motion is not moot and legally baseless (which it is), it is grossly premature. Plaintiff's Motion represents an inappropriate attempt to force Defendants to commit to specific trial evidentiary positions months or years in advance of trial. Plaintiff seeks a binding

ruling that would either compel Defendants to waive privilege entirely if they mention counsel, or impose a complete prohibition on any reference to counsel regardless of the context or relevance (including in response to Plaintiff's presentation of evidence in Plaintiff's affirmative case). This makes no sense. Plaintiff improperly demands that this Court issue advisory evidentiary rulings and impose gag orders on Defendants' trial presentation of evidence before the parties have even completed fact discovery, let alone approached summary judgment or trial.

Courts do not issue advance rulings on what evidence parties may present at trial. Courts reject attempts to find privilege waiver based on "nothing more than the theoretical possibility" of reliance on counsel. *Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.*, 43 A.D.3d 56, 67 (N.Y. App. Div. 2007).[5] For example, in *Miteva v. Third Point Mgmt. Co., LLC*, the court refused to issue "an order precluding [defendant] at trial from making any mention of discussions with prior counsel concerning the substance of the advice communicated unless [plaintiff] is now allowed an opportunity to explore the issue through discovery of the entire communication" because, in light of defendant's "express disavowal of reliance on advice of counsel as an affirmative defense, the order [plaintiff] seeks is unnecessary or premature at this stage of the litigation." 218 F.R.D. 397, 398 (S.D.N.Y. 2003).

The proper time for addressing these issues is through motions *in limine* after the completion of discovery, not based on speculative concerns about what evidence Defendants might present. *See Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1642434, at *1 (S.D.N.Y. Apr. 20, 2011) (motion decided post-summary judgment as motion *in limine*); *Miteva*, 218 F.R.D. at 398 (S.D.N.Y. 2003) (recognizing that "[s]hould the matter arise and become relevant to trial at a later

---

[5] Plaintiff's attempt to distinguish *Deutsche Bank Tr. Co. of Americas* amounts to little more than non-sequiturs. Br. 25-26.

point, [plaintiff] may renew its request by motion in limine, or at the appropriate time and proper context at trial"). The appropriate time for evidentiary challenges is when such evidence is ***actually offered***, not months or even years before trial when this Court lacks the context necessary to make informed evidentiary decisions. Plaintiff's demand that Defendants commit now to specific limitations on their trial presentation exceeds the proper scope of discovery disputes and invades the Court's trial management prerogatives.

Plaintiff's claimed discovery prejudice lacks merit and is largely self-created. Unlike *In re Buspirone Antitrust Litigation*, 208 F.R.D. 516, 522 (S.D.N.Y. 2002), *In re Residential Cap., LLC*, 491 B.R. 63, 68 (Bankr. S.D.N.Y. 2013), and *In re Worldcom, Inc. Sec. Litig*., 2004 WL 936320 (S.D.N.Y. May 3, 2004), Defendants here have provided ***unambiguous clarity*** about their position. Plaintiff knows Defendants will not assert an advice-of-counsel defense, are not waiving privilege, and will present only factual testimony. Any claimed "prejudice" is undermined by Plaintiff's own conduct. On August 6, 2025, Plaintiff served interrogatories and requests for admission seeking confirmation of Defendants' position regarding counsel involvement. Rather than awaiting Defendants' responses—due September 5th—Plaintiff rushed to Court demanding immediate judicial intervention. This approach turns the normal discovery process on its head and seeks to foreclose the presentation of evidence at trial based on speculation rather than actual evidence of purportedly inconsistent positions. Moreover, Plaintiff's ability to conduct meaningful discovery remains unimpaired. Plaintiff can explore through depositions ***all relevant non-privileged facts***: when counsel was contacted, what prompted the contact, and the timeline of subsequent actions. There is no information Defendants will seek to admit at trial that Plaintiff cannot explore in discovery without any judicial intervention. The distinction between privileged advice and non-privileged facts about contact with counsel provides clear guideposts for discovery

21

without judicial micromanagement.  Plaintiff cannot manufacture prejudice by demanding advance

rulings on theoretical evidentiary disputes while simultaneously failing to use available discovery

tools to clarify any purported ambiguities in Defendants' clearly stated position.

### E. Plaintiff Effectively Demands Defendants Waive Privilege And Submit To A Gag Order Or Forgo An Accurate Defense

Finally, although Plaintiff denies seeking to force waiver of attorney-client privilege,

Br. 3, the Motion reveals Plaintiff's true objective: "block[ing]" Defendants "from asserting any

good faith defense."  *Id.* at 29.  Plaintiff presents what it characterizes as a "choice" for Defendants,

*id.* at 2, but in reality offers only a false binary—complete silence regarding any contact with

counsel, regardless of relevance and Plaintiff's concededly false allegations, or forced waiver of

attorney-client privilege that has been protected for years.

Plaintiff's supposed alternative to forgoing the defense—allowing Defendants to rely on

counsel with full waiver of privilege—is illusory because Defendants have explicitly and

repeatedly disclaimed any intent to assert an advice of counsel defense.  Having established that

Defendants are not seeking to rely on privileged communications, Plaintiff nevertheless demands

that Defendants surrender their right to present non-privileged factual testimony about when and

why they contacted counsel.  This approach forces Defendants to choose between waiving

fundamental privilege protections, or accepting a gag order that prevents them from responding to

Plaintiff's own concededly false allegations with factual evidence.  This Court should reject

Plaintiff's effort to weaponize discovery procedure in service of an unfair tactical advantage.  No

rule of law or policy supports allowing a plaintiff to immunize its own false allegations from

factual response simply by including counsel-related claims in its Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Motion.

DATED:  New York, New York
           September 19, 2025

Respectfully submitted,

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

*/s/ Sarah Heaton Concannon*
Alex Spiro
Sarah Heaton Concannon
Jesse Bernstein
Jacob J. Waldman
Brenna Nelinson
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
sarahconcannon@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
brennanelinson@quinnemanuel.com

Nathan Goralnik
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (212) 849-7049
nathangoralnik@quinnemanuel.com

Rachel G. Frank (*pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
rachelfrank@quinnemanuel.com

*Attorneys for Defendants Elon R. Musk, the Elon
Musk Revocable Trust Dated July 22, 2003,
Excession, LLC, and Jared Birchall*

**ATTORNEY CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)**

I, Sarah Heaton Concannon, an attorney duly admitted to practice before this Court, hereby certify that, pursuant to Local Rule 7.1(c), the annexed Memorandum of Law was prepared using Microsoft Word, the word-count function of which indicates the brief contains 7,004 words, not including the portions of the brief excepted from the word-count limitation.

*/s/ Sarah Heaton Concannon*
Sarah Heaton Concannon
