# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>        Plaintiff,<br><br>        v.<br><br>ELON R. MUSK, ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION LLC, and JARED BIRCHALL,<br><br>        Defendants. | No. 1:22-cv-03026-ALC-GWG |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 36, Defendants Elon R. Musk, the Elon Musk Revocable Trust dated July 22, 2003 (together, "Musk"), Excession LLC, and Jared Birchall (collectively, "Defendants") respond to Lead Plaintiff Oklahoma Firefighters Pension and Retirement System's ("Lead Plaintiff") First Set of Requests for Admission to All Defendants (collectively, the "First Requests for Admission" and each one a "Request") as follows:

**GENERAL OBJECTIONS**

1.　　Defendants object to the First Requests for Admission, including definitions and instructions referenced therein, subject to the General Objections set forth in this section.  Failure to refer to a General Objection in a Specific Response and Objection cannot be construed as waiver of any General Objection.

2.　　To the extent that Defendants respond to any of the Requests, they do so without conceding the relevance or materiality of all or any part of any such response.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendants are not relying on counsel, the involvement of counsel, or the presence of counsel in any way as part of any defense to this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants object to this Request as beyond the scope of FRCP 36 because it does not seek an admission relating to facts, the application of law to fact, or opinions about either, or the genuineness of any described documents. Defendants further object to this Request to the extent it calls for a legal conclusion as to what constitutes reliance.

Subject to and without waiving any of the foregoing General and Specific Objections, Defendants respond as follows:

Defendants are not asserting an advice-of-counsel defense in this Action. Defendants have expressly stated that they do not intend to rely on attorney-client privileged communications or documents in the defense of this Action and have further stated that Defendants do not waive, and expressly reserve, assertions of attorney-client privilege and attorney work product protection.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Defendants are not relying on any legal advice, opinions, or Communications from counsel in any way as part of any defense of this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants object to this Request on the grounds set forth above in the General Objections. Defendants further object to this Request as beyond the scope of FRCP 36 because it does not seek an admission relating to facts, the application of law to fact, or opinions about either, or the genuineness of any described documents. Defendants further object to this Request to the extent

4

it calls for a legal conclusion as to what constitutes reliance.

Subject to and without waiving any of the foregoing General and Specific Objections, Defendants respond as follows:

Defendants are not asserting an advice-of-counsel defense in this Action. Defendants have expressly stated that they do not intend to rely on attorney-client privileged communications or documents in the defense of this Action and have further stated that Defendants do not waive, and expressly reserve, assertions of attorney-client privilege and attorney work product protection.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Defendant Musk had personal knowledge of Rule 13 and its disclosure obligations, including the requirement for investors who obtain 5% or more beneficial ownership of a company's stock to publicly disclose that interest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants object to this Request on the grounds set forth above in the General Objections. Defendants further object to this Request to the extent it calls for a legal conclusion regarding disclosure obligations under Rule 13. Defendants further object to this Request because the phrase "Rule 13 and its disclosure obligations" is vague, ambiguous and overly broad because Rule 13 contains numerous provisions and disclosure obligations, including those that are not relevant to any claim or defense in this Action. Defendants further object to this Request as it is overbroad, unduly burdensome, and disproportional to the needs of the case insofar as it seeks information unlimited by any relevant time period or scope.

Subject to and without waiving any of the foregoing General and Specific Objections, Defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Defendant Birchall had personal knowledge of Rule 13 and its disclosure

5