# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, <br><br> Plaintiff, <br><br> v. <br><br> ELON R. MUSK, ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION LLC, and JARED BIRCHALL, <br><br> Defendants. | No. 1:22-cv-03026-ALC-GWG |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S**
**FOURTH SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 33, and Local Rule 33.3, Defendants Elon R. Musk, the Elon Musk Revocable Trust dated July 22, 2003 (together with Mr. Musk, "Musk"), Excession LLC, and Jared Birchall (the foregoing, collectively, "Defendants") respond to Lead Plaintiff Oklahoma Firefighters Pension and Retirement System's ("Lead Plaintiff") Fourth Set of Interrogatories Directed to All Defendants (collectively, the "Fourth Interrogatories" and each one an "Interrogatory") as follows:

**GENERAL OBJECTIONS**

1.      Defendants' responses to each of the Fourth Interrogatories, including definitions and instructions referenced therein, are subject to the General Objections set forth in this section. Failure to refer to a General Objection in a Specific Response and Objection cannot be construed as a waiver of any General Objection.

2.      Defendants object to the Fourth Interrogatories to the extent they purport to impose obligations or burdens beyond those imposed by the FRCP, the Local Rules of the U.S. District

1

potential timing issues demonstrates this intent. *See, e.g.*, ERM-Oklahoma0001773; ERM-Oklahoma0001746; ERM-Oklahoma0004716; ERM-Oklahoma0001727.

Defendants voluntarily disclosed in their Schedule 13 filing the correct "Date of Event which Requires Filing of this Statement," *see* ECF No. 73-1, further demonstrating their intent to comply with legal requirements and absence of intent to deceive.

**<u>INTERROGATORY NO. 19:</u>**

State whether You will rely on any legal advice, opinions, or Communications from counsel or the role or presence of counsel in defending this Action, including with respect to Your Seventh Defense. If Your response is anything other than an unequivocal and unqualified statement that You will not rely on any advice, opinions, or Communications from counsel or the role or presence of counsel in defending this Action (including a response that You do not presently intend to rely on any legal advice, opinions, or Communications from counsel or the role or presence of counsel in defending this Action), then identify such legal advice, opinions, or Communications from counsel that You received concerning the events at issue in this Action, including: (i) the date such advice, opinion, or Communication was received; (ii) the individual(s) providing such advice, opinion, or Communication; (iv) the substance of the advice, opinion, or Communication; and (v) any Documents which reflect or refer to any such advice, opinion, or Communication; and further describe in detail the role or presence of counsel you intend to rely on in this action, including: (i) the individual(s) whose role or presence you intend to rely on; (ii) the date(s) during which such individual(s) were involved in the events at issue in this Action; and (iii) any Documents which reflect or refer to any such role or presence of counsel. State all bases, facts, and evidence supporting this contention.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to Defendants' General Objections to the Fourth Interrogatories, Defendants object to this Interrogatory as seeking information protected by attorney-client privilege and work product doctrine.  Defendants further object to this Interrogatory to the extent it requests the statement of "*all* bases, facts, and evidence" because it is unduly burdensome, is not proportional to the needs of discovery, and would require more than reasonable diligence to answer.  Defendants further object to this Interrogatory on the grounds that Defendants have not heard Lead Plaintiff's case, including but not limited to any testimony Lead Plaintiff may seek to elicit regarding counsel, the involvement of counsel, or the presence of counsel.

Subject to and without waiving these objections, Defendants respond as follows:

Defendants are not asserting an advice-of-counsel defense in this action.  Defendants do not intend to rely on attorney-client privileged communications or documents in the defense of this action and do not waive, and expressly reserve, assertions of attorney-client privilege and attorney work product protection.  As stated in Defendants' letter dated August 20, 2025, "If Plaintiff argues—as it does throughout its Amended Complaint—that Defendants' failure to consult counsel before April 1, 2022 demonstrates scienter or recklessness, then Defendants must be permitted to respond with factual evidence that Defendants immediately contacted counsel on the very first day that Advisor A identified for the first time the disclosure deadline."  ECF 161 at 4 (emphasis omitted); *see* ERM-Oklahoma0010233 (Birchall SEC Tr.) at 109:4–110:4; 173:7–10; 173:18–19; 175:2–8; ERM-Oklahoma0009894 (Musk SEC Tr.) at 74:12–15. Defendants incorporate their response to Interrogatory No. 18, *supra*.

Defendants do not waive, and expressly reserve, all rights with regard to the presentation of evidence at summary judgment and trial, consistent with established law.