**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OKLAHOMA FIREFIGHTERS PENSION
AND RETIREMENT SYSTEM,

                Plaintiff,

      v.

ELON R. MUSK, ELON MUSK
REVOCABLE TRUST DATED JULY 22,
2003, EXCESSION LLC, and JARED
BIRCHALL,

              Defendants.

---

No. 1:22-cv-03026-ALC-GWG

 

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO REQUIRE DEFENDANTS TO DECIDE WHETHER THEY WILL
<u>RELY ON COUNSEL AS AN AFFIRMATIVE DEFENSE</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    Introduction ............................................................................................................. 1

II.    Defendants Rely On Privilege As Both Sword And Shield ...................................... 3

    A.    Defendants Admit That They Intend To Rely On Their Purported Compliance With Their Counsel's "Guidance" As A Defense ............................ 3

    B.    Defendants' Self-Serving Distinction Between "Privileged" And "Non-Privileged" Legal Advice Is False And Irrelevant .................................... 4

        1.    Defendants Fail To Address The Extensive Caselaw Supporting Plaintiff's Motion ........................................................................7

        2.    Defendants' Cases Support Plaintiff Or Are Inapposite ............................8

    C.    Defendants Chose To Inject Their Reliance On Counsel Into This Action As Part Of Their Affirmative "Good Faith" Defense .......................................... 10

    D.    Defendants' Sworn SEC Testimony Implicates Waiver, But Defendants Can Choose To Forgo Any Reliance On Counsel In A Clear And Binding Election .......................................................................................................... 12

III.    Defendants Must Clarify Their Reliance on Counsel Defense During Discovery Or Plaintiff Will Be Prejudiced .......................................................................................... 14

IV.    Conclusion ...................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*,
2016 WL 1060336 (S.D.N.Y. Mar. 11, 2016) ...........................................................................10

*Abromavage v. Deutsche Bank Sec. Inc.*,
2019 WL 6790513 (S.D.N.Y. Dec. 11, 2019) .................................................................4, 5, 8

*AngioDynamics, Inc. v. Biolitec, Inc.*,
2010 WL 11541926 (N.D.N.Y. May 25, 2010).............................................................9, 13

*In re Application for Subpoena to Kroll*,
224 F.R.D. 326 (E.D.N.Y. 2004) ...........................................................................................10

*Arista Recs. LLC v. Lime Grp. LLC*,
2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011)........................................................................16

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*,
1996 WL 173138 (S.D.N.Y. Apr. 12, 1996)........................................................................8, 9

*Bivins v. Rogers*,
2017 WL 1535110 (S.D. Fla. Apr. 27, 2017) .......................................................................10

*Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*,
2002 WL 31729693 (S.D.N.Y. Dec. 5, 2002) .......................................................................10

*Bowne of New York City, Inc. v. AmBase Corp.*,
150 F.R.D. 465 (S.D.N.Y. 1993) ......................................................................................7, 8, 9

*In re Buspirone Antitrust Litig.*,
208 F.R.D. 516 (S.D.N.Y. 2002) ....................................................................................14, 15

*CFIP Master Fund, Ltd. v. Citibank, N.A.*,
738 F. Supp. 2d 450 (S.D.N.Y. 2010)...............................................................................5, 9

*In re County of Erie*,
546 F.3d 222 (2d Cir. 2008)........................................................................................................9

*Gabriel Cap., L.P. v. Natwest Fin., Inc.*,
2001 WL 1132050 (S.D.N.Y. Sept. 21, 2001)........................................................................4

*Gardner v. Major Auto. Cos., Inc.*,
2014 WL 1330961 (E.D.N.Y. Mar. 31, 2014)................................................................12, 13

*Harter v. CPS Sec. (USA), Inc.*,
2013 WL 3108947 (D. Nev. June 18, 2013).........................................................................10

*Iglesias v. Guevara*,
    2022 WL 22918617 (N.D. Ill. July 22, 2022)...........................................................10

*Ime Watchdog, Inc. v. Gelardi*,
    2025 WL 2439242 (E.D.N.Y. Aug. 25, 2025)...........................................................3

*John Doe Co. v. United States*,
    350 F.3d 299 (2d Cir. 2003)...........................................................13

*La. Mun. Police Emps. Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    2017 WL 3037414 (D. Vt. Apr. 17, 2017)...........................................................5, 8

*McKeen-Chaplin v. Provident Sav. Bank, FSB*,
    2015 WL 502697 (E.D. Cal. Feb. 5, 2015)...........................................................10

*Nelson v. Sabre Cos., LLC*,
    2018 WL 4030533 (N.D.N.Y. July 9, 2018)...........................................................8

*Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A*,
    258 F.R.D. 95 (S.D.N.Y. 2009)...........................................................9

*Oakley, Inc. v. Bugaboos Eyewear Corp.*,
    2010 WL 4117223 (S.D. Cal. Oct. 15, 2010)...........................................................10

*Patrick v. City of Chicago*,
    154 F. Supp. 3d 705 (N.D. Ill. 2015)...........................................................10

*In re Residential Cap., LLC*,
    491 B.R. 63 (Bankr. S.D.N.Y. 2013)...........................................................15

