UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

OKLAHOMA FIREFIGHTERS PENSION
AND RETIREMENT SYSTEM                     :

                                          :    ORDER
            Plaintiff,
                                          :    22 Civ. 3026 (ALC) (GWG)
    -v.-
                                          :

ELON R. MUSK, et al.,                     :

                                          :
            Defendants.
----------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

    Defendants' filings repeatedly assert that they do not intend to rely on any advice of counsel in their defense of this matter. However, at one point in their brief, they make a contrary assertion: namely, that they intend to offer evidence that they "followed counsel's guidance in making proper disclosures." Defendants' Memorandum of Law, filed Sept. 19, 2025 (Docket # 183), at 11.[1] Defendants are directed to explain this discrepancy.

    Even if defendants were to withdraw their assertion that they intend to offer evidence that they "followed counsel's guidance," a second issue still needs to be dealt with. Defendants' filings to date do not make clear whether or not they intend to offer evidence or argue that they had a good faith belief in the lawfulness of their actions (or omissions) in the period after they consulted counsel.

    The Court notes that resolving now whether defendants intend to assert their good faith belief in the lawfulness of their actions (or omissions) after they consulted counsel is of critical importance because, as was made in clear in United States v. Bilzerian, 926 F.2d 1285, 1291-92 (2d Cir. 1991), forfeiture of attorney-client privilege may result where a party asserts a good faith belief in the lawfulness of its actions even where that party does not intend to assert that it relied on counsel's advice. See Abromavage v. Deutsche Bank Securities Inc., 2019 WL 6790513, at *3 (S.D.N.Y. Dec. 11, 2019) ("a defendant invoking his good faith may place his privileged communications at issue even if he does not specifically plead or argue that he relied on an attorney's advice"); Favors v. Cuomo, 285 F.R.D. 187, 199 (E.D.N.Y. 2012) ("[C]ourts within this Circuit, relying on Bilzerian, have reaffirmed the broader principle that forfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice") (citations omitted).

    Defendants are directed to set forth their position on these two matters by means of a letter filed on ECF on or before October 10, 2025.

---

[1] This statement contradicts a statement later in their brief: that defendants "do not intend to argue that counsel did or did not advise filing a Schedule 13G." Id. at 13.

SO ORDERED.

Dated: October 7, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge