```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
OKLAHOMA FIREFIGHTERS PENSION
AND RETIREMENT SYSTEM                           :
                                                :    ORDER
                    Plaintiff,
                                                :    22 Civ. 3026 (ALC) (GWG)
        -v.-
                                                :

ELON R. MUSK, et al.,                           :

                                                :
                    Defendants.
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      With regard to the sealing applications contained in Docket ## 176 and 187, paragraph 2.E of the Court's Individual Practices states where a sealing application has been made solely because of a party's designation under a confidentiality order, the opposing party "has the obligation to make [a] written application to the Court justifying the proposed sealing and shall make the application within 7 days of the filing." While defendants made an application seeking to seal their own filings, Docket # 181, it does not appear defendants made an application addressing the filings that are the subject of Docket ## 176 and 187.

      Notwithstanding this omission, the Court will not at this time order the unsealing of the materials that are the subject of Docket # 176 and 187, because plaintiff was required by paragraph 2.E to inform defendants in its own letter that they had "an obligation to file a motion to seal within 7 days." Docket ## 176 and 187 do not contain this statement, however. Accordingly, if defendants seek to maintain the items under seal listed in Docket ## 176 and 187, they are permitted to file an application on or before October 16, 2025, seeking to seal those items.

      With respect to defendants' application in Docket # 181, consistent with its previous Order in this case (Docket # 95), the Court will permit the redaction of the names of the two non-parties in an effort to protect their privacy at this stage of the case. As for the request to seal the cited transcript of testimony, defendants appear to assert that they seek sealing only because they interpret the confidentiality order in this case (Docket # 60) as requiring the sealing of any materials that are the subject of a confidentiality order in another case. This rationale is insufficient, however, because the fact "that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." Doe v. U.S. Immigr. & Customs Enf't, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021); accord Nielson Consumer LLC v. Circana Grp., L.P., 2024 WL 964598, at *1 (S.D.N.Y. Mar. 6, 2024) ("[t]he fact that the information was designated by the parties in discovery as confidential under a protective order or was produced pursuant to a protective order has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access"). Still, the fact that the transcript was produced

subject to a confidentiality order (or, as defendants put it, a "protective order") in <u>another</u> case as opposed to the instant case may arguably affect how the Court proceeds. There are potential arguments that a party to this case should make an application to the other court for relief from that court's confidentiality order or seek to obtain permission from the affected parties to that action. Arguably, this Court could require that notice of the proposed unsealing be given to the court or the affected parties in the other case. On the other hand, the confidentiality order in that case may have created no expectation of continued sealing.

Defendants are directed to address this issue as well as any other arguments they have to support sealing the transcript in a supplementary letter filed on or before October 16, 2025. This letter should also provide full factual details about how the transcript came to be the subject of a confidentiality or protective order in the other case, attach a copy of the confidentiality or protective order, and state whether any efforts have been made to seek unsealing in the other case or to contact the affected party or parties in that case for their position (and whether there are any impediments to doing so now).

Plaintiff may respond within 3 business days of the filing of defendants' letters.

SO ORDERED.

Dated: October 9, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge