# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,<br><br>                    Plaintiff,<br><br>          v.<br><br>ELON R. MUSK and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>                    Defendants. | No. 1:22-cv-03026-ALC-GWG |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34 and the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants Elon R. Musk and Elon Musk Revocable Trust Dated July 22, 2003 (the "Trust," and together with Mr. Musk, "Defendants"), by and through their undersigned counsel, request that Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff") produce for inspection and copying the documents and other tangible things described in the requests set forth herein (the "Requests," and each individual request, a "Request") at the offices of Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, within thirty (30) days of service hereof in accordance with the Definitions and Instructions set forth below. The Requests are made without prejudice to, or waiver of, any other discovery.

**DEFINITIONS**

The words and phrases set forth below have the following meanings when used in the Requests.

1.      "Action" means the above-captioned case, *Oklahoma Firefighters Pension & Retirement Sys. v. Elon R. Musk and Elon Musk Revocable Trust Dated July 22, 2003*, Case

1

No. 1:22-cv-03062-ALC-GWG.

2. "Class Period" means the dates beginning and including March 25, 2022, and ending and including April 4, 2022.

3. "Communication" has the same definition as in Local Rule 26.3(a)(c)(1).

4. "Complaint" means the complaint filed in this Action on November 21, 2022 (ECF No. 33).

5. "Concerning" has the same meaning as in Local Rule 26.3(c)(7).

6. "Defendants" means Elon R. Musk and the Elon Musk Revocable Trust Dated July 22, 2003.

7. "Document" has the same meaning as in Local Rule 26.3(c)(2).

8. "Person" has the same meaning as in Local Rule 26.3(c)(6).

9. "Plaintiff," "You," or "Your" means the Oklahoma Firefighters Pension & Retirement System, including but not limited to any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates (including any organization or entity that the responding plaintiff manages or controls, or special-purpose entities established by the plaintiff or an affiliate thereof), together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

10. "Trust" means the Elon Musk Revocable Trust Dated July 22, 2003, and all of its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of the Trust.

11. "X" or "Twitter" means X, formerly known as Twitter, Inc.

12. All words not defined in these Definitions or in Local Civil Rule 26.3(c) shall be

construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

13. These Definitions are provided only for purposes of discovery, in conformance with Rule 34(a) of the Federal Rules of Civil Procedure, and are not intended to be used for any purpose other than discovery. Defendant reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## INSTRUCTIONS

1. "Including" shall be construed to include the phrase "but not limited to."

2. The use of a verb in any tense shall be construed to be in the tense necessary to bring within the scope of a Request all responses that might otherwise be construed as outside its scope.

3. In responding to these Requests, You must produce all responsive documents (including those stored electronically) that are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, or employees.

4. If You withhold any Document from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, You shall describe in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure the claim being asserted and a description of the information withheld in a manner that will allow assessment of the applicability of the claimed privilege or immunity. Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion

3

purportedly privileged. The parties shall meet and confer in good faith regarding the scope, format, and exchange of privilege logs.

5. The obligation to provide the information sought by these Requests for Production is continuing as required by Rule 26(e) of the Federal Rules of Civil Procedure.

6. Each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

7. Unless otherwise indicated, these Requests seek Documents and Communications concerning the time period beginning January 1, 2022 through April 30, 2022.

8. If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Rule 34 of the Federal Rules of Civil Procedure. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with Rule 34.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, without regard to time period, that You received, possessed, reviewed, or considered in any fashion in connection with Your investments in Twitter securities, including but not limited to analyst reports, SEC filings (including Schedules 13D or 13G), news articles, web searches, and any other sources of information.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents upon which You intend to rely to demonstrate Mr. Musk's alleged actual knowledge of any misrepresentations and omissions of material fact set forth in the Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and any Defendant, or any representative of any Defendant, and all Documents memorializing, recording, or otherwise concerning such Communications.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and Twitter, or any representative of Twitter, and all Documents memorializing, recording, or otherwise concerning such Communications.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Your transactions in any Twitter security, or concerning transactions in any Twitter security executed on Your behalf, or at Your direction.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning any transactions You considered, but did not execute or enter into, in any Twitter security.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show, for each transaction in any Twitter security by You, on Your behalf, or at Your direction, (a) the transaction date; (b) the number of securities purchased or sold; (c) the price per security at which the transaction occurred; (d) the total amount of money You paid or received; (e) any fees or commissions charged, incurred or paid; and (f) Your gains and losses, whether recognized or not.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, without regard to time period, concerning the allegations in the Complaint, including (a) all Documents concerning the sources of such allegations; (b) all Documents that support, refute or otherwise relate to such allegations; (c) all Documents that You considered or relied upon in preparing the Complaint; and (d) all Documents concerning the Class Action Allegations.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications quoted, described, or referenced in the Complaint, without regard to time period.

