**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, <br><br> Plaintiff, <br><br> v. <br><br> ELON R. MUSK, ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, AND JARED BIRCHALL, <br><br> Defendants. | No. 1:22-cv-03026-ALC-GWG |

**JOINT STIPULATION AND ORDER**
**REGARDING REVISED SCHEDULE**

Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff") and Defendants Elon R. Musk, the Elon Musk Revocable Trust dated July 22, 2003, Excession LLC, and Jared Birchall ("Defendants" and, together with Lead Plaintiff, the "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree as follows:

**WHEREAS**, on June 5, 2024, Magistrate Judge Gorenstein entered a scheduling order, which had been agreed by the Parties, that adjourned the previously entered deadlines "until the Court rules on Defendants' motion to dismiss" and ordered the Parties to "submit a proposed revised schedule within 7 calendar days of the Court's ruling on Defendants' motion to dismiss" (ECF No. 103);

**WHEREAS**, on March 28, 2025, this Court entered its decision granting, in part, and denying, in part, Defendants' Motion to Dismiss (ECF No. 118);

**WHEREAS**, on April 4, 2025, the Parties agreed to a joint stipulation and order revising the case schedule (ECF No. 119);

1

**WHEREAS**, in its April 4, 2025 Order, the Court adopted the briefing schedule proposed by the Parties (ECF No. 120);

**WHEREAS**, in its June 9, 2025 Order, the Court adopted the briefing schedule proposed by the Parties (ECF No. 137);

**WHEREAS**, on August 21, 2025, the Parties agreed to a joint stipulation and order revising the case schedule (ECF No. 158);

**WHEREAS**, in its August 21, 2025 Order, the Court adopted the briefing schedule proposed by the Parties (ECF No. 160);

**WHEREAS**, on November 12, 2025, the Parties agreed to a joint stipulation and order revising the case schedule (ECF No. 219);

**WHEREAS**, in its November 12, 2025 Order, the Court adopted the briefing schedule proposed by the Parties (ECF No. 220);

**WHEREAS**, on January 22, 2026, the Parties agreed to a joint stipulation and order revising the case schedule (ECF No. 239);

**WHEREAS**, in its January 23, 2026 Order, the Court adopted the briefing schedule proposed by the Parties (ECF No. 240);

**WHEREAS**, on May 6, 2026, the Parties agreed to a joint stipulation and order revising the case schedule (ECF No. 242);

**WHEREAS**, in its May 6, 2026 Order, the Court adopted the briefing schedule proposed by the Parties (ECF No. 243);

**WHEREAS**, on June 12, 2026, the Parties filed a joint stipulation advising the Court that entry of a revised schedule would be necessary due to the unavailability of one of Plaintiff's experts

for deposition within the expert discovery period due to a stated medical emergency (ECF No. 245);

**WHEREAS**, on June 15, 2026, the Court entered an order suspending deadlines pending the scheduling of the deposition of Plaintiff's expert and directing the parties to submit a proposed revised schedule (ECF No. 246);

**WHEREAS**, on June 15, 2026, the Parties agreed to a joint stipulation and order revising the case schedule, and that the deposition of Plaintiff's expert would be conducted on June 26, 2026, and Defendants noticed the deposition for that date (ECF No. 247);

**WHEREAS**, on June 15, 2026, the Court adopted the briefing schedule proposed by the Parties (ECF No. 248);

**WHEREAS**, on June 26, 2026, the deposition of Plaintiff's expert started at 8:30 a.m. in the New York offices of Defendants' counsel, the deposition proceeded for 74 minutes on the record, and, at 11:45 a.m., following a one-hour and thirty-five-minute break, plaintiff's counsel suspended the deposition because the witness was unable to continue due to her medical condition;

**WHEREAS**, the Parties agreed, at Plaintiff's request as an accommodation of the witness's stated medical condition, to complete the deposition remotely via Zoom on July 13, 2026, continuing day to day until completed;

**WHEREAS**, the Parties agreed that the deposition would be subject to additional terms as detailed in the stipulated order entered by the Court on July 1, 2026 [ECF No. 250];

**WHEREAS**, on July 13, 2026, the deposition of Plaintiff's expert started at 9:00 a.m. and proceeded for 4 hours and 46 minutes on the record;

**WHEREAS**, at the conclusion of the sixth break, Plaintiff's counsel suspended the deposition, stating that the witness was unable to continue due to the expert witness's medical condition;

**WHEREAS**, Defendants' counsel informed Plaintiff's counsel that Defendants were prepared to close the record without further examination, but Plaintiff's counsel responded that they intended to conduct cross-examination, and therefore cross-examination and re-direct must first be completed before concluding the deposition;

**WHEREAS**, the Parties therefore agreed to continue the deposition remotely on July 16, 2026, pursuant to the terms of the stipulated order [ECF No. 250];

**WHEREAS**, the deposition concluded and the record was closed on July 16, 2026;

**WHEREAS**, this is the Parties' eighth overall request for an adjustment to the schedule and their sixth request for an extension of the schedule related to discovery;

**THEREFORE**, as hereby stipulated and agreed by and between the undersigned counsel for the Parties:

The Parties respectfully request that this Court enter the following schedule:

| Event | Deadline |
| --- | --- |
| Fact Discovery Cutoff | March 27, 2026 |
| Opening Expert Reports | April 17, 2026 |
| Opposing Expert Reports | May 22, 2026 |
| Completion of Expert Deposition | July 16, 2026 |
| Expert Discovery Cut-off | July 16, 2026 |
| Letters to Judge Carter seeking permission to file summary judgment and *Daubert* motions | August 6, 2026 |

4

| Event | Deadline |
|---|---|
| Joint Pre-Trial Order as set forth in section 4.A of Judge Carter's Individual Practices | 30 days after the Court's decision on any summary judgment motions. |
| Pre-trial filings required by section 4.B of Judge Carter's Individual Practices | 21 days before trial. |

All electronic signatures ("/s/") are signed with consent of counsel pursuant to Rule 8.5 of this Court's Electronic Case Filing Rules and Instructions updated as of February 2, 2026.

**IT IS SO STIPULATED.**

Dated: 07/16/2026

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

/s/ Katherine M. Sinderson
Salvatore J. Graziano
Katherine M. Sinderson
Jeremy P. Robinson
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
katie@blbglaw.com
jeremy@blbglaw.com

*Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System*

Alex Spiro
Sarah Heaton Concannon
Jesse Bernstein
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
sarahconcannon@quinnemanuel.com
jessebernstein@quinnemanuel.com

*Counsel for Defendants Elon R. Musk, the Elon Musk Revocable Trust dated July 22, 2003, Excession LLC, and Jared Birchall*

Dated: _____July 17_____, 2026

_____
HON. GABRIEL W. GORENSTEIN

UNITED STATES MAGISTRATE JUDGE

5