*S.E.C. v. Tourre*,
    950 F. Supp. 2d 666 (S.D.N.Y. 2013)...........................................................8

*Sanofi-Synthelabo v. Apotex Inc.*,
    363 F. Supp. 2d 592 (S.D.N.Y. 2005)...........................................................13

*Scott v. Chipotle Mexican Grill, Inc.*,
    67 F. Supp. 3d 607 (S.D.N.Y. 2014)...........................................................5, 7, 8, 14

*Spencer-Smith v. Ehrlich*,
    2024 WL 4416581 (S.D.N.Y. Oct. 4, 2024)...........................................................10

*Trydel Rsch. Pty. Ltd. v. ITW Glob. Tire Repair, Inc.*,
    2024 WL 3950213 (N.D. Ill. Aug. 27, 2024)...........................................................9

*United States v. Bilzerian*,
    926 F.2d 1285 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991)........................... *passim*

*United States v. Wells Fargo Bank N.A.*,
  2015 WL 3999074 (S.D.N.Y. June 30, 2015) ...................................................13, 14

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
  2021 WL 5105774 (D.N.J. Nov. 3, 2021) ........................................................ *passim*

*Vitamin Energy, Inc. v. Evanston Ins. Co.*,
  2023 WL 5162178 (E.D. Pa. July 28, 2023), *adopted*, 2023 WL 6035678 (E.D. Pa.
  Aug. 9, 2023) .............................................................................................................16

*In re Worldcom, Inc. Sec. Litig.*,
  2004 WL 936320 (S.D.N.Y. May 3, 2004) ...................................................15, 16

*Zarrella v. Pac. Life Ins. Co.*,
  498 F. App'x 945 (11th Cir. 2012) ...............................................................9

## I.    <u>INTRODUCTION</u>

In their Opposition, Defendants openly admit that they seek to rely on evidence that, after April 1, 2022, they "contacted appropriate **legal counsel** and **followed that counsel's guidance** in making **proper disclosures**." Opp. at 11. Defendants' reliance on legal advice as a defense is further confirmed by Defendant Birchall's sworn testimony in the parallel SEC investigation, where he stated under oath that Defendants were "completely reliant on legal counsel" for the false April 4, 2022 Schedule 13G and testified about their ██████████████████████████████ At the same time, Defendants continue to shield from discovery many hundreds of communications with their legal counsel on the very same subject. These facts confirm beyond question that Defendants seek to use the privilege as both a sword and a shield—and that this is a live dispute that is ripe for adjudication.[1]

Defendants try to recast their reliance on counsel as mere reliance on "non-privileged facts." But this claim cannot be squared with their open reliance on legal advice or with controlling law. Even leaving aside Defendants' express invocation of "counsel's guidance," courts have repeatedly rejected Defendants' strategy of trying to reframe their defense as relying on "non-privileged facts." As these courts have held, it is fundamentally unfair to allow a defendant to proceed through discovery and trial "putting forth a defense that they acted in good faith in part as a result of relying on their attorney's advice, without having to reveal what was said, thus giving

---

[1] References to "Mot." or "Motion" are to Plaintiff's Memorandum Of Law In Support Of Its Motion To Require Defendants To Decide Whether They Will Rely On Counsel As An Affirmative Defense (ECF No. 173); "Ex. __" refers to exhibits to the Declaration Of Katherine M. Sinderson In Support Of Plaintiff's Motion To Require Defendants To Decide Whether They Will Rely On Counsel As An Affirmative Defense (ECF No. 178). "Opp." or "Opposition" refers to Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Require Defendants To Decide Whether They Will Rely On Counsel As An Affirmative Defense (ECF No. 183). "¶__" refers to paragraphs in Plaintiff's First Amended Complaint (ECF No. 99). Unless otherwise noted, all emphasis is added and citations are omitted.

a factfinder the impression that Defendants have followed this advice." *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2021 WL 5105774, at *10 (D.N.J. Nov. 3, 2021).

Defendants are also wrong to claim that Plaintiff "injected" counsel into this case such that Defendants are allowed to self-servingly curate a one-sided record. The Court sustained scienter allegations that Defendants ignored repeated pleas that they get legal advice before April 1, 2022 and filed a misleading Schedule 13G that signaled passivity. Defendants were free to defend those claims without invoking counsel; but they chose instead to build their "good faith" defense post-April 1 around retaining legal counsel and purportedly following "counsel's guidance." Having made that strategic choice, Defendants must accept the consequences. They may not present a "complete and accurate factual record" regarding their counsel's involvement while they continue to withhold hundreds of documents concerning the same legal advice they intend to rely on in their defense.

Defendants' effort to self-servingly select what facts they want to reveal—and what they will withhold—was on full display during Defendant Birchall's SEC deposition. There, Birchall's counsel (the same trial counsel here) allowed Birchall to testify as to ███████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████ Ex. 3 at 260:22-261:4 (excerpt). Birchall also was allowed to testify that he ████████████████████████████████████████████████████████████████████████—a well-accepted indicia of activist intent (which Birchall already knew was true). *Id.* at 261:22-263:23, 270:10- 270:24 (excerpts). However, Quinn Emanuel ***blocked*** Birchall from testifying about critical aspects of counsel's involvement in the misleading Schedule 13G filing, including

███████████████████████████████████████████████████████

███████ *See, e.g., id.* at 265:19-266:24. Here, Defendants should not be permitted to advance such a self-servingly one-sided record. If Defendants want to rely on counsel as a defense, then it gives rise to a waiver and Plaintiff must be able to explore the full record of that counsel's involvement in discovery. If Defendants choose not to rely on counsel, then they must be fully and finally precluded from advancing any facts concerning their counsel's involvement.

Defendants' election cannot wait. Without a clear decision, Plaintiff cannot plan depositions or test Defendants' "good faith" defense. Consistent with controlling law, the Court should require Defendants to unequivocally elect now: either forgo any reliance on counsel and be precluded from introducing such evidence, or elect to rely on counsel and produce the withheld communications. Plaintiff's Motion should be granted.

## II.    DEFENDANTS RELY ON PRIVILEGE AS BOTH SWORD AND SHIELD

### A.    Defendants Admit That They Intend To Rely On Their Purported Compliance With Their Counsel's "Guidance" As A Defense

Defendants openly admit that they intend to rely on evidence that they "contacted appropriate **legal counsel** and **followed that counsel's guidance in making proper disclosures**." Opp. at 11. This is an explicit invocation of an advice of counsel defense. *E.g., Ime Watchdog, Inc. v. Gelardi,* 2025 WL 2439242, at *3 (E.D.N.Y. Aug. 25, 2025) (litigants' claim to have "relied on our lawyer's guidance" was an "explicit" advice of counsel defense). Defendants' admission to this Court is consistent with Defendant Birchall's sworn testimony to the SEC that Defendants were "completely reliant on legal counsel" in filing the erroneous Schedule 13G and his statement under oath that ████████████████████████████████████████████████████ ███████. Ex. 2 at 158:15-158:16, 163:11-163:13 (excerpts). At the same time, Defendants are withholding hundreds of communications with their counsel on the very subject of their

disclosures. Exs. 7, 8; *see also* Mot. at 9-10.

The above facts confirm the fundamental problem here. Defendants want to continue withholding their communications with counsel but at the same time affirmatively rely on evidence that Defendants "followed th[eir] counsel's guidance" (Opp. at 11) to convince the jury of their purportedly innocent state of mind.[2] It is black letter law that such reliance waives the attorney-client privilege. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991); *see also Abromavage v. Deutsche Bank Sec. Inc.*, 2019 WL 6790513, at *3 (S.D.N.Y. Dec. 11, 2019) ("Asserting an advice-of-counsel defense . . . is a 'quintessential' at-issue waiver because good-faith reliance on privileged information is a required element of the defense."); *Gabriel Cap., L.P. v. Natwest Fin., Inc.*, 2001 WL 1132050, at *1 (S.D.N.Y. Sept. 21, 2001) ("In general, a broad subject matter waiver is found where a party raises an advice-of-counsel defense and seeks to rely upon privileged communications in a judicial setting.").

Relatedly, Defendants' admission that they intend to rely on "following . . . counsel's guidance" (Opp. at 11) also eviscerates their repeated claims that this dispute is somehow "moot" or "premature" (Opp. at 8). The opposite is true—Defendants' own brief confirms that this dispute is ripe for adjudication.

### B. Defendants' Self-Serving Distinction Between "Privileged" And "Non-Privileged" Legal Advice Is False And Irrelevant

Defendants protest that they want to rely on only "non-privileged facts about attorney-client relationships." *See* Opp. at 11, 12-15. Even leaving aside that this claim is contradicted by

---

[2] Defendants' September 5, 2025 responses to Plaintiff's interrogatories further confirm this improper strategy. For example, Defendants' responses ███████████████████████████ ███████████████████████████████████████████████████████████ ████████████████ ECF No. 184-2 at 13. Defendants cannot inject counsel's involvement to attack scienter while withholding documents concerning that same subject.

their admission that they will rely on legal advice and Birchall's sworn testimony that ██████ ███████████████ Defendants still cannot avoid waiver. The law provides that a party may waive privilege by relying on counsel either explicitly or implicitly. Here, by raising a "good faith" defense based on their counsel's involvement, Defendants have, at minimum, implicitly placed counsel's advice "at issue," which itself gives rise to waiver. *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014) ("Under *Bilzerian*, *Erie II* and their progeny, if (1) a defendant claims the defense of good faith, and (2) that claim can only be scrutinized by examining the disputed communications, then that defendant has waived the privilege."); *Deutsche Bank*, 2019 WL 6790513, at *3-4 ("express reliance is not necessary to trigger the waiver rule"); *Valeant*, 2021 WL 5105774, at *5 ("injection" of counsel's involvement "might be an overt statement" or "a party's actions may impliedly raise this issue"); *see also* Mot. at 14 (collecting cases).[3]

Given this well-established caselaw, Defendants' distinction between "privileged" and "non-privileged" legal advice is irrelevant. *See id.* at 19-20. Even non-privileged facts concerning legal counsel give rise to a waiver that entitles Plaintiff "to production of the communications that resulted in counsel's actions and [d]efendants' reliance." *See, e.g.*, *La. Mun. Police Emps. Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, 2017 WL 3037414, at *6 (D. Vt. Apr. 17, 2017) ("the Court will not allow Defendants to assert good faith reliance on advice of counsel unless they make the required disclosures," even though defendants' "reliance was based upon actions that were non-privileged").

Relatedly, Defendants claim they merely "seek to present the complete and accurate factual record." Opp. at 11-12. This is wrong. In truth, Defendants seek to introduce some facts that they

---

[3] *Compare with CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450, 473-74 & n.27 (S.D.N.Y. 2010) (Opp. at 11, 15) (defense limited to the "nature of the inquiry that U.S. Bank undertook"—unlike Defendants' reliance on "counsel's guidance" as to the "proper disclosures").

find helpful (*e.g.*, their retainer of counsel after April 1) while simultaneously ***blocking*** discovery into the full record of their counsel's involvement. For example, in both of Birchall's depositions in the SEC investigation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 3 at 260:22-261:4, 261:22-263:23, 269:24-270:24. However, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g., id.* at 265:19-266:24. Defendants used a strategy of selective disclosure and withholding on privilege grounds to tell their side of the story—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—which is exactly what Defendants seek to do here.[4]

Far from presenting a "complete and accurate" record (Opp. at 11), Defendants are trying to curate a misleading and partial factual record to blame their counsel for the misleading 13G—while shielding all the bad facts from discovery under the guise of privilege. By doing so, Defendants invite the Court to upend years of authority, including *Bilzerian* and its progeny, and to accept a position that would improperly incentivize litigants to similarly try to use privilege as

---

[4] Defendants have again refused to address that Quinn Emanuel and Alex Spiro (trial counsel of record here) were heavily involved in Defendants' disclosure decisions, including with respect to the misleading Schedule 13G. Their continued refusals to do so makes their "selective disclosure" strategy even more problematic.

both a sword and a shield. Plaintiff respectfully submits that Defendants' misguided invitation should be declined.

1.    **Defendants Fail To Address The Extensive Caselaw Supporting Plaintiff's Motion**

Defendants are unable to distinguish the authorities prohibiting Defendants' sword/shield strategy. Indeed, Defendants' attempts to distinguish *Valeant* only highlight the similarities between that key case and the facts here. For example, Defendants point out that, in *Valeant*, witnesses "repeatedly referenced the fact that they had received assistance of counsel" or information from counsel in depositions. Opp. at 16-17. Here, Defendant Birchall testified that Defendants were "completely reliant" on McDermott to prepare the misleading Schedule 13G. Defendants claim that the *Valeant* defendants argued that they acted in "good faith" because "they consulted counsel about disclosure decisions generally." *Id*. at 16. Here, Defendants have raised a "good faith" defense and openly admit they want to defend themselves by introducing evidence that Defendants "***followed th[eir] counsel's guidance in making proper disclosures***." *Id*. at 11. Defendants' arguments reinforce that *Valeant* is on all fours with the present case.

Defendants seek to distinguish *Scott,* 67 F. Supp. 3d 607, and *Bowne of New York City, Inc. v. AmBase Corp.,*150 F.R.D. 465 (S.D.N.Y. 1993), by claiming that Defendants here seek to present "factual testimony" that "involves no claim about legal knowledge or understanding." Opp. at 16. As explained immediately above, Defendants' attempt to create daylight between "privileged" and "non-privileged" involvement of counsel fails given that the law recognizes implicit waiver. In any event, Defendants admit that they intend to rely on counsel's "guidance" to defend their "good faith" (*id*. at 11), and "that claim can only be scrutinized by examining the disputed communications." *Scott*, 67 F. Supp. 3d at 614; *Bowne*, 150 F.R.D. at 488 ("The implicit point [of *Bilzerian*] was that even if a party does not attempt to make use of a privileged

communication, he may waive the privilege if he asserts a factual claim the truth of which can only be assessed by examination of a privileged communication.").

Notably, Defendants utterly fail to address *Deutsche Bank Sec. Inc.,* 2019 WL 6790513, at *3-4 (*cited at* Mot. at 14-16, 19), *S.E.C. v. Tourre,* 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013) (*cited at* Mot. at 19) ("the fact that lawyers saw and commented on disclosure language could be understood as 'blessing' the sufficiency of that disclosure"), or *Green Mountain Coffee Roasters, Inc.,* 2017 WL 3037414, at *6 (*cited at* Mot. at 14, 19), among others (*see, e.g.*, Mot. at 13-14 (collecting cases)). In these cases, courts grappled with the same issues present here and found waiver (or required defendants to withdraw their "good faith" defense). Defendants fail to respond at all to these numerous on-point authorities, confirming that they have no response.

### 2.    Defendants' Cases Support Plaintiff Or Are Inapposite

Defendants do not identify ***any*** relevant caselaw where a court has accepted their position. On the contrary, Defendants' authorities support Plaintiff—and undermine Defendants. For example, in *Nelson v. Sabre Companies*, *LLC* (*cited at* Opp. at 10), the defendant raised a "good faith" defense and claimed that it "will not raise attorney advice" as a defense. 2018 WL 4030533, at *4 (N.D.N.Y. July 9, 2018). The *Sabre* court found that "although [defendant] will not rely upon advice of counsel which would clearly implicate privileged communications, the legal advice it sought and/or received could demonstrate the falsity of its claim of good faith belief[,] which puts [defendant's] state of mind in issue." *Id.* Relying on *Bilzerian* and *Scott* (*cited at* Mot. at 13-14, 20), the court held that "in pleading an affirmative defense of good faith and having sought advice of counsel on the very issue on which it asserts its good faith, [defendant] has made its relevant attorney-client communications at issue and thereby waives its privilege." *Id.* (cleaned up). The same result is appropriate here.

Likewise, in *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.* (*cited at* Opp. at 15),

the court rejected the defendants' argument that "waiver should occur only when a party expressly asserts reliance on counsel as part of its defense or claim." 1996 WL 173138, at *3 (S.D.N.Y. Apr. 12, 1996). Instead, the *Bank Brussels* court correctly recognized that "[a] party does not have to use the phrase 'reliance on counsel' to put in issue attorney-client communications." *Id.* at *4. The *Bank Brussels* court held that "***[Plaintiff] is entitled to know the basis for the assertion of good faith.*** Failure to acknowledge ***during discovery*** that its position is based, in whole or in part, on attorney communications should result in [defendant] being precluded from maintaining its good faith defense." *Id.* at *4 n.1.[5]

Defendants also rely heavily on inapposite cases that ***did not involve a "good faith" defense***. In *In re County of Erie*, the "[p]etitioners d[id] not claim a good faith or state of mind defense" (546 F.3d 222, 230 (2d Cir. 2008))—unlike Defendants, who have repeatedly asserted a "good faith" defense to attack Plaintiff's sustained scienter allegations (ECF No. 61 at 25; ECF No. 128 at 50; Opp. at 13-14). Further, in *Erie*, "[n]othing in the record suggest[ed] that [p]etitioners . . . waived the privilege by an assertion of fact to influence the decisionmaker." 546 F.3d at 230. Here, Defendants explicitly intend to raise counsel's involvement and "guidance" to defend their purported "good faith" and scienter. Defendants' cases that do not concern any "good faith" defense have no bearing here.[6]

---

[5] *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A*, 258 F.R.D. 95 (S.D.N.Y. 2009) (*cited at* Opp. at 14) similarly ***supports*** Plaintiff's position that a party's engagement of counsel is not somehow immune from waiver under the sword/shield doctrine. *See id.* at 110 (plaintiff's allegations that defendants rejected potential legal action in bad faith led to "at issue" waiver for "all communications on the issue," including a defendant's "consent to engaging [counsel]") (citing *Bilzerian* and *Bowne*).

[6] *See, e.g.*, *Zarrella v. Pac. Life Ins. Co.,* 498 F. App'x 945, 950-51 (11th Cir. 2012) (*cited at* Opp. at 12) (no "good faith" defense at issue); *AngioDynamics, Inc. v. Biolitec, Inc.,* 2010 WL 11541926, at *4 (N.D.N.Y. May 25, 2010) (*cited at* Opp. at 14, 19) (same); *Trydel Rsch. Pty. Ltd. v. ITW Glob. Tire Repair, Inc.*, 2024 WL 3950213, at *9 (N.D. Ill. Aug. 27, 2024) (*cited at* Opp.

Defendants further rely heavily on cases that did not involve the "fundamentally unfair" prejudice that arises from Defendants "relying on their attorney's advice, without having to reveal what was said, ***thus giving a factfinder the impression that Defendants have followed this advice***." *Valeant*, 2021 WL 5105774, at *10. *See McKeen-Chaplin v. Provident Sav. Bank, FSB,* 2015 WL 502697, at *7-9 (E.D. Cal. Feb. 5, 2015) (*cited at* Opp. at 13) (no evidence as to what or how the counsel's knowledge or actions were relevant to the claim of waiver); *Harter v. CPS Sec. (USA), Inc.,* 2013 WL 3108947, at *7 (D. Nev. June 18, 2013) (*cited at* Opp. at 13) (finding that defendants put management consultant's advice "at issue" and thus "his advice is fully discoverable," but no waiver because "[d]efendants have not sought legal advice from [management consultant] in his capacity as a lawyer").[7] Defendants ignore Plaintiff's preemptive distinction of these cases in its Motion (Mot. at 14-15), confirming their position is meritless.

## C. Defendants Chose To Inject Their Reliance On Counsel Into This Action As Part Of Their Affirmative "Good Faith" Defense

Defendants repeatedly claim that Plaintiff injected their legal counsel into this case, forcing

---

at 10) (same); *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.,* 2002 WL 31729693, at *17 (S.D.N.Y. Dec. 5, 2002) (*cited at* Opp. at 10) (same); *Spencer-Smith v. Ehrlich,* 2024 WL 4416581, at *11 n.9 (S.D.N.Y. Oct. 4, 2024) (*cited at* Opp. at 14) (same); *In re Application for Subpoena to Kroll,* 224 F.R.D. 326, 328-29 (E.D.N.Y. 2004) (*cited at* Opp. at 14) (same); *Iglesias v. Guevara,* 2022 WL 22918617 (N.D. Ill. July 22, 2022) (*cited at* Opp. at 15) (same); *Bivins v. Rogers,* 2017 WL 1535110, at *4 (S.D. Fla. Apr. 27, 2017) (*cited at* Opp. at 10) (same and describing the case as "strikingly different" from *Bilzerian*); *Oakley, Inc. v. Bugaboos Eyewear Corp.*, 2010 WL 4117223, at *3 (S.D. Cal. Oct. 15, 2010) (*cited at* Opp. at 15) (defendant had merely stated an "intent to rely upon the advice of counsel" defense in a "proposed amended answer" that was not "operative").

[7] Defendants' other cases (Opp. at 11) fail for this same reason. *See 2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.,* 2016 WL 1060336, at *2-3 (S.D.N.Y. Mar. 11, 2016) ("plaintiff's claim that he was not on notice of actionable conduct by defendant until 2012 does not, on its face, have anything to do with attorney-client communications or legal advice"); *Patrick v. City of Chicago,* 154 F. Supp. 3d 705, 716 (N.D. Ill. 2015) ("[plaintiff] has not attempted to rely on any aspect of any conversation he ever had with [trial counsel]" and "is therefore not seeking to use the privilege simultaneously 'as a shield and a sword'") (citing *Bilzerian*, 926 F.2d at 1292).

them to rely on counsel in their "good faith" defense. Opp. at 9-12. This is incorrect. Plaintiff's Complaint highlights the fact that Defendants were repeatedly told to get legal advice on their disclosure obligations, but they **refused to do so** and lied about it. The Court credited these facts in sustaining the Complaint. ECF No. 118 at 35-36. It is **Defendants** (not Plaintiff) who chose to defend this case by asserting an affirmative good faith defense that relies on purportedly "follow[ing] th[eir] counsel's guidance in making proper disclosures." Opp. at 11.

Defendants were free to respond to Plaintiff's claims by arguing that they were innocent **without** invoking counsel. For example, Defendants could have contended that they made a mistake as to their disclosure requirements or argued that Defendants relied on Morgan Stanley's judgment as to the necessary legal disclosures (as they have done before). Instead, Defendants made "a conscious decision to inject advice of counsel as an issue in the litigation." *Valeant*, 2021 WL 5105774, at *5, *9 ("While this 'injection' might be an overt statement that a party intends to rely upon advice of counsel either in prosecuting or defending an action, a party's actions may impliedly raise this issue especially under circumstances where a state of mind (scienter, good faith) is an element of a claim or defense.").

Defendants argue that they should be able to correct "false allegations" about counsel's involvement in order to "prevent[] misleading inferences." Opp. at 12. This is nonsense. The record is clear that, leading up to and during the Class Period, Advisor A begged Birchall to seek legal counsel—and, in response, Birchall falsely assured Advisor A that counsel had blessed their scheme. *See, e.g.*, ¶119 (Advisor A wrote to Birchall: "[y]ou'll want to have your counsel confirm the reading of the rule"); ¶121 (Advisor A: "Have counsel confirm timing of filing"); ¶124 (Advisor A: "[Mr. Birchall] was simply very clear to me along the way in several conversations that he was talking to counsel"). Thus, the only false inference is the one that Defendants wish to

manufacture, namely, that legal counsel blessed their fraudulent scheme while they block discovery into the true facts regarding what their counsel communicated to Defendants.

### D. Defendants' Sworn SEC Testimony Implicates Waiver, But Defendants Can Choose To Forgo Any Reliance On Counsel In A Clear And Binding Election

Defendants claim that Plaintiff is relying on Birchall's sworn SEC testimony to force a waiver. Opp. at 17-19. Defendants are wrong and merely attack a strawman. Plaintiff is not arguing in this Motion that Birchall's testimony—that Defendants were "completely reliant on legal counsel" when they filed the false Schedule 13G disclosure on April 4—necessarily waives privilege. Mot. at 3-4, 22-23.[8] Rather, Plaintiff assumes that Birchall would testify in this Action consistent with his sworn testimony in the SEC proceeding. To assume otherwise means that Birchall perjured himself in the SEC proceeding or otherwise plans to commit perjury in this Action. But, as is clear from Plaintiff's Motion, the choice remains Defendants': they can forgo any reliance on counsel and preserve the privilege, or rely on counsel and waive the privilege. Plaintiff is not trying to force a waiver; it only seeks a clear decision by Defendants so that Plaintiff is able to obtain full and fair discovery into their defenses without having to return to this Court for multiple depositions of the same witnesses.

Thus, Defendants' authorities concerning waiver are irrelevant, and in any event, inapposite. *See* Opp. at 18-19. *John Doe Co. v. United States* is inapposite because "Doe has made its assertions [regarding his innocent state of mind] only to [the U.S. Attorney,] which is free to ignore them," and not to "the grand jury, much less by a petit jury or court adjudicating Doe's innocent state of mind." 350 F.3d 299, 303-06 (2d Cir. 2003) (explaining that the *Bilzerian* waiver "is premised on the *unfairness* to the adversary of *having to defend* against the privilege holder's

---

[8] Plaintiff reserves all rights, including with respect to any waiver arising from Defendants' past testimony or forthcoming testimony in this Action.

claim without access to pertinent privileged materials that might refute the claim"—just like here). In *Gardner v. Major Auto. Companies, Inc.*, unlike here, the defendants explicitly represented that their "defense here is that they did nothing wrong"—***not*** a good faith defense or a defense that they relied on counsel. 2014 WL 1330961, at *5 (E.D.N.Y. Mar. 31, 2014); *see* Section II.A, *supra.*[9]

In arguing that Birchall did not waive the privilege during his SEC testimony, Defendants claim that the SEC testimony was limited to "factual matters" and that Birchall relied on counsel for "technical filing" requirements. Opp. at 19. This is wrong. Defendants artfully redact the portions of Birchall's testimony where he testifies that ████████████████████████ ████████████████████████████████████████████████ ██████████ As noted above, Birchall repeatedly testified that he "was completely reliant on legal counsel" (McDermott) in filing the misleading 13G, ████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████ Ex. 2 at 158:15-158:16, 163:11-163:13; Ex. 3 at 260:22-261:21, 263:9-17; Mot. at 6-7. Birchall ████████████████████████████ ████████████████████, not just to meet the SEC's technical filing requirements.

Plaintiff has already addressed Defendants' remaining waiver arguments (Mot. at 22-23),

---

[9] Defendants' remaining cases fare no better. *See Sanofi-Synthelabo v. Apotex Inc*., 363 F. Supp. 2d 592, 594-95 (S.D.N.Y. 2005) (no waiver where testimony was "minimal, fleeting, and his words underscored his uncertainty," unlike Birchall's testimony that Defendants were "completely reliant on legal counsel"); *United States v. Wells Fargo Bank N.A.,* 2015 WL 3999074, at *3 (S.D.N.Y. June 30, 2015) (no waiver where employee who asserted advice of counsel defense was "several levels removed from Wells Fargo's executive management, and has no ability to force Wells Fargo to disclose privileged documents" and employee was attempting to use privileged communications to himself "defend himself individually," not to "exculpate" Wells Fargo); *AngioDynamics,* 2010 WL 11541926, at *6 (no waiver where testimony about privileged information was limited to the fact that defendant "settled the underlying actions based on the advice of counsel, a revelation that should surprise no one").

which do not improve through repetition. ***First***, Defendants argue that SEC testimony from Advisor A and Birchall cannot waive privilege, and that Defendants failed to attend Advisor A's SEC deposition. This is irrelevant. Here, Birchall's sworn SEC testimony that Defendants were "completely reliant on legal counsel" confirms the legitimacy of Plaintiff's concern that Defendants intend to rely on legal counsel. Any doubt is eliminated by Defendants' injection of an affirmative defense of "good faith" and their admission that they intend to rely on evidence that they "contacted appropriate ***legal counsel*** and ***followed that counsel's guidance*** in making ***proper disclosures***." Opp. at 11. These facts justify compelling Defendants to make a clear election with respect to any reliance on counsel or "good faith" defense. *See* Section II.A, *supra.*

***Second***, Defendants argue that Birchall did not explicitly assert an advice-of-counsel defense during his deposition, such that the underlying privileged communications between Defendants and their counsel are protected. Opp. at 9-10. But waiver still occurs where a defendant invokes "affirmative defenses that require showings of good faith" and the defendant puts its "reliance on advice of counsel" at issue. *Scott*, 67 F. Supp. 3d at 614-15; *see also* Section II.C, *supra*; Mot. at 13-14 (collecting cases).

## III.    DEFENDANTS MUST CLARIFY THEIR RELIANCE ON COUNSEL DEFENSE DURING DISCOVERY OR PLAINTIFF WILL BE PREJUDICED

As set forth in Plaintiff's Motion, the law is clear that Plaintiff is entitled to clarity on Defendants' reliance on counsel defense during fact discovery. Mot. at 23-26; *see e.g.*, *In re Buspirone Antitrust Litig.,* 208 F.R.D. 516, 522 (S.D.N.Y. 2002) (Gorenstein, J.) ("a party must disclose during the discovery period whether it intends to rely on factual assertions or corresponding defenses that would require a waiver of the attorney-client privilege"); *Wells Fargo*, 2015 WL 3999074, at *1 ("the burden is on the party who intends to rely at trial on a good faith defense to make a full disclosure during discovery and the failure to do so constitutes a waiver of

that defense."); *In re Residential Cap., LLC*, 491 B.R. 63, 68 (Bankr. S.D.N.Y. 2013) (similar); *In re Worldcom, Inc. Sec. Litig.*, 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004) (ordering election on advice of counsel "explicitly and unambiguously" where fact discovery closed in six weeks); *see also Valeant*, 2021 WL 5105774, at *5-7 (collecting cases).[10]

Defendants argue that Plaintiff's Motion amounts to a "premature" request for "advisory evidentiary rulings." Opp. at 20. Not so. Here, an immediate election is necessary in light of the imminent depositions of Defendant Musk, Defendant Birchall, and Advisor A, as well as Defendants', McDermott's, and Quinn Emanuel's withholding of hundreds of documents and information concerning counsel's involvement. *Buspirone*, 208 F.R.D. at 522-24 (ordering clear election with respect to "good faith" and reliance on counsel defenses where "thousands of pages of documents" had been withheld as privileged and plaintiffs "should not be required to conduct this discovery in a one-month period"). Such an election is also necessary because Defendants have already "given a number of indications" that they "intend[] to rely on such factual assertions or defenses" that may "require a waiver of the attorney-client privilege" because of "issues [Defendants] raised in response" to Plaintiff's Motion and their "assertion of certain defenses in one of its Answers." *Id.* at 522; *see also* Section II.A, *supra*.

Accordingly, the time is ripe for Defendants to decide: rely on counsel's involvement and advice as part of their "good faith" defense and waive privilege, or disavow any reliance on the involvement, blessing, or advice of counsel. Absent a waiver, Defendants must be precluded from

---

[10] Defendants claim *Buspirone, Residential Capital*, and *Worldcom* are distinguishable because "Defendants here have provided unambiguous clarity about their position." Opp. at 21. That is false. As their Opposition confirms, Defendants have not made ***any*** clear election with respect to the good faith and reliance on counsel defenses. In fact, Defendants concede that they will rely on "the fact that advice was ***sought***" as part of their defense, including that "on April 1st, Defendants ***immediately*** contacted appropriate legal counsel and ***followed that counsel's guidance in making proper disclosures***." *See* Opp. at 2, 11.

introducing any testimony, argument, or evidence concerning counsel's involvement in drafting and approving the 13G, 13D, or any other disclosures, the Parties must redact attorney names from trial exhibits, and any references creating the inference of a legal blessing must be barred. *See, e.g.*, *Vitamin Energy, Inc. v. Evanston Ins. Co.*, 2023 WL 5162178, at \*3 (E.D. Pa. July 28, 2023), *adopted,* 2023 WL 6035678 (E.D. Pa. Aug. 9, 2023) ("the court may fashion remedies to prevent surprise and unfairness to the party seeking discovery such as where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged"); *see also* Mot. at 2, 16-17.

If Defendants have their way, they could inject their reliance on counsel and "good faith" defenses into the litigation at any time—including during the middle of key depositions, at summary judgment, or immediately prior to trial—which would severely prejudice Plaintiff by depriving it of the ability to discover the relevant facts. *See* Mot. at 27; *see also, e.g.*, *Worldcom*, 2004 WL 936320, at \*1 (plaintiff would "redepose any witness" absent firm election by defendants). Defendants ignore that Plaintiff ***cannot*** "explore" or "conduct meaningful discovery" (Opp. at 21) through depositions—especially of counsel from Quinn Emanuel and McDermott— with less than one month until the close of discovery and without knowing the parameters of Defendants' "good faith" defenses.[11]

In response, Defendants argue that Plaintiff is forcing Defendants to waive privilege and submit to a "gag order." Opp. at 22. But it is Defendants who have placed themselves in this position through their litigation strategy of relying on their counsel's involvement and legal advice

---

[11] Defendants again make much of the fact that *Arista Records* was decided on a motion *in limine*. Opp. at 20. But as Plaintiff underscored in its opening brief, *Arista Records* affirms that "a party who intends to rely at trial on a good faith defense must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense." *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1642434, at \*2 (S.D.N.Y. Apr. 20, 2011).

to show an innocent state of mind (Opp. at 2, 11) and "reserv[ing] all rights with regard to the presentation of evidence at summary judgment and trial" (ECF No. 174-11 at 1). Defendants cannot have it both ways—they must make a clear and binding decision during discovery.

## IV.    **<u>CONCLUSION</u>**

For the foregoing reasons and those in the Motion, Plaintiff respectfully requests that the Court grant Plaintiff's requested relief. If Defendants elect to rely on counsel's involvement and "guidance," Plaintiff respectfully submits that Defendants will have waived any privilege.

Dated: September 26, 2025

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano
Katherine M. Sinderson
Jeremy P. Robinson
Jonathan G. D'Errico
Emily A. Tu
Rebecca S. Temkin
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
katie@blbglaw.com
jeremy@blbglaw.com
jonathan.derrico@blbglaw.com
emily.tu@blbglaw.com
rebecca.temkin@blbglaw.com

*Counsel for Lead Plaintiff Oklahoma*
*Firefighters Pension and Retirement System*
*and the Class*

**BISHOP PARTNOY LLP**

Frank I. Partnoy
1717 K Street, NW Suite 900
Washington, DC 20006
Telephone: (202) 787-5769
frank@bishoppartnoy.com

*Additional Counsel for Lead Plaintiff*
*Oklahoma Firefighters Pension and*
*Retirement System and the Class*