**REQUEST FOR PRODUCTION NO. 10:**

Any agreements between You and Your counsel in this action under which Your counsel monitors your portfolio for potential claims, or any other agreements between You and Your counsel that pre-date the filing of the Action.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and communications concerning any research, diligence, investigation, or other analysis by You, on Your behalf, or at Your direction, concerning Twitter, including but not limited to internal investment memoranda, spreadsheets, and analysis relating to the risks and potential returns of investing in any Twitter securities and the reasons for entering into, or not entering into, transactions in Twitter securities.

**REQUEST FOR PRODUCTION NO. 12:**

All non-privileged Communications, without regard to time period, concerning serving as a named plaintiff or lead plaintiff in the Action.

**REQUEST FOR PRODUCTION NO. 13:**

Your organization Documents, including but not limited to certificates of formation, articles of incorporation, by-laws, and charters, and those of any affiliated entities that played any role in Your investment in Twitter.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all of Your employees or other affiliated individuals with any role in Your investment in Twitter, including but not limited to decisions to buy, hold, or sell Twitter securities.

**REQUEST FOR PRODUCTION NO. 15:**

All management agreements or other contracts between You and any Person responsible for managing or supervising any account that holds, held, or transacted in Twitter securities.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify all Persons who advised You concerning Your investments in Twitter securities, including investment advisors and broker-dealers.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning Plaintiff's investment guidelines, including all policies, procedures, practices, rules, goals or criteria relating to Plaintiff's investments, including Documents concerning investment objectives, risk tolerance, and prohibited investments.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning Your actual reliance on the alleged open, efficient, and well-developed market to purchase Twitter securities.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents that support, evidence, or otherwise concern Your actual reliance on any of Defendants' alleged misrepresentations or omissions.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents, without regard to time period, concerning members of the putative class that You seek to represent in this Action, including, without limitation, documents concerning the identity of any such members and any Communications with any such members.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents, without regard to time period, concerning any Communications concerning this Action or any allegation in, or the subject matter of, the Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

All non-privileged Documents, without regard to time period, concerning Your decision to retain counsel in this Action, and serve as a named plaintiff, lead plaintiff, and/or class representative, including (a) all Documents concerning the payment or amount of costs, legal fees, disbursements, or other expenses expected or anticipated to be incurred by You in connection with the Action, including all documents concerning any oral or written agreement, understanding or arrangement concerning the payment or sharing of any such costs, fees, expenses or disbursements; and (b) all Documents concerning Your decision to retain counsel and the nature of legal services agreed, anticipated, or expected to be provided by Your counsel in connection with this Action, such as any engagement letters, retainer agreements, or other similar documents.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show all class actions in which You have been, are, or seek or sought to be, a named plaintiff or class representative.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents, without regard to time period, concerning the alleged amount of loss or damage suffered by You by reason of the allegations in the Complaint, including, without limitation, any documents concerning Your calculation of alleged damages.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications with, and Documents received from, any government or regulatory agency related to Twitter, Elon Musk, or the Trust.

**REQUEST FOR PRODUCTION NO. 26:**

All affidavits, transcripts of testimony, declarations, or statements made by You or on Your behalf in any lawsuit, arbitration, administrative proceeding or any other legal proceeding or action in which You participated or attempted to participate, without regard to time period.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning Defendants' ownership in Twitter and/or decision to acquire shares in Twitter or Twitter, including any Documents or Communications related to the impact of Defendants' purchases of or ownership of Twitter upon any of Plaintiff's investments.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications that show when, and in what amount, Plaintiff would have sold shares in Twitter had Musk disclosed his position in Twitter between March 14, 2022 and April 3, 2022.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning Twitter or X, including but not limited to any Communications with Twitter or any representative of Twitter.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning Elon Musk, including but not limited to any Communications with Mr. Musk or any representative of Mr. Musk.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning the Trust, including but not limited to any Communications with the Trust or any representative of the Trust.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications considered or relied upon in preparing Your answers to Defendants' First Set of Interrogatories.

DATED: New York, New York
February 13, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

<u>/s/ Jesse Bernstein</u>
Alex Spiro
Jesse Bernstein
Jacob J. Waldman
Rachel G. Frank
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for Defendants Elon R. Musk and the Elon Musk Revocable Trust Dated July 22, 2